# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>VUUZLE MEDIA CORP., RONALD SHANE FLYNN, and RICHARD MARCHITTO,<br><br>       Defendants. | Civil Action No. 2:21-cv-01226 (KSH-CLW)<br><br><br><br>Return Date: April 19, 2021 |

---

## BRIEF IN SUPPORT OF MOTION BY DEFENDANT RICHARD MARCHITTO TO DISMISS PLAINTIFF'S COMPLAINT

---

Jay V. Surgent, Esq. - Attorney ID #009631976
WEINER LAW GROUP LLP
629 Parsippany Road
P.O. Box 438
Parsippany, N.J. 07054-0438
Phone: (973) 403-1100/Fax: (973) 403-0010
Email: jsurgent@weiner.law
Attorneys for Defendant Richard Marchitto
Our File No.: 23844

Of Counsel:
  Jay V. Surgent, Esq., jsurgent@weiner.law

On the Brief:
  Donald A. Klein, Esq., dklein@weiner.law

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................. i

TABLE OF AUTHORITIES.......................................................... ii

PRELIMINARY STATEMENT ...................................................... 1

PROCEDURAL HISTORY ........................................................... 2

ARGUMENT ........................................................................... 3

POINT I ................................................................................ 3

THE SEC HAS THE BURDEN OF PROOF AND MUST SATISFY A
HEIGHTENED PLEADING STANDARD IN THIS SECURITIES
FRAUD ACTION. ................................................................. 3

POINT II............................................................................... 5

AIDING AND ABETTING A VIOLATION OF THE SECURITIES
LAWS REQUIRES ACTUAL KNOWLEDGE OF THE PRIMARY
VIOLATION. ....................................................................... 5

POINT III ............................................................................. 15

THE SEC CANNOT PLEAD IN THE ALTERNATIVE WHERE ONE
OF THE ALTERNATIVES IS INSUFFICIENT AS A MATTER OF
LAW. ................................................................................ 15

POINT IV ............................................................................. 17

PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED. ............... 17

CONCLUSION ....................................................................... 18

# TABLE OF AUTHORITIES

**Page**

**Cases**

Afremov v. Jarayan,
  2012 WL 1049739 (D. Minn. March 28, 2012) .................................................. 15

Ashcroft v. Iqbal,
  556 U.S. 662 (2009).............................................................................................. 4

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007).............................................................................................. 4

Carmack v. Amaya, Inc.,
  258 F.Supp.3d 454 (D.N.J. 2017) ....................................................................... 4

Fezzani v. Bear, Stearns & Co., Inc.,
  2005 WL 5000377 (S.D.N.Y. March 2, 2005) .................................................. 16

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009)................................................................................. 4

In re Amaranth Natural Gas Commodities Litigation,
  730 F.3d 170 (2d Cir. 2013)............................................................................... 12

In re National Smelting of New Jersey, Inc. Bondholders'
  Litigation,
  722 F.Supp. 152 (D.N.J. 1989) ........................................................................... 6

Laven v. Flanagan,
  695 F.Supp. 800 (D.N.J. 1988) ........................................................................... 6

Monsen v. Consolidated Dressed Beef Co.,
  579 F.2d 793 (3d Cir. 1978)........................................................................... 5, 12

OFI Asset Management v. Cooper Tire & Rubber,
  834 F.3d 481 (3d Cir. 2016)................................................................................. 4

Phillips v. County of Allegheny,
  515 F.3d 224 (3d Cir. 2008)................................................................................. 4

ii

SEC v. Apuzzo,
    689 F.3d 204 (2d Cir. 2012)........................................................................... 13

SEC v. Fehn,
    97 F.3d 1276 (9th Cir. 1996) ........................................................................ 8

SEC v. Johnson,
    530 F.Supp.2d 325 (D.C. Cir. 2008)............................................................. 8

SEC v. Kearns,
    691 F.Supp.2d 601 (D.N.J. 2010) ................................................................ 7

SEC v. KPMG LLP,
    412 F.Supp.2d 349 (S.D.N.Y. 2006) .................................................. 8, 9, 11

SEC v. Lek Securities Corporation,
    276 F.Supp.3d 49 (S.D.N.Y. 2017) .................................................... 11, 12

SEC v. Lucent Technologies,
    610 F.Supp.2d 342 (D.N.J. 2009) ...................................................... 7, 9, 10

SEC v. Mattessich,
    407 F.Supp.3d 264 (S.D.N.Y. 2019) ......................................................... 12

SEC v. Pasternak,
    561 F.Supp.2d 459 (2008) ............................................................... 3, 7, 8

SEC v. Sugarman,
    2020 WL 5819848 (S.D.N.Y. 2020)..................................................... 10, 12

Walck v. American Stock Exchange,
    687 F.2d 778 (3d Cir. 1982)........................................................................ 5

Zamanyan v. Northland Group, Inc.,
    2012 WL 2756644 (C.D. Cal. July 9, 2012)............................................. 16

**Constitutional Provisions**

15 U.S.C. §78t ............................................................................................. 10

15 U.S.C. §78t(e) ..................................................................................... 6, 10

15 U.S.C. §78u-4(b)(2)............................................................................... 5

15 <u>U.S.C.</u> §78u-4(f)(10)(A).............................................................................. 8

Dodd-Frank Wall Street Reform and Consumer
   Protection Act,
   Pub. L. No. 111-203, Title VII, §9290, 124 Stat. 1761,
   1862, 1865 (2010)................................................................................passim

Private Securities Litigation Reform Act of 1995...........................................passim

**Court Rules and Regulations**

Rule 8(d)(2) ............................................................................................. 1, 15

Rule 10b-5 ............................................................................................... 1, 2

Rule 11(b) .................................................................................................. 17

Rule 11(b)(2) ....................................................................................... 2, 15, 17

Rule 11(b)(3) .............................................................................................. 15

Rule 12(b)(6) ............................................................................................... 3

**Statutes**

Wright & Miller, 5 <u>Federal Practice & Procedure Civil</u>
   §1282 (3d ed) .......................................................................................... 15

iv

## PRELIMINARY STATEMENT

This is a civil action by the U.S. Securities and Exchange Commission {"SEC") alleging (i) that Vuuzle Media Corp. ("Vuuzle") and Ronald Shane Flynn ("Flynn") violated, "with scienter", Section 10(b) of the Exchange Act, Rule 10b-5, and Section 17(a) of the Securities Act and (ii) that defendant Richard Marchitto ("Marchitto) knowingly or recklessly aided and abetted such defendants.

The SEC has the burden of proof and must satisfy the heightened pleading rules applicable in securities fraud cases. It must state with particularity facts giving rise to a strong inference that defendant Marchitto acted with the required state of mind – including knowledge of the primary violation. Instead, the Complaint alleges that Marchitto knew or was reckless in not knowing that the primary defendants were violating the securities laws.

To establish a claim of aiding and abetting in the Third Circuit, the SEC must prove each of the following elements: (i) the existence of a primary violation, (ii) that Marchitto had knowledge of the primary violation, and (iii) that Marchitto knowingly or recklessly provided substantial assistance to the primary defendants. The SEC cannot cure the deficiencies of its allegations as to Marchitto's actual knowledge of the primary violation by pleading, in the alternative, recklessness in not knowing of the primary violation.

While Federal Rule of Civil Procedure 8(d)(2) permits pleading in the

1

alternative, the <u>Rule</u> must be read in conjunction with <u>Federal Rule of Civil Procedure</u> 11(b)(2), which requires that a plaintiff's legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. That is not the case here, as the SEC has pleaded, in the alternative, allegations of reckless conduct by defendant Marchitto that are contrary to applicable law that an aider and abetter have actual knowledge of the primary violation.

It is impossible to segregate the SEC's "alternative" claims of knowledge and recklessness. These allegations are so inextricably intertwined that a motion to strike for insufficiency would be ineffective.

Dismissal of the SEC's Complaint is required.

## **<u>PROCEDURAL HISTORY</u>**

The SEC commenced this action on January 27, 2021 against Vuuzle and Flynn for alleged securities law violations under Section 10(b) of the Exchange Act and Rule 10b-5 (First Claim for Relief), Section 17(a) of the Securities Act (Second Claim for Relief), Section 5(a) and 5(c) of the Securities Act (Fifth Claim for Relief), and Section 15(a) of the Exchange Act (Sixth Claim for Relief).  (dkt. #1).

The SEC also alleges securities law violations by Marchitto for aiding and abetting violations of Section 10(b) of the Exchange Act and Rule 10b-5 (Third

Claim for Relief) and Section 17(a) of the Securities Act (Fourth Claim for Relief). Section V.B. of the SEC's Complaint is entitled "Marchitto Knew or Was Reckless in Not Knowing that Vuuzle and Flynn Misused Investor Funds" and is followed by nine paragraphs which include such allegations as "Marchitto knew or was reckless in not knowing that Vuuzle and Flynn were engaged in fraudulent conduct" (¶100) and that "Marchitto also knew or was reckless in not knowing that Flynn had misappropriated nearly $5 million in investor funds" (¶105) (emphasis added). Moreover, the (Third and Fourth) Claims for Relief addressed to Marchitto specifically incorporate the allegations that he knew or was reckless in not knowing of the primary violation (¶¶121, 124).

## ARGUMENT

## POINT I

## THE SEC HAS THE BURDEN OF PROOF AND MUST SATISFY A HEIGHTENED PLEADING STANDARD IN THIS SECURITIES FRAUD ACTION.

The SEC bears the burden of proving its case by a preponderance of the evidence under both primary liability (Vuuzle and Flynn) and secondary liability (Marchitto) theories. *See*, *e.g.*, SEC v. Pasternak, 561 F.Supp.2d 459, 498 (2008) (J. Pisano).

When reviewing a motion to dismiss on the pleadings under Rule 12(b)(6), "courts accepts all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable

reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Under such standard, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"[I]n cases alleging securities fraud, plaintiffs must 'satisfy the heightened pleading rules codified in' the [Private Securities Litigation Reform Act, or] PSLRA." Carmack v. Amaya, Inc., 258 F.Supp.3d 454, 464 (D.N.J. 2017) (J. Rodriguez) (quoting OFI Asset Management v. Cooper Tire & Rubber, 834 F.3d 481, 493 (3d Cir. 2016)). The Third Circuit has advised that, at a minimum, a plaintiff must allege the "essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." Carmack, supra, 258 F.Supp.3d at 465 (citations omitted). Pertinently, a complaint must "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Id. (citing 15

U.S.C. §78u-4(b)(2)) (emphasis added).

The SEC's Complaint fails to satisfy this standard since, contrary to applicable law, the aiding and abetting allegations and claims against secondary defendant Marchitto allege that he "knew or <u>was reckless in not knowing</u>" of the primary violation.

**POINT II**

**<u>AIDING AND ABETTING A VIOLATION OF THE
SECURITIES LAWS REQUIRES ACTUAL KNOWLEDGE OF
THE PRIMARY VIOLATION.</u>**

**<u>Third Circuit Law Prior to The Private Securities
Litigation Reform Act of 1995</u>**

Prior to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a claim of aiding and abetting had three essential elements in the Third Circuit: "(1) that there has been a commission of a wrongful act an underlying securities violation; (2) <u>that the alleged aider-abettor had knowledge of that act</u>; and (3) that the aider-abettor knowingly and substantially participated in the wrongdoing". <u>Monsen v. Consolidated Dressed Beef Co.</u>, 579 <u>F.2d</u> 793, 799 (3d Cir. 1978) (emphasis added). *See also* <u>Walck v. American Stock Exchange</u>, 687 <u>F.2d</u> 778, 791 (3d Cir. 1982) ("three elements are necessary to establish liability under a theory of aiding and abetting: (1) that an independent wrong exist; (2) <u>that the aider or abettor know of that wrong's existence</u>; and (3) that substantial assistance be given in effecting that wrong") (emphasis added); <u>In re National Smelting of New Jersey,</u>

5

Inc. Bondholders' Litigation, 722 F.Supp. 152, 174-175 (D.N.J. 1989) (where Chief Judge Gerry held that "[i]n order to make out a case of aiding and abetting a security violation under Rule 10b-5, [plaintiff] must show "(1) an independent wrongful act -- an underlying securities violation; (2) knowledge by the aider and abettor of that wrongful act; and (3) knowing and substantial assistance in effecting that wrongful act." (emphasis added). *Accord* Laven v. Flanagan, 695 F.Supp. 800 (D.N.J. 1988) (C.J. Gerry).

All three elements (and pertinently here the requirement of knowledge of the primary violation) had to be established.

### The Private Securities Litigation Reform Act of 1995

In 1995 Congress enacted the Private Securities Litigation Reform Act, which clarified existing aiding and abetting law (consistent with Third Circuit law). Section 20(e) of the Exchange Act, governing aiding and abetting in securities fraud cases, was amended to provide that "any person that knowingly provides substantial assistance to another person in violation of a provision of this chapter, or of any rule or regulation issued under this chapter, shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided." 15 U.S.C. §78t(e) (emphasis added). The amendment did not affect the other requirements of establishing aiding and abetting liability -- *i.e.*, (1) the existence of a primary violation and (2) knowledge of the primary violation.

6

Thus, for example, after enactment of the PSLRA, Judge Pisano held in <u>SEC v. Pasternak</u>, 561 <u>F.Supp.2d</u> 459 (2008) that: "A plaintiff sustains a claim for aiding and abetting if it establishes: "(1) the existence of a primary violation of the Exchange Act; (2) <u>that the aider-abettor had knowledge of the primary violation</u>; and (3) that the aider-abettor "knowingly and substantially participated in the wrongdoing." <u>Id.</u> at 500 (emphasis added). Indeed, Judge Pisano expressly concluded in <u>Pasternak</u> "that the SEC must show that the aider-abettor <u>had actual knowledge of the underlying securities violation to establish an aiding and abetting claim under Section 20(e)</u>. Recklessness, even 'extreme recklessness' in the presence of a fiduciary relationship, is insufficient." 561 <u>F.Supp.2d</u> at 502 (emphasis added).

Judge Walls similarly described the elements of a cause of action for aiding and abetting in <u>SEC v. Lucent Technologies</u>, 610 <u>F.Supp.2d</u> 342, 362 (D.N.J. 2009) ("Liability for aiding and abetting a securities violation requires the SEC to establish (1) an underlying securities violation; (2) <u>that the alleged aider-abettor had knowledge of the wrongful act</u> and (3) that the alleged aider-abettor knowingly and substantially participated in the wrongdoing." (emphasis added). *Accord* <u>SEC v. Kearns</u>, 691 <u>F.Supp.2d</u> 601 (D.N.J. 2010) (J. Simandle).

In sum, notwithstanding the statutory change modifying the substantial assistance element of an aiding and abetting claim, the other elements of an aiding

and abetting claim (and pertinently here the requirement of knowledge of the primary violation) still had to be established.

More generally, after clarification by the PSLRA and prior to Dodd-Frank, cases in the Third Circuit rejected the argument made <u>repeatedly but unsuccessfully by the SEC</u> that recklessness satisfied the scienter requirement in aiding and abetting cases. Thus, in <u>Pasternak</u>, Judge Pisano specifically rejected "the SEC's argument that recklessness may satisfy the knowledge requirement for aiding and abetting liability under Section 20(e)", concluding that "aiding and abetting liability under Section 20(e) requires a showing of <u>actual knowledge</u>, irrespective of the nature of the relationship between the aider-abettor and the defrauded party." 561 <u>F.Supp.2d</u> at 501 (emphasis added).

Adopting the holdings of the United States District Court for the Southern District of New York (<u>SEC v. KPMG LLP</u>, 412 <u>F.Supp.2d</u> 349, 382-384 (S.D.N.Y. 2006)), the Court of Appeals for the District of Columbia (<u>SEC v. Johnson</u>, 530 <u>F.Supp.2d</u> 325, 332-334 (D.C. Cir. 2008)), and the Court of Appeals for the Ninth Circuit (<u>SEC v. Fehn</u>, 97 <u>F.3d</u> 1276, 1287 (9th Cir. 1996)), Judge Pisano noted that these courts considered both the plain language of the statute -- which defines "knowingly" as requiring "actual knowledge," 15 <u>U.S.C.</u> §78u-4(f)(10)(A) as well as the legislative history -- in which the Senate considered and rejected a proposed amendment to Section 20(e) that would have added recklessness. 561 <u>F.Supp.2d</u> at

8

501. *See*, *e.g.*, <u>KPMG</u>, where Judge Cote pointed out:

> [T]he fact that "knowingly" was defined as actual knowledge in the very same bill that contained Section 20(e) [aiding and abetting] weighs in favor of the defendants' contention that the provision does not encompass recklessness. "[I]dentical words used in different parts of the same act are intended to have the same meaning." In addition, the Senate considered and rejected an amendment to the proposed Section 20(e) that would have added recklessness to the standard.

412 <u>F.Supp.2d</u> at 383-383 (citation omitted).

In <u>Lucent Technologies</u> Judge Walls further articulated the rationale for requiring knowledge (not recklessness) in aiding and abetting cases after enactment of the PSLRA:

> Section 20(e) was enacted as part of the Private Securities Litigation Reform Act of 1999. In that same act, Congress expressly defined "knowingly" as actual knowledge. The SEC contends that because Congress explicitly defined "knowingly" in certain subsections but not for the subsection governing the SEC's right to bring aiding and abetting claims, Congress made a conscious choice not to require actual knowledge in SEC enforcement actions. The Court disagrees. That "knowingly" was defined as actual knowledge in the very same bill that contained Section 20(e) undermines the SEC's position. "[I]dentical words used in different parts of the same act are intended to have the same meaning." Moreover, the legislative history of Section 20(e) in which the Senate rejected a proposed amendment to Section 20(e) that would have added recklessness to the standard supports the conclusion that Congress intended to require actual knowledge.
>
> In reviewing the *KPMG* opinion, it is apparent that the SEC offers the same arguments here that the *KPMG* court found unpersuasive. That court rejected the SEC's contention that Section 20(e) was intended to codify the law with respect to aiding and abetting claims in SEC enforcement before *Central Bank,* the very contention that the SEC raises here, because there was no uniformity on the issue of what

> constituted the requisite scienter for aiding and abetting liability. This Court too rejects the SEC's argument. The plain language of Section 20(e), its legislative history, and the cogent analysis in *KPMG* provide ample support for the conclusion that Congress intended to require actual knowledge as the scienter standard for aiding and abetting liability.

610 F.Supp.2d at 361-362 (citations omitted).

## **Dodd-Frank**

In 2010 Congress passed the Dodd-Frank Act, which amended 20(e) of the Exchange Act to include persons who provide substantial assistance "knowingly or recklessly." (emphasis added). *See* SEC v. Sugarman, 2020 WL 5819848 at *11 n.11 (S.D.N.Y. 2020) (Sr. J. Pauley):

> In 2010, Congress amended aider and abettor liability to include any person who "knowingly or recklessly provides substantial assistance to another person['s] violation." See 15 U.S.C. §78t(e); Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, Title VII, §9290, 124 Stat. 1761, 1862, 1865 (2010).

*See* also Comment to 15 U.S.C. §78t ("Section 20(e) of the Securities Exchange Act of 1935 (15 U.S.C. 78t(e)) is amended by inserting "or recklessly after "knowingly").

Section 78t(e) now reads in its entirety as follows:

> For purposes of any action brought by the Commission under paragraph (1) or (3) of section 78u(d) of this title, any person that knowingly or recklessly provides substantial assistance to another person in violation of a provision of this chapter, or of any rule or regulation issued under this chapter, shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided. (emphasis added)

10

Although changing the standard for substantial assistance, Dodd-Frank did not change any of the other elements for aiding and abetting liability. It did not change the requirement that there be an underlying primary violation, nor did it change the requirement that an aider and abetter have knowledge of the primary violation.

After Dodd-Frank, courts in the Second Circuit have continued to recognize that the SEC must prove that the alleged aider and abettor had knowledge of the primary violation. For example, in SEC v. Lek Securities Corporation, 276 F.Supp.3d 49 (S.D.N.Y. 2017), Judge Cote, who wrote the decision in KPMG prior to Dodd-Frank, held that the existence of a primary violation and knowledge of the primary violation by the alleged aider and abettor continued to be an element of aiding and abetting liability after Dodd-Frank:

> Section 20(e) of the Exchange Act establishes liability for those who aid and abet others in securities violations. 15 U.S.C. §78t(e). Section 20(e) provides:
>
>> any person that knowingly or recklessly provides substantial assistance to another person in violation of a provision of this chapter, or of any rule or regulation issued under this chapter, shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided.
>
> 15 U.S.C. §78t(e). (emphasis supplied). To survive a motion to dismiss a claim of aiding and abetting liability, the SEC must allege: "(1) the existence of a securities law violation by the primary (as opposed to the aiding and abetting) party; (2) knowledge of this

11

> violation on the part of the aider and abettor; and (3) substantial
> assistance by the aider and abettor in the achievement of the primary
> violation." SEC v. Apuzzo, 689 F.3d 204, 211 (2d Cir. 2012) (citation
> omitted). Substantial assistance, in turn, requires that the aider and
> abettor "in some sort associated himself with the venture, that he
> participated in it as in something that he wished to bring about, and
> that he sought by his action to make it succeed." Id. at 206. (emphasis
> added; citation omitted).

Id. at 58. Accord SEC v. Mattessich, 407 F.Supp.3d 264, 269 (S.D.N.Y. 2019) (J.

Failla) and Sugarman, supra, 2020 WL 5819848 at *11 (similarly describing the

three elements for aiding and abetting liability). As Judge Pisano did in Pasternak

prior to Dodd-Frank, this Court should adopt the well-reasoned approach taken by

Judge Cote after Dodd-Frank in Lek (and by other courts in the Second Circuit)

and held that both the existence of a primary violation and knowledge of the

primary violation continue to be elements for aiding and abetting liability.

While the Third Circuit has not yet addressed the issue, Judge Arleo

considered the issue in SEC v. Dubovoy, 2016 WL 5745099 at *5 (D.N.J.

September 29, 2016), an unpublished decision rendered several years before Judge

Cote's decision in Lek. After noting the change to the substantial assistance

element following Dodd-Frank, Judge Arleo relied on the following cases in

describing the three-part test for determining aiding and abetting liability: the

Third Circuit's decision in Monsen v. Consolidated Dressed Beef Co., 579 F.2d

793, 799 (3d Cir. 1978) and the Second Circuit's decisions in In re Amaranth

Natural Gas Commodities Litigation, 730 F.3d 170, 182 n.15 (2d Cir. 2013) and

12

SEC v. Apuzzo, 689 F.3d 204, 211 (2d Cir. 2012). Id. Each of these decisions stated (on the specific pages cited by Judge Arleo) that the requirement that an alleged aider and abetter have knowledge of the primary violation was the second element of aiding and abetting liability. While the text of Judge Arleo's decision erroneously omits the second element (knowledge) and redundantly describes the third element (substantial assistance) as the second and third elements, Judge Arleo went on in her decision to describe such "knowledge" as "the second" element for aiding and abetting liability. Id. Further, in the balance of her Opinion, Judge Arleo (in accordance with the aiding and abetting statute as revised by Dodd-Frank) only addressed "recklessness" in a paragraph regarding "substantial assistance". Notably, in describing the importance of the requirement that there be knowledge of the primary violation, the Third Circuit said in Monsen (cited by Judge Arleo):

> Knowledge of the underlying violation is a critical element in proof of aiding-abetting liability, for without this requirement financial institutions, brokerage houses, and other such organizations would be virtual insurers of their customers against security law violations. Culpability of some sort is necessary to justify punishment of a secondary actor and mere unknowing participation in another's violation is an improper predicate to liability.

579 F.2d at 799 (emphasis added; citation omitted).

The SEC's Complaint in this case ignores the continued validity after Dodd-Frank of the requirements for aiding and abetting liability that there be an

13

underlying primary violation and <u>that the alleged aider and abetter have knowledge of that primary violation</u>. There is an important distinction between knowledge of the primary violation and the scienter required (now knowledge or recklessness) in substantially assisting such violation. However, the SEC's Complaint fails to make that distinction.

All of the allegations as to defendant Marchitto's knowledge of the primary violation are qualified in the Complaint with a recklessness alternative. As noted, Point V.B. of the SEC's Complaint is entitled "Marchitto Knew <u>or Was Reckless in Not Knowing</u> that Vuuzle and Flynn Misused Investor Funds" and is followed by nine paragraphs which include such allegations as "Marchitto knew <u>or was reckless in not knowing</u> that Vuuzle and Flynn were engaged in fraudulent conduct" (¶100) and that "Marchitto also knew or <u>was reckless in not knowing</u> that Flynn had misappropriated nearly $5 million in investor funds" (¶105). Further, the (Third and Fourth) Claims for Relief addressed to Marchitto specifically incorporate the allegations that he knew <u>or was reckless in not knowing</u> of the primary violation (¶¶121, 124). (emphasis added). An allegation of knowledge or recklessness is appropriate only as to allegations relating to substantial assistance, and there can be no substantial assistance absence the prerequisite requirement of knowledge of the primary violation.

The SEC's disregard of the knowledge requirement as to the primary

violation is contrary to applicable law.

## POINT III

### THE SEC CANNOT PLEAD IN THE ALTERNATIVE WHERE ONE OF THE ALTERNATIVES IS INSUFFICIENT AS A MATTER OF LAW.

Rule 8(d)(2) ("Alternative Statements of a Claim or Defense") provides that:

A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

The Rule, however, is not without limitation. It does not "absolve the pleader from honoring the principle that there be good grounds to support the allegations in a complaint or answer. In effect, this limitation requires that Rule 8(d)(2) be read in conjunction with the Rule 11(b)(2) standard that the 'legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law' and the Rule 11(b)(3) standard that 'the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" Wright & Miller, 5 Federal Practice & Procedure Civil §1282 (3d ed) (emphasis added). *See also* Afremov v. Jarayan, 2012 WL 1049739 at *5 n.5 (D. Minn. March 28, 2012) (the ability to plead in the alternative does not "absolve the pleader from honoring" the mandates of Rule 11) (quoting Wright & Miller); Zamanyan v. Northland Group, Inc., 2012 WL

15

2756644 at *1 (C.D. Cal. July 9, 2012) ("Rule 8(d)(2) 'is limited by Rule 11 of the Federal Rules of Civil Procedure'").

The SEC's claims of reckless conduct by defendant Marchitto with respect to knowledge of the primary violation are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. On the contrary, these allegations are contrary to applicable law. Indeed, Judge Pisano specifically rejected this claim when made by the SEC, as have other courts, and concluded that the SEC must show that an aider and abettor had actual knowledge of the underlying securities violation and that recklessness was simply not enough.

Notwithstanding, the SEC in this case is trying to plead, in the alternative, a claim that is not actionable. That is improper, and should be rejected. *See*, *e.g.*, Fezzani v. Bear, Stearns & Co., Inc., 2005 WL 500377 (S.D.N.Y. March 2, 2005) (denying plaintiff's motion to amend to add a RICO claim to securities fraud litigation as futile, because RICO explicitly excludes securities fraud as a predicate offense in civil actions and therefore RICO and securities fraud could not be plead in the alternative.)

## POINT IV

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED.

It is impossible to segregate the SEC's "alternative" claims of knowledge and recklessness. These assertions are so intermingled in the SEC's Complaint that the Complaint should be dismissed. Neither an Answer nor discovery should be permitted until a Complaint filed in accordance with controlling law is filed with all of the certifications required by Rule 11(b)(2), including certifications that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery".

The SEC's Complaint should be dismissed as to defendant Marchitto.

## CONCLUSION

For all of the foregoing reasons, the SEC's Complaint should be dismissed as to defendant Richard Marchitto.

Respectfully submitted,
**WEINER LAW GROUP LLP**
Attorneys for Defendant
Richard Marchitto


By: */s/ Jay V. Surgent*
Jay v. Surgent,  Esq.

Dated:  March 24, 2021
1983461_1.docx