UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VUUZLE MEDIA CORP., RONALD SHANE FLYNN, and RICHARD MARCHITTO,<br><br>Defendants. | Civil Action No. 2:21-cv-01226 (KSH-CLW)<br><br><br><br>Return Date: April 19, 2021 |

---

**REPLY BRIEF IN SUPPORT OF MOTION BY DEFENDANT
RICHARD MARCHITTO TO DISMISS PLAINTIFF'S COMPLAINT**

---

> Jay V. Surgent, Esq. - Attorney ID #009631976
> WEINER LAW GROUP LLP
> 629 Parsippany Road
> P.O. Box 438
> Parsippany, N.J. 07054-0438
> Phone: (973) 403-1100/Fax: (973) 403-0010
> Email: jsurgent@weiner.law
> Attorneys for Defendant Richard Marchitto

**Of Counsel:**
  Jay V. Surgent, Esq., jsurgent@weiner.law

**On the Brief:**
  Donald A. Klein, Esq., dklein@weiner.law

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT ........................................................................................................... 2

    POINT I .............................................................................................................. 2

    LEGAL ARGUMENTS MADE BY THE SEC IN FOOTNOTES SHOULD BE DEEMED WAIVED AND DISREGARDED BY THE COURT. ............................................................................................................ 2

    POINT II ............................................................................................................. 3

    RECKLESSNESS IS INSUFFICIENT TO SATISFY THE ESSENTIAL ELEMENT THAT AN ALLEGED AIDER AND ABETTOR HAVE KNOWLEDGE OF THE PRIMARY VIOLATION; RECKLESSNESS IS ONLY SUFFICIENT TO SATISFY THE SUBSTANTIAL ASSISTANCE ELEMENT FOR AIDING AND ABETTING LIABILITY. ....................................................... 3

    POINT III ......................................................................................................... 12

    THE ISSUE ON THIS MOTION IS NOT THE ADEQUACY OF THE SEC'S PLEADING AS TO FACTUAL ALLEGATIONS; IT IS THAT PLAINTIFF'S ALLEGATONS ARE PREDICATED ON AN ERRONEOUS APPLICATION OF THE LAW. .......................................... 12

CONCLUSION ...................................................................................................... 14

## TABLE OF AUTHORITIES

**Page**

**Cases**

Almog v. Israel Travel Advisory Service, Inc.,
  298 N.J. Super. 145 (App. Div. 1997) ................................................................ 2

Big Apple Consulting USA, Inc.,
  783 F.3d 786 (11th Cir. 2015) ........................................................................... 10

In re Armstrong,
  432 F.3d 507 (3d Cir. 2005) ............................................................................... 13

In re Opinion 662 of Advisory Committee on
Professional Ethics,
  133 N.J. 22 (1993) ............................................................................................... 3

John Wyeth & Brother Limited v. Cigna International
Corporation,
  119 F.3d 1070 (3d Cir. 1997) .............................................................................. 2

Lamie v. United States Trustee,
  540 U.S. 526 (2004) ........................................................................................... 13

Maxlite, Inc. v. M&C Lighting Ltd.,
  No. cv 12-4072 (KSH), 2012
  WL 12894176 (D.N.J. July 6, 2012) .................................................................. 2

Monsen v. Consolidated Dressed Beef Co., Inc.,
  579 F.2d 793 (3d Cir. 1978) ......................................................................... 10, 11

Schmalz v. Sovereign Bancorp., Inc.,
  868 F.Supp.2d 438 (E.D.Pa. 2012) .................................................................... 2

SEC v. Dubovoy,
  2016 WL 5745099 (D.N.J. September 29, 2016) ............................................. 11

SEC v. Lek Securities Corporation,
  276 F.Supp.3d 49 (S.D.N.Y. 2017) ................................................................ 5, 6

SEC v. Mattessich,
    407 F.Supp.3d 264 (S.D.N.Y. 2019) ................................................................. 6, 7

SEC v. Pasternak,
    561 F.Supp.2d 459 (D.N.J. 2008) ......................................................................... 9

SEC v. Sugarman,
    2020 WL 5819848 (S.D.N.Y. Sept. 30, 2019) .................................................. 7, 8

SEC v. Wey,
    246 F.Supp.3d 894 (S.D.N.Y. 2017) ........................................................... 8, 9, 10

SEC v. Yorkville Advisors, LLC,
    305 F.Supp.3d 486 (S.D.N.Y. 2018) ............................................................. 9, 10

Tidewater Oil Co. v. United States,
    409 U.S. 151 ........................................................................................................ 2

United States v. Diallo,
    575 F.3d 252 (3d Cir. 2009) ............................................................................... 13

**Constitutional Provisions**

15 U.S.C. §78t(e) ........................................................................................................ 4

**Statutes**

Dodd-Frank Wall Street Reform and Consumer
    Protection Act, Pub.L.No. 111-203,
    124 Stat. 1376 (2010) .................................................................................. passim

## **PRELIMINARY STATEMENT**

Legal arguments raised in footnotes are considered waived in this Circuit. Consequently, the footnotes in the SEC's opposition Brief, which violate this principle, should not be considered by this Court.

The SEC is essentially advocating a position -- that is not warranted by the language of Dodd-Frank, by the legislative history of Dodd-Frank, by the history and evolution of aiding and abetting law, or by case law applying Dodd-Frank. While conceding that Dodd-Frank only modified Section 20(e) of the Exchange Act to add recklessness as an alternative to knowledge with respect to the requirement of substantial assistance for aiding and abetting liability, the SEC jumps to the unsupported conclusion that Dodd-Frank negated other essential elements of an aiding and abetting claim too, including the requirement, well-established in this Circuit, that an alleged aider and abettor have knowledge of the primary violation. The SEC's position is inconsistent with the authorities cited by defendant Marchitto and should be rejected.

This motion raises a threshold legal question that should be presently addressed and decided: What legal standard applies to plaintiff's allegations regarding defendant Marchitto's knowledge of the alleged primary violation? Is it actual knowledge (consistent with the foregoing authorities) or is it recklessness in not knowing of the alleged primary violation (as advocated by the SEC)?

1

# ARGUMENT

## POINT I

### LEGAL ARGUMENTS MADE BY THE SEC IN FOOTNOTES SHOULD BE DEEMED WAIVED AND DISREGARDED BY THE COURT.

In large part, the SEC makes its substantive legal arguments and its responses to authorities cited by defendant Marchetti in footnotes. (SEC Br. at 4 n. 1, 2; at 6 n.3, and at 7 (n.4). That is improper under established law in this Circuit and is also contrary to this Court's preferences.

The Third Circuit held in John Wyeth & Brother Limited v. Cigna International Corporation, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) that "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *See also* Tidewater Oil Co. v. United States, 409 U.S. 151, 174 n.1 (J. Douglas, dissenting) ("As Mr. Chief Justice Hughes was wont to say, 'Footnotes do not really count.'"); Schmalz v. Sovereign Bancorp., Inc., 868 F.Supp.2d 438, 457 n.14 (E.D.Pa. 2012) ("An argument made only in a footnote is not worthy of credence (other than to be rejected by footnote."). *Cf.* Almog v. Israel Travel Advisory Service, Inc., 298 N.J. Super. 145, 155 (App. Div. 1997) (where Judge Pressler condemned the practice of raising legal arguments in footnotes as "wholly improper").

As this Court noted in Maxlite, Inc. v. M&C Lighting Ltd., No. cv 12-4072 (KSH), 2012 WL 12894176 at *1 (D.N.J. July 6, 2012):

2

> This Court's preferences are specific regarding use of footnotes. *See* Lite, *New Jersey Federal Practice Rules*, App. 2, at 677 (GANN, 2012) ("Judge Hayden generally disapproves of the use of footnotes in briefs. *** [T]he Court strongly recommends Justice Robert L. Clifford's concurring opinion in *In re Opinion 662 of Advisory Committee on Professional Ethics*, 133 N.J. 22, 32-33 (1993).

In his inimitable fashion, Justice Clifford noted that "[t]he whole irritating process [of reading footnotes] points up the soundness of John Barrymore's observation that '[reading footnotes is] like having to run downstairs to answer the doorbell during the first night of the honeymoon,' *quoted in* Norrie Epstein, *The Friendly Shakespeare* 75 (1992)." In re Opinion 662 of Advisory Committee on Professional Ethics, 133 N.J. 22, 32 (1993).

The legal arguments made by the SEC in footnotes in its opposition Brief should be deemed waived and should not be considered by the Court.

## POINT II

**RECKLESSNESS IS INSUFFICIENT TO SATISFY THE ESSENTIAL ELEMENT THAT AN ALLEGED AIDER AND ABETTOR HAVE KNOWLEDGE OF THE PRIMARY VIOLATION; RECKLESSNESS IS ONLY SUFFICIENT TO SATISFY THE SUBSTANTIAL ASSISTANCE ELEMENT FOR AIDING AND ABETTING LIABILITY.**

The SEC correctly quotes the language of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat 1376 (2010) ("Dodd-Frank") that the SEC may bring an action against "any person that knowingly or recklessly provides substantial assistance" to a primary violator of the securities laws" (SEC Br. at 4) (emphasis added). However, advocating a

3

position that is unwarranted by the specific change made by Dodd-Frank to the requirement of providing substantial assistance, the SEC leaps to the unsupported conclusion that Dodd-Frank negated other well-established elements of an aiding and abetting claim as well. It did not.

In essence, the SEC is espousing a self-serving interpretation of Dodd-Frank that ignores its plain and unambiguous language. The SEC also ignores the historical context from which this specific change to aiding and abetting law arose.

The SEC acknowledges that in Dodd-Frank Congress only "inserted the words 'or recklessly' into Exchange Act Section 20(e)" (Br. at 5). Notably, Section 20(e) of the Exchange Act relates only to the substantial assistance element for aiding and abetting liability. *See* 15 U.S.C. §78t(e).

Contrary to the SEC's argument (Br. at 4), the history of aiding and abetting law is important, and the cases cited by defendant Marchitto are not irrelevant. Rather, they set the context for how Dodd-Frank impacted the three standard elements for aiding and abetting liability: (i) the existence of a primary violation, (ii) knowledge of the primary violation, and (iii) substantial assistance to the primary defendant(s). The statutory standard for the element of substantial assistance has been "knowing" since the Private Securities Litigation Reform Act of 1995 (Marchitto Br. at 6-9) and has been "knowing" or "reckless" since Dodd-Frank (Marchitto Br. at 10-15). However, neither the Private Securities Litigation

Reform Act nor Dodd-Frank altered the requirement that there be a primary violation or <u>the requirement that there be knowledge by the alleged aider and abettor of the primary violation</u>.

The SEC makes no reference to any legislative history that supports the conclusion that Dodd-Frank was changing any of the other elements for aiding and abetting liability. On the contrary, the SEC relies only on the general statement that "<u>this new language</u>" in Dodd-Frank "was intended to 'clarify that recklessness is sufficient for bringing an aiding and abetting action.'" (SEC Br. at 5) (emphasis added). This means no more than that, by "this new language", Dodd-Frank made recklessness and not just knowledge sufficient <u>for the substantial assistance element of an aiding and abetting claim</u>.

The SEC's opposition Brief relegates to one sentence in a footnote its response to Judge Cote's decision in <u>SEC v. Lek Securities Corporation</u>, 276 <u>F.Supp.3d</u> 49 (S.D.N.Y. 2017) that refutes the SEC's thesis and holds that the SEC must still establish knowledge of the primary violation after Dodd-Frank. (SEC Br. at 6 n.3). Conflating the element of knowledge of the primary violation and the element of substantial assistance, the SEC argues that Judge Cote held that "knowingly or recklessly" is "the appropriate standard for scienter." (<u>Id.</u>). But that is not what Judge Cote said. Rather, in the section of her opinion relied on by the SEC, Judge Cote stated, after acknowledging that Section 20(e) now provides that

5

<u>substantial assistance</u> can be either knowing or reckless, that:

> To survive a motion to dismiss a claim of aiding and abetting liability, the SEC must allege: "(1) the existence of a securities law violation by the primary (as opposed to the aiding and abetting) party; (2) <u>knowledge of this violation on the part of the aider and abettor;</u> <u>and</u> (3) substantial assistance by the aider and abettor in the achievement of the primary violation."

<u>Id.</u> at 58. That analysis cannot be squared with the SEC's argument in this case.

Moreover, the SEC does not address the decision in <u>SEC v. Mattessich</u>, 407 F.Supp.3d 264 (S.D.N.Y. 2019) (cited by defendant Marchitto) (Br. at 12) that was rendered nearly a decade after Dodd-Frank. After acknowledging the Dodd-Frank modification to Section 20(e) of the Exchange Act relating to the element of substantial assistance, the Court in <u>Mattessich</u>, like the Court in <u>Lek</u>, stated the elements of a claim for aiding and abetting liability after Dodd-Frank as follows:

> To state a claim for aiding and abetting, the SEC must allege three things: "[i] the existence of a securities law violation by the primary (as opposed to the aiding and abetting) party; [ii] <u>knowledge of this violation on the part of the aider and abettor;</u> <u>and</u> [iii] substantial assistance by the aider and abettor in the achievement of the primary violation."

<u>Id.</u> at 269 (emphasis added; citations omitted). Furthermore, the Court in <u>Mattessich</u> discussed at length each of these three elements in separate sections of the opinion entitled: (1) "The Complaint Alleges Primary Violations of Section 17(a) of the Exchange Act and Rule 17a-3(a)(19)(i)" (<u>id.</u> at 269-272), (2) <u>"The Complaint Alleges Defendants' Knowledge of the Violations"</u> (<u>id.</u> at 272-273)

6

(emphasis added), and (3) "The Complaint Alleges That Defendants Substantially Assisted the Achievement of the Primary Violations" (noting in this section (3) that Section 20(e) of the Exchange Act states that one can be liable for aiding and abetting if the person "knowingly *or* recklessly provides substantial assistance") (id. at 273) (italics in the original; emphasis added). Unlike the SEC here, the Court in Mattessich does not erroneously conflate the elements for aiding and abetting liability.

The SEC only obliquely acknowledges in its opposition Brief (at 6) that the Court in SEC v. Sugarman, 2020 WL 5819848 (S.D.N.Y. Sept. 30, 2019) (cited by defendant Marchitto) (Br. at 10, 12) says the following about the standard for aiding and abetting liability after Dodd-Frank:

> To state a claim for aiding and abetting, the SEC must allege: "(1) the existence of a securities law violation by the primary (as opposed to the aiding and abetting) party; (2) knowledge of this violation on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in the achievement of the primary violation."

Id. at *11 (emphasis added; citation omitted). In a footnote to this passage, the Court noted in Sugarman that: "Congress amended aider and abettor liability to include any person who 'knowingly or recklessly' provides substantial assistance to another person [s]' violation". Id. at n. 11 (emphasis added). The SEC erroneously claims in its opposition Brief (at 6) that the Court in Sugarman held that "the SEC satisfied the [knowledge] element by alleging 'Sugarman's

7

knowledge (*or at least recklessness*)'". (SEC Br. at 6) (italics in the original). The Court in Sugarman did not so hold; it was simply describing allegations made by the SEC. Id. Further, the SEC's argument that "the SEC adequately alleged aiding and abetting scienter [in Sugarman] where the defendant received a spreadsheet describing the proposed use of investor funds that did not list the annuity that was supposed to have been purchased" (SEC Br. at 9) is misplaced; the SEC made this allegation "'t]o further indicate Sugarman's knowledge of the scheme" (id.) (emphasis added), not as evidence of recklessness.

The SEC's selective reliance in a footnote on excerpts from SEC v. Wey, 246 F.Supp.3d 894 (S.D.N.Y. 2017) (Br. at 4 n.2) is also misplaced. It should be noted that the SEC cited Wey for the undisputed proposition that "Dodd-Frank amended [Section 20(e) of the Exchange Act] to provide that 'any person that knowingly or recklessly provides substantial assistance' would face aiding and abetting liability." (SEC Br. at 5) (emphasis added). Further, the Court in Wey specifically described knowledge of the primary violation as an element necessary to establish aiding and abetting liability. Id. at 925-926. Notwithstanding, the SEC takes two passages from Wey out of context:

- First, the SEC argues that the Court in Wey held "the SEC must allege actual knowledge of the primary violation on the part of the defendant for claims under Section 20(e) based on conduct that occurred prior to the enactment of Dodd-

8

Frank." (SEC Br. at 4 n.2). That is true, but that was the only issue before the Court with respect to this defendant. The Court was not suggesting that there would be a different result for conduct occurring after Dodd-Frank. What the Court was attempting to do was resolve a conflict between courts in the Southern District prior to Dodd-Frank as to whether knowledge or recklessness was the proper standard and concluded that actual knowledge was the proper standard because the complaint did not allege a breach of fiduciary duty. Notably, in SEC v. Pasternak, 561 F.Supp.2d 459, 501 (D.N.J. 2008), Judge Pisano held that the standard (in the Third Circuit) was actual knowledge "irrespective of the nature of the relationship between the aider-abettor and the defrauded party".

- Second, the SEC claims in a footnote that the Court in Wey "distinguish[ed] between claims premised on conduct prior to July 21, 2010, which 'are subject to an actual knowledge standard,' and claims premised on conduct after July 2010, which 'are subject to a knowing or recklessness standard'". (SEC Br. at 4 n.2). However, the SEC fails to note that this quote appears in the context of a discussion where the reference to a knowing or recklessness standard was a reference to Section 20(e)'s description of the requirements relating to substantial assistance after Dodd-Frank. Wey, supra, at 928.

Equally misplaced is the SEC's citation of SEC v. Yorkville Advisors, LLC, 305 F.Supp.3d 486 (S.D.N.Y. 2018) for the proposition that the SEC "must at least

9

demonstrate recklessness to satisfy the knowledge requirement". Id. at 511. This quote is taken out of context. Yorkville involved conduct prior to Dodd-Frank. In fact, the Court in Yorkville cited Wey in support of the quoted passage, stating that the Court in Wey "not[ed] the split in authority in this Circuit regarding whether actual knowledge or recklessness is required for aiding and abetting claims arising before the Dodd-Frank Act took effect on July 21, 2010." Id. (emphasis added).

The SEC's reliance on SEC v. Big Apple Consulting USA, Inc., 783 F.3d 786 (11th Cir. 2015) (Br. at 5) suffers from the same temporal infirmity. *See* id. at 800-801 (rejecting the argument that Congress' amendment in Dodd-Frank to include recklessness removes all doubt that, prior to Dodd-Frank, "actual knowledge" was required under Section 20(e)).

The SEC has presented no authority in its opposition papers to support its argument that Dodd-Frank rejected *sub silentio* the well-established principle in the Third Circuit that:

> Knowledge of the underlying violation is a critical element in proof of aiding-abetting liability, for without this requirement financial institutions, brokerage houses, and other such organizations would be virtual insurers of their customers against security law violations. Culpability of some sort is necessary to justify punishment of a secondary actor and mere unknowing participation in another's violation is an improper predicate to liability.

Monsen v. Consolidated Dressed Beef Co., Inc., 579 F.2d 793, 799 (3d Cir. 1978) (emphasis added; citation omitted). Notably, Judge Arleo expressly relied on

Monsen in her decision in SEC v. Dubovoy, 2016 WL 5745099 at *5 (D.N.J. September 29, 2016) -- a fact ignored by the SEC in its one sentence description of Dubovoy in a footnote. (SEC Br. at 6 n.3) ("the court specifically described the scienter element of Section 20(e) as 'knowingly or recklessly.'"). In fact, Judge Arleo said in Dubovoy that "Section 20(e) of the Securities Exchange Act permits the SEC to bring an action against 'any person that knowingly or recklessly provides substantial assistance' to a primary violator of the securities laws." Id. at *5 (emphasis added).

In short, the SEC's argument disregards the continued validity after Dodd-Frank of the requirement for aiding and abetting liability that the alleged aider and abetter have knowledge of the primary violation. There is an important distinction between knowledge of the primary violation and the knowledge or recklessness required for substantially assisting such violation. However, the SEC's argument fails to make that distinction.

All of the allegations as to defendant Marchitto's knowledge of the primary violation are qualified in the SEC's Complaint with a recklessness alternative. However, an allegation of knowledge or recklessness is appropriate only as to allegations relating to substantial assistance, and there can be no aiding or abetting liability absent the prerequisite requirement of knowledge of the primary violation.

Finally, the SEC's discussion in a footnote of the definition of recklessness

11

under Third Circuit law in contexts other than aiding and abetting liability (SEC Br. at 4 n.) begs the question. The issue on this motion is not what constitutes recklessness but whether recklessness in not knowing of the alleged primary violation is an actionable alternative to knowledge of the alleged primary violation. Until that determination is made, it is premature to address whether there is a good faith defense to a recklessness claim. In this regard, however, it should be noted that there is no allegation in the SEC's Complaint that defendant Marchitto received any financial or other benefit from the actions complained of.

### POINT III

### THE ISSUE ON THIS MOTION IS NOT THE ADEQUACY OF THE SEC'S PLEADING AS TO FACTUAL ALLEGATIONS; IT IS THAT PLAINTIFF'S ALLEGATONS ARE PREDICATED ON AN ERRONEOUS APPLICATION OF THE LAW.

The allegations of plaintiff's Complaint, summarized in the SEC's opposition brief (Br. at 1-3), are just that -- allegations, which the Court accepts as true solely for the purposes of this motion to dismiss. The issue on this motion, however, is not whether the SEC's allegations have been particularly pleaded. Rather, defendant Marchitto's motion presents a threshold, legal issue -- *i.e.*, whether alleged recklessness in not knowing of the primary violation is a valid alternative to having actual knowledge of the primary violation. It is not, under applicable aiding and abetting law. That legal issue should be determined before this case proceeds further.

The SEC argues in a footnote (in sole response to defendant Marchitto's pleading in the alternative argument) that the SEC "is not 'pleading in the alternative' – it is simply quoting the relevant statutory language." (SEC Br. at 7 n.4). Clearly, the SEC is pleading in the alternative – where in this case, however, one of the alternatives is insufficient as a matter of law. (*See* Marchitto Br., Point III at 15-16). Furthermore, the SEC's claim that it was simply quoting the relevant statutory language is an admission, given the plain and unambiguous language of Section 20(e), that the knowledge/recklessness alternative applies only to the element of providing substantial assistance. "Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute." United States v. Diallo, 575 F.3d 252, 256 (3d Cir. 2009). *See also* Lamie v. United States Trustee, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms."); In re Armstrong, 432 F.3d 507, 512 (3d Cir. 2005) (the plain meaning rule dictates that where the meaning of the relevant statutory language is clear then no further inquiry is required).

Contrary to the SEC's argument (Br. at 8), it is not necessary to analyze the specific allegations in the SEC's Complaint to determine whether the SEC has failed to adequately plead scienter. That determination should be made only after

the proper legal standard has been determined by the Court.

The SEC's Complaint should be dismissed, absent the SEC's voluntary dismissal of allegations that improperly conflate separate elements for aiding and abetting liability (knowledge of the primary violation and providing substantial assistance).

## CONCLUSION

For the foregoing reasons, defendant Richard Marchitto respectfully requests that the footnotes in the SEC's opposition Brief be stricken and not considered by the Court, that the Court determine that recklessness by an alleged aider and abettor in not knowing of the primary violation is not an actionable alternative to actual knowledge of the primary violation for purposes of aiding and abetting liability, and that the SEC's Complaint be dismissed.

                                      Respectfully submitted,
                                      **WEINER LAW GROUP LLP**
                                      Attorneys for Defendant
                                      Richard Marchitto

                                By: ***/s/ Jay V. Surgent***
                                      Jay v. Surgent, Esq.

Dated: April 12, 2021
1999444_1.docx