

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F STREET, N.E.
WASHINGTON, D.C. 20549

**DIVISION OF**
**ENFORCEMENT**

**DEVON LEPPINK STAREN**
TRIAL COUNSEL
DIRECT DIAL: (202) 551-5346
EMAIL: STARreND@SEC.GOV

April 28, 2021

**VIA ECF**

The Honorable Cathy L. Waldor
United States Magistrate Judge
United States District Court
District of New Jersey
Martin Luther King Building Courthouse
50 Walnut Street, Room 4040, Courtroom 4C
Newark, NJ 07101

    Re:    <u>SEC v. Vuuzle Media Corp., et al.; Case No. 2:21-cv-01226 (D.N.J.)</u>

Dear Judge Waldor:

    We write in response to the Court's Order issued on April 21, 2021 (Dkt. No. 31) relating to the Motion for Alternative Service on Defendant Ronald Shane Flynn ("Flynn") filed by the Securities and Exchange Commission ( the "SEC") on February 16, 2021 (Dkt. No. 9).  In particular, we wish to address the Court's questions about Exhibit 3 to the February 16, 2021 Declaration of Drew Isler Grossman.  (Dkt. No. 9-5.)  This document contains a copy of the front and back sides of an Alien Certificate of Registration card issued to Flynn by the Republic of the Philippines on May 15, 2018.  As the Court notes, the document provides a physical address for Flynn in Cebu city, Philippines.

    The SEC has not attempted to serve Flynn at the Cebu City address because the agency does not possess any evidence that he continues to live there.  The Alien Certificate of Registration card was attached to an email chain received by the SEC from the U.S. Attorney's Office for the Central District of California, which we understand that Office received pursuant to a search warrant.  (Second Supplemental Declaration of Drew Isler Grossman ("Grossman Second Supp. Decl."), filed herewith, at ¶¶ 2-3, Ex. 25.)  This email chain reflects communications concerning Flynn's relocation from the Philippines to Dubai, UAE in or about October 2019, and after the issue date for the Alien Certificate of Registration card.  (*Id.*)  These communications are consistent with other evidence, including that previously presented to the Court, indicating that Flynn resided in Dubai from approximately October 2019, at least until his lease expired in October 2020.  (*Id.* at ¶¶ 4-6, Ex. 26; Supplemental Declaration of Drew Isler Grossman dated April 15, 2021 ("Grossman Supp. Decl.") at ¶¶ 2-3, Ex. 22.)

That said, the SEC has recently discovered an email from February 2021, which was obtained after the filing of the instant motion, and which associates Flynn's address at the World Trade Centre Residences in Dubai with a Vuuzle bank account.  (Grossman Second Supp. Decl. at ¶¶ 6, Ex. 27).  While it remains unclear whether Flynn continues to reside at this address, or if Vuuzle in fact has any current connection to this address, the SEC acknowledges that this new information is inconsistent with other information provided to the Court in the SEC's motion for alternative service.  Nonetheless, the SEC respectfully submits that alternative service under Fed. R. Civ. P. 4(f)(3) is still appropriate in this case.

As the Court notes, alternative service may be granted when "plaintiffs have reasonably attempted to effectuate service" and the "circumstances are such that the district court's intervention is necessary." *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17-cv-5553, 2020 WL 7093592 at *4 (S.D.N.Y. Dec. 4. 2020) (internal quotations omitted). Unlike in *Restoration Hardware, Inc.*, however, we do not have an address for Flynn in the United States upon which we can quickly attempt personal service.  Despite our efforts, we have uncovered only two overseas addresses, and it is unclear whether service will be successful at either because we possess evidence which indicates that neither address is likely current.  Moreover, even if the World Trade Centre Residences in Dubai is a current address for Flynn, "the availability of an [overseas] address does not render service pursuant to Rule 4(f)(3) inappropriate." *Restoration Hardware, Inc.*, 2020 WL 7093592 at *5.  It is not required that a plaintiff "have attempted every permissible means of service of process before petitioning the court for alternative relief." *Id.* (internal quotations omitted).  In fact, there is no established method to effect international service in the UAE, which is not a party to the Hague Convention and does not accept letters rogatory. Meanwhile, evidence available to the SEC suggests that Flynn and Vuuzle are continuing to recruit and mislead investors through direct email communications and press releases.  (Grossman Second Supp. Decl. at ¶¶ 6-7, Ex. 27, 28.)  Therefore, we submit that the Court's intervention is necessary to move this case forward expeditiously and protect investors on whom Flynn continues to attempt to prey.

As previously argued, the SEC believes that email is the most efficient, fair, and reasonable way of effecting service on Flynn under these circumstances – particularly given that Flynn has already publicly confirmed that he has received actual notice of the Commission's complaint. (Declaration of Drew Isler Grossman dated February 16, 2021, at ¶ 18, Ex. 21 (Dkt. No. 9-23)). Accordingly, the SEC respectfully renews its request that the Court grant its motion for alternative service by email.

In the alternative, if the Court determines that the SEC must first attempt to effectuate service at the World Trade Centre Residences address in the UAE, the SEC respectfully requests that the Court hold in abeyance its motion for alternative service while the SEC retains counsel in Dubai and attempts service on Defendant Flynn at that address.

        Respectfully Submitted,

        */s/ Devon Staren*

        Devon Leppink Staren
        U.S. Securities and Exchange Commission
        100 F Street, NE
        Washington, DC 20549
        202-551-5346
        starend@sec.gov

cc:    All parties and counsel of record (by ECF)