# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* vs. **VUUZLE MEDIA CORP., RONALD SHANE FLYNN, AND RICHARD MARCHITTO,** *Defendants.* | Civil Action No. 2:21-cv-1226 (KSH) (CLW) |

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Devon Leppink Staren
Daniel J. Maher
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-4737 (Maher)
Tel: (202) 551-5346 (Staren)
MaherD@SEC.gov
StarenD@SEC.gov

*Counsel for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

BACKGROUND ........................................................................................................1

ARGUMENT ........................................................................................................4

I. There is no dispute that good cause exists to enter the protective
 order as proposed by the SEC……………………...…………….…….4

II. There is no basis to restrict the SEC's ability to share information
 with the DOJ or any other party with whom the SEC routinely shares
 information ……………………………………........................................5


CONCLUSION………………………………………………………...………..8

# **TABLE OF AUTHORITIES**

**CASES**

*SEC v. AA Capital Partners, Inc.*,
  No. 06-cv-51049, 2009 WL 3735880 (E.D. Mich., Nov. 3, 2009) ........................7

*SEC v. Christopher K. Schrichte, et. al.*,
  2:16-cv-05773-NIQA (Dkt. No. 28 (Aug. 11, 2017 E.D. Pa.) ..............................7

*SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, (D.C. Cir. 1980) ........................7, 8

*SEC v. Worldwide Markets, et. al.*,
  2:19-cv-14205-MCA-LDW (Dkt. No. 21-1 (Nov. 6, 2019 D.N.J.) ......................7

*U.S. v. Teyibo*, 877 F. Supp. 846 (S.D.N.Y. 1995) ...................................................6

**STATUTES**

15 U.S.C. § 77t(b) ..................................................................................................6

15 U.S.C. § 78u(d) .................................................................................................6

15 U.S.C. §78d .......................................................................................................5

15 U.S.C. §78x(c) ..................................................................................................5

**RULES**

Fed. R. Civ. P. 26(c) ............................................................................................1, 4

Fed. R. Civ. P. 5.2 ..................................................................................................4

Local Civil Rule 37.1(a)(1) ....................................................................................4

Local Civil Rule 5.2(17) ...................................................................................4

Local Civil Rule 5.3(b)(5)...............................................................................1, 4

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3, Plaintiff U.S. Securities and Exchange Commission (the "SEC") respectfully moves the Court for entry of the protective order in the form filed herewith as a proposed Order. There is no dispute that there is good cause for entry of a protective order in this case. The only dispute seems to be whether the SEC should be restricted from sharing information with other parties with whom the SEC normally shares information it receives in the course of its investigations and litigation. As set forth below, there is no basis for restricting the SEC's ability to share information.

## BACKGROUND

On January 27, 2021, the SEC filed its Complaint in this matter, alleging that Defendants Ronald Shane Flynn and Vuuzle Media Corp. ("Vuuzle") engaged in a $14 million securities offering fraud, which was aided and abetted by Richard Marchitto. (Dkt. No. 1.) On or about April 7, 2021, the Department of Justice ("DOJ"), through the U.S. Attorney's Office for the Central District of California, charged Flynn with 15 counts of wire fraud in connection with the Vuuzle securities offering. (Declaration of Devon Leppink Staren ("Staren Decl."), filed herewith, at ¶ 5.)

In the course of its investigation of Flynn and Vuuzle, the SEC collected more than 72,000 documents and communications, many of which contain

sensitive personal information of individuals who invested in Vuuzle and its predecessor entity, Boink Live Streaming. (*Id*. at ¶ 2.) Included in these materials is sensitive personal information, such as investor names, family members, contact information, financial account numbers, and tax identification numbers. (*Id*.)

On March 26, 2021, in anticipation of discovery, the SEC provided counsel for Defendants Vuuzle and Marchitto a draft proposed protective order intended to protect this sensitive personal information of investor victims. (*Id*. at ¶ 3 & Ex. 1) However, Vuuzle objected to a paragraph in the SEC's proposed order, which provides that "[n]otwithstanding any other provisions contained herein, nothing in this Protective Order shall be construed to limit or otherwise abrogate the SEC's ability to make its files available pursuant to the 'Routine Uses of Information' section of SEC Forms 1661 or 1662, or to comply with any other statutory or international obligation." (*Id*. at ¶¶ 3-4, 6.) SEC Form 1662, provides notice to individuals providing information to the SEC that the SEC may share such information with state or federal law enforcement agencies, state and federal regulators, and others. (*Id*. at ¶ 4 & Ex. 2.)

At the June 3 conference with this Court, Vuuzle raised its objection to the SEC's proposed order. (*Id*. at ¶ 6.) In order to resolve the issue, this Court directed the parties to submit a stipulated schedule pursuant to which the parties would brief the matter. (*Id*.) In the week thereafter, SEC counsel met and conferred with

counsel for Vuuzle and Marchitto. (*Id*. at ¶ 7.)  By June 8, the parties had come to agreement on a briefing schedule.  (*Id*.)  Vuuzle agreed to submit the proposed schedule to the Court by letter.  (*Id*.)  However, Vuuzle never did. (*Id*.)

Over the next few weeks, the SEC attempted to meet and confer with Vuuzle regarding the status of the dispute and the timing of Vuuzle's submission of the issue to the Court.  (*Id*. at ¶¶ 8-9.)  At various times, counsel for Vuuzle indicated that they were reconsidering their position and intended to propose alternative language, but were unable to reach their client to discuss. (*Id*.)  At one point, one attorney for Vuuzle experienced a family emergency, so the SEC approached two other attorneys representing Vuuzle.  (*Id*. at ¶ 9.)

It was not until July 13, 2021, that the SEC finally received Vuuzle's edits to the protective order originally proposed by the SEC in March.  (*Id*. at ¶ 10.) On July 14, 2021, the SEC responded with a revised draft protective order that incorporated many of Vuuzle's proposed edits. (*Id*.)  However, the SEC did not agree to Vuuzle's modified language limiting the SEC's ability to share information as described in its Form 1662. (*Id*.)  On July 15, Vuuzle responded that it could not agree to the SEC's original language making clear that the SEC was permitted to share information as described in its Form 1662. (*Id*.)

At this point, the SEC and Vuuzle are in agreement as to all other terms of the proposed protective order.  However, the parties cannot come to agreement on

the information sharing provision – the SEC's original paragraph 6 – despite numerous attempts to meet and confer in satisfaction of its obligations under Local Civil Rules 5.3(b)(5) and 37.1(a)(1). (*Id*. at ¶ 11.)

## ARGUMENT

### I. There is no dispute that good cause exists to enter the protective order as proposed by the SEC

Under Fed. R. Civ. P. 26(c), a court may enter a protective order upon a finding of good cause, such as where it would "protect a . . . person from annoyance, embarrassment, oppression or undue burden or expense …."  As described above, the SEC has within its files numerous documents that contain sensitive personal information about investors, which include their names, family members, contact information, financial account information, and tax identification numbers.  The SEC respectfully submits, and Defendants do not dispute, that there is good cause to enter a protective order that would limit the parties' use of this sensitive personal information to purposes directly related to prosecuting and defending the litigation.  The SEC does not seek to limit public access to the documents if appropriately used in court filings, except to the extent that information is required to be redacted under Fed. R. Civ. P. 5.2 and Local Civil Rule 5.2(17).

**II.     There is no basis to restrict the SEC's ability to share information with the DOJ or any other party with whom the SEC routinely shares information**

The SEC respectfully submits that the protective order should be entered as proposed because there is no basis for restricting the SEC's ability to share information with federal or state law enforcement agencies, federal or state regulators, or any other party with whom the SEC routinely shares such information.

The SEC is an independent agency established by federal law with an express mandate to protect investors, maintain fair, orderly, and efficient markets, and facilitate capital formation.  *See* 15 U.S.C. §78d.  As such, the SEC serves important public interest and law enforcement functions.  In order to facilitate the SEC in carrying out these functions, the SEC has been granted express statutory authority to share information with other parties.

For instance, the federal securities laws expressly provide that the SEC may, in its discretion, share information with any person or entity, foreign or domestic, that the SEC deems appropriate.  *See* 15 U.S.C. §78x(c) ("[t]he Commission may, in its discretion and upon a showing that such information is needed, provide all 'records' . . . and other information in its possession to such persons, both domestic and foreign, as the Commission by rule deems appropriate . . .").  Pursuant to this authority, and in furtherance of the SEC's mission, the SEC

5

routinely shares information with a variety of other persons and entities, including, but not limited to domestic and foreign criminal and regulatory authorities, national securities exchanges, other organizations that are registered with the SEC, and state licensing and oversight authorities. These "routine uses of information" are not a secret and are not intended to be; they are disclosed in Section H of the SEC's Form 1662, which details the various parties and purposes for which the SEC, in its discretion, might determine to share information.

Federal statutes also provide specific authorization to the SEC to share information with the DOJ, expressly for use in criminal proceedings. *See* Securities Act of 1933 Section 20(b) [15 U.S.C. § 77t(b)] (providing that "[t]he Commission may transmit such evidence as may be available concerning such acts or practices to the Attorney General who may, in his discretion, institute the necessary criminal proceedings under this subchapter) and Securities Exchange Act of 1934 Section 21(d) [15 U.S.C. § 78u(d)] (containing identical language).

The SEC's public interest and law enforcement function has been recognized and approved by numerous federal courts, which routinely find that the SEC can – and should – share information in furtherance of the public good. *See, e.g., U.S. v. Teyibo*, 877 F. Supp. 846, 855 (S.D.N.Y. 1995) (holding that, unless a defendant's right to due process has otherwise been violated, "[t]he prosecution may use evidence acquired in a civil action in a subsequent criminal proceeding");

*SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1377, 1385-87 (D.C. Cir. 1980) (*en banc*) (reversing a panel decision to impose a protective order limiting the SEC's ability to share civil discovery with DOJ and noting that "[e]ffective enforcement of the securities laws requires that the SEC and Justice be able to investigate possible violations simultaneously") (internal citations omitted); *SEC v. AA Capital Partners, Inc.*, No. 06-cv-51049, 2009 WL 3735880 at *3 (E.D. Mich., Nov. 3, 2009) (rejecting the proposed order and finding that "[i]f the documents requested in the subpoena are relevant to a criminal investigation, the proposed protective order would stymie the SEC in providing that information to the appropriate law enforcement agencies").

Thus, it is no surprise that protective order provisions carving out the SEC's ability to share information are standard in SEC cases brought in the Third Circuit. *See, e.g., SEC v. Worldwide Markets, et. al.*, 2:19-cv-14205-MCA-LDW (Dkt. No. 21-1, para. 17 (Nov. 6, 2019 D.N.J.)); *SEC v. Christopher K. Schrichte, et. al.*, 2:16-cv-05773-NIQA (Dkt. No. 28, pg. 3 (Aug. 11, 2017 E.D. Pa.)).

The only circumstance under which the SEC might be prohibited from sharing information with the DOJ is where there has been a showing of bad faith. *See Dresser Industries, Inc.*, 628 F.2d 1368, 1387 (D.C. Cir. 1980) (explaining that "a bad faith investigation . . . is one conducted solely for criminal enforcement purposes"). Here, there is not even an allegation of bad faith by the SEC, nor

7

could there be. There is no evidence that the SEC has tried to hide the criminal investigation. In fact, each of the three Defendants in this case has been aware of the criminal investigation for more than a year. As in *Dresser*, the SEC, in investigating and charging the Defendants for defrauding victims into investing in Vuuzle, "plainly has a legitimate noncriminal purpose" of carrying out its mission in enforcing the federal securities laws. *See id*.

## CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court enter the protective order in the form submitted with this motion.

Dated: July 16, 2021	Respectfully submitted,

/s/ Devon Staren
_____
Devon L. Staren
Daniel J. Maher
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-5346 (Staren)
Tel: (202) 551-4737 (Maher)
StarenD@SEC.gov
MaherD@SEC.gov
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, I served a copy of the foregoing upon all counsel of record using this Court's ECF system, and upon Defendant Flynn using the email rflynn48@gmail.com.

/s/ Devon Staren
_____
Counsel for Plaintiff