# EXHIBIT 1

# Staren, Devon

| | |
|---|---|
| **From:** | Staren, Devon |
| **Sent:** | Friday, March 26, 2021 3:45 PM |
| **To:** | Jay V. Surgent; Donald A. Klein; Jacob S. Frenkel (jfrenkel@dickinson-wright.com); Seth B. Waxman; Aimee R. Gibbs |
| **Cc:** | Maher, Daniel; Grossman, Drew |
| **Subject:** | SEC v. Vuuzle 26(f) Conference |
| **Attachments:** | 2021.3.26 Draft Protective Order_Vuuzle.docx |

Counsel,

I am writing to check on your availability for a conference call next Thursday or Friday to confer on the discovery and scheduling matters specified in FRCP 26(f) and 16(b).

In addition, I am attaching a draft protective order for your review in advance of the call.

Thanks,
Devon

Devon Leppink Staren
Trial Counsel, Enforcement Division
U.S. Securities and Exchange Commission
100 F Street NE
Washington DC 20549
202-551-5346

1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>vs.<br><br>VUUZLE MEDIA CORP., RONALD SHANE FLYNN, AND RICHARD MARCHITTO,<br><br>*Defendants.* | Civil Action No. 2:21-cv-1226 (KSH) (CLW) |

### STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCLOSURE OF SENSITIVE PERSONAL INFORMATION AND OTHER CONFIDENTIAL INFORMATION

THIS MATTER is before the Court on the request of the parties for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c).

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") are or will be engaged in discovery proceedings among themselves and third parties that will include, among other things, the production of documents and the taking of depositions that may reveal sensitive personally identifiable information about individuals and other confidential information that should be protected from further disclosure or use; and

WHEREAS, the parties desire to protect the confidentiality of such information and to ensure the appropriate treatment of personal and confidential information in this action;

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, and all other persons with actual notice of this Order will adhere to the following terms:

1.	As used in this Order, the term "Sensitive Personal Information" shall include any one or more of the following categories of personal and private information: (a) a social security or tax identification number; (b) individuals' financial information, including but not limited to statements or account numbers for any bank account, credit card account, brokerage account, fund transfer or payment facilitation account, mortgage, or loan; (c) biometric data, such as a finger or voice print; (d) tax information, including but not limited to tax returns; (e) the phone number(s) of any individual person; (f) the birth date of any individual person; (g) the name of any individual person who, at the time of the filing of the Complaint in this action, was known to be less than 18 years old; (h) medical information, and/or (i) the maiden name of an individual's mother.

2.	Sensitive Personal Information does not include information about an individual that is lawfully available to the general public.

3.	Sensitive Personal Information produced during the course of this litigation shall not be used by any Party to this litigation except as expressly permitted hereunder.

4.	Sensitive Personal Information:

    a.	Shall be used only for the purposes of this litigation;

    b.	Shall not be used for any business or commercial purposes;

    c.	Shall not be disclosed to any third party, published, or otherwise made public in any form except as permitted below:

    d.	May be disclosed only to the following persons, on an as-needed basis in the course of the litigation, with reasonable precautions taken to ensure the confidentiality of the information:

        i.	A Party;

ii. Counsel for any Party and employees and agents of counsel who have responsibility for the preparation and trial of this action, including but not limited to attorneys, secretarial, clerical, administrative, paralegal, legal support staff, and contractors, including any person or entity with whom a Party contracts to reproduce or manage documents;

iii. Deposition and trial witnesses and others whom counsel in good faith have a reasonable expectation may be a deposition or trial witness in the action, provided that such persons shall first be advised of the existence and content of this Stipulation and Protective Order and shall execute a Declaration of Confidentiality in the form attached hereto as **Exhibit A**;

iv. A document's author(s), recipient(s), or others to whom the document's author(s) or recipient(s) sent a copy;

v. Independent (non-employee) consultants, expert witnesses, or advisors retained by any Party or counsel for any Party to assist in the preparation and trial of this action, provided that such persons shall first be advised of the existence and content of this Protective Order and shall execute a Declaration of Confidentiality in the form attached hereto as **Exhibit A**;

vi. The Court, members of the jury, and court personnel, including any Judge or Magistrate assigned to the action, their staff, as well as

      court reporters, videographers, or stenographers engaged to record depositions, hearings or trial testimony, and their employees;

   vii. Such other persons as hereafter may be authorized by written consent of all the Parties, the original producing party or non-party, or the Court upon motion of any Party or for any other reason.

  5. Disclosing Parties shall retain and preserve all completed and signed Declarations of Confidentiality received from persons identified in Paragraphs 4(iii) and 4(v) for the duration of this action and any appeals arising therefrom, or until further order of the Court.

  6. Notwithstanding any other provisions contained herein, nothing in this Stipulation and Protective Order shall be construed to limit or otherwise abrogate the SEC's ability to make its files available pursuant to the "Routine Uses of Information" section of SEC Forms 1661 or 1662, or to comply with any other statutory or international obligation.

  7. If, in connection with this action, a Party inadvertently or mistakenly produces or discloses documents or information subject to a claim of attorney-client privilege, attorney work product protection, the joint defense privilege, the common interest privilege, and/or other privilege or protection ("Inadvertently Produced Information"), then the disclosing Party shall so notify the Party or Parties to whom the document or information was produced in writing within five (5) business days of such discovery. The failure to provide such notification within the five-day period shall result in a waiver of the claim of privilege. Within five (5) business days of receipt of written notice from the disclosing Party, the receiving Party or Parties shall return, sequester or destroy all copies of the identified material and make no further use of such material pending resolution of the claim.

8.  If a receiving party receives documents or information that obviously appear to be subject to attorney-client privilege, work product doctrine, the joint defense privilege, and/or other applicable privilege, the receiving party must refrain from examining the documents or information any more than is necessary to ascertain if the materials are privileged and shall immediately notify the producing Party in writing that he or she possesses documents or information that appears to be privileged.

9.  The Parties shall meet and confer in an effort to resolve any disagreements concerning the identified material, including, but not limited to disagreement(s) concerning whether the material is privileged, whether the production was inadvertent, or whether the privilege has been waived.  If the Parties cannot resolve their disagreement(s), any Party may apply to the Court within five (5) days of the meet-and-confer and present the information to the Court under seal for a ruling on the disclosing Party's claim.

10. The parties agree to be bound by the terms of this Order pending its entry by the Court.  Any violation of the terms of this Order before it is entered by the Court shall be subject to the same sanctions and penalties as if the Order had already been entered by the Court.

11. The obligations imposed by this Order shall remain in effect even after the final disposition of this litigation unless the Court orders otherwise.

12. This Stipulation and Proposed Order may be modified by agreement of the Parties and upon further Order of the Court for good cause shown.


Dated: _____            _____
                                          UNITED STATES DISTRICT JUDGE

Stipulated and agreed to:

Dated: _____, 2021

*/s/ DRAFT*_____
Daniel J. Maher
Devon Staren
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-4737 (Maher)
(202) 551-5346 (Staren)
maherd@sec.gov
starend@sec.gov

[DEFENSE COUNSEL CAPTIONS]

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff*,<br><br>vs.<br><br>**VUUZLE MEDIA CORP., RONALD SHANE FLYNN, AND RICHARD MARCHITTO,**<br><br>*Defendants*. | Civil Action No. 2:21-cv-1226 (KSH) (CLW) |

**DECLARATION OF CONFIDENTIALITY**

I, _____, state that:

    1. My address is _____.

    2. My present employer is _____ and the address of my present employment is _____.

    3. My present occupation or job description is _____.

    4. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

    5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Sensitive Personal Information disclosed to me.

    6. I will limit use of Sensitive Personal Information disclosed to me solely for purpose of this action.

    7. No later than the final conclusion of the case, I will return all Sensitive Personal Information and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party that provided me the information and/or who retained me for purposes of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____
                                                                    [Name]