Jacob S. Frenkel, Esq.
Seth B. Waxman, Esq.
Melissa A. Alcantara, Esq. (NJ
Attorney ID No.:  014002004)
**DICKINSON WRIGHT, PLLC**
1825 I Street, Suite 900
Washington, DC 20006
Tel. (direct): (202) 466-5953
Email: jfrenkel@dickinsonwright.com
swaxman@dickinsonwright.com
malcantara@dickinsonwright.com
*Attorneys for Defendant Vuuzle Media Corp.*

Aimee R. Gibbs, Esq.
**DICKINSON WRIGHT, PLLC**
350 S. Main Street, Suite 300
Ann Arbor, MI  48104
Tel.:  (734) 623-1653
Email:  agibbs@dickinsonwright.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff*,<br><br>vs.<br><br>**VUUZLE MEDIA CORP., RONALD SHANE FLYNN, AND RICHARD MARCHITTO,**<br><br>*Defendants*. | Civil Action No. 2:21-cv-1226 (KSH) (CLW) |

## BRIEF OF VUUZLE MEDIA CORP. IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

# TABLE OF AUTHORITIES

**Statutes**

Section 20(b) of the Securities Act of 1933, 15 U.S.C. § 77t(b) ...........................7, 8

Section 21(d)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d) ....7, 8

**Other Authorities**

S.E.C. Div. of Enforcement, Enforcement Manual dated November 28, 2017
    at 19-20, §2.4, The Wells Process .....................................................................3

S.E.C. Div. of Enforcement, Enforcement Manual dated November 28, 2017
    at 36, §3.2.3.1, Forms 1661 and 1662 ...............................................................5

**Rules**

Fed. R. Civ. P. 26 .....................................................................................................4

Fed. R. Civ. P. 26(b)(1) ................................................................................. passim

The parties have agreed to all provisions of a Proposed Protective Order except for one – Paragraph 6.[1] Ironically, the cases that Plaintiff Securities and Exchange Commission ("SEC" or "Commission") cites in its Motion For Entry of Protective Order (the "Motion") support the precise limited scope Paragraph 6 that Vuuzle proposes; nevertheless, that scope which aligns with Fed. R. Civ. P 26(b)(1) is unacceptable to the SEC. Instead, the SEC proposes to use litigation discovery as it would any information that the SEC obtains either voluntarily or pursuant to an investigative administrative subpoena. Such uses are specifically set forth in the "Routine Uses of Information" in either of two multi-page forms bearing SEC form numbers 1661, "Supplemental Information for [Regulated] Entities Directed to Supply Information to the Commission Other Than Pursuant to Commission Subpoena," (Ex. 1), and 1662, "Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena," (Ex. 2 (also at ECF 41-4, SEC Ex. 2)). Neither form even makes express reference to Fed. R. Civ. P. 26(b)(1) amid all of the other statutes and Rules that the Commission heralds as important enough to enumerate among its

---

[1] Initially, in the meet and confer discourse with the SEC, Defendant Vuuzle posited limiting Paragraph 6 only to the SEC, such that the SEC would not have been able to share any discovery with the Department of Justice. The SEC did not agree, and Vuuzle commenced to assess more fully its position in attempting to agree on the terms of a Protective Order. After consideration of the statutory authority in the governing federal securities laws and case law, Defendant Vuuzle determined not to pursue such broader limitation for inclusion in the proposed Protective Order.

"Routine Uses of Information." Vuuzle simply asks the Court to prevent the SEC from using discovery however broadly the SEC may desire, which is the import of Forms 1661 and 1662, and, instead, limit the SEC's use of discovery to its permitted scope under Fed. R. Civ. P. 26(b)(1). Plain and simple, that is the discovery dispute, whether this Court will bind the SEC to Fed. R. Civ. P. 26(b)(1) or give the SEC near unbridled use of information produced during discovery.

> The SEC proposes that Paragraph 6 of the Protective Order read as follows:
>
> Notwithstanding any other provisions contained herein, nothing in this Protective Order shall be construed to limit or otherwise abrogate the SEC's ability to make its files available pursuant to the "Routine Uses of Information" section of SEC Forms 1661 or 1662, or to comply with any other statutory or international obligation.

Such text directly contravenes Fed. R. Civ. P. 26(b)(1). Forms 1661 and 1662 are SEC-invented documents setting forth arguably limitless permissible catch-all "routine" uses and purposes for SEC disclosure and uses of documents and information obtained during the agency's administrative non-public investigation. Exs. 1, 2. Stated differently, SEC Forms 1661 and 1662 are agency constructs proscribed for investigative use and other discretionary uses of the agency's choice. For that reason, this issue becomes an important battleground for the SEC. Here, in the investigation that gave rise to this SEC lawsuit, the SEC <u>never</u> sought any information whatsoever from Vuuzle during its investigation. There were no requests to Vuuzle to provide information voluntarily. There were no administrative

subpoenas to Vuuzle. Voluntary requests or administrative subpoenas to a corporation with active business operations are hallmarks of a fair fact-finding regulatory investigation that should precede any SEC Enforcement action. There was not even a Wells Notice to afford Vuuzle the opportunity to dissuade the SEC from filing a case.[2] Undoubtedly, to the SEC's dismay, Vuuzle answered the Complaint, disputing the SEC's narrative and conveying that Vuuzle is a real company with brick and mortar buildings housing a state-of-the-art studio in the United Arab Emirates, functioning operations in the Philippines and Las Vegas, and employing staff across its creative, marketing, and programming multi-media departments. Now the SEC wants this Court to put its imprimatur on the SEC's limitless and discretionary use of discovery that the SEC will receive in litigation – under and subject to Fed. R. Civ. P. 26(b)(1) – for purposes well beyond what the SEC itself previously decided was unnecessary and irrelevant during and to advance its investigation.

---

[2] "A Wells notice is a communication from the staff to a person involved in an investigation that: (1) informs the person the staff has made a preliminary determination to recommend that the Commission file an action or institute a proceeding against them; (2) identifies the securities law violations that the staff has preliminarily determined to include in the recommendation; and (3) provides notice that the person may make a submission to the Division and the Commission concerning the proposed recommendation." SEC Enforcement Manual at 19-20, §2.4, The Wells Process, https://www.sec.gov/divisions/enforce/enforcementmanual.pdf, excerpted at Ex. 3 ("Enforcement Manual").

3

Normally, Fed. R. Civ. P. 26(b)(1), Discovery Scope and Limits, should circumscribe the use of information obtained during litigation discovery:

> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. (emphasis added)

Fed. R. Civ. P. 26(b)(1). This Rule that applies to all federal litigation establishes that discoverable information is to be relevant to the SEC's claim. Fed. R. Civ. P. 26 does not have a "SEC Exception" to enable the Commission to use information produced as it wishes, consistent with its self-determined "routine uses." No differently, Vuuzle, despite being a media enterprise with movies, television shows and live television available through an app, cannot take the SEC's discovery and in turn publish the discovery on a live television show. Essentially, that is what Vuuzle's reciprocal "routine use" would look like, compared verbatim to the SEC's "routine use." See Ex. 2, Routine Use 18, p. 4 ("To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction."). By no means is that what Vuuzle requests or even suggests that the Court should consider. Relevant

4

to the case is what Fed. R. Civ. P. 26(b)(1) provides, and that alone is Vuuzle's request.

There are two additional important points relating to the SEC's requested language that warrant highlighting. SEC Form 1661, by the Commission's own practice, is irrelevant entirely to both the investigation the SEC conducted and the instant litigation.[3] As set forth in the SEC Enforcement Manual, "[w]hen requesting documents or information other than pursuant to a subpoena, the staff provides all **regulated persons or entities** with a copy of **Form SEC 1661**." (emphasis added). Enforcement Manual at 36, §3.2.3.1, Forms 1661 and 1662. Form 1661 applies to broker-dealers, investment advisers and other regulated entities. Not one defendant, or for that matter not one identified or reasonably projected witness, is a SEC regulated entity. The SEC's Division of Enforcement Staff provides a Form 1662 "[w]hen requesting documents or information (including interviews, voluntary or subpoenaed document productions, and testimony) from **any witness**…." Id. (emphasis added). The inclusion of Form 1661 is a function of gratuitous drafting and nothing else.

The second important point is simply to examine, the Form 1662, Section H, Routine Uses of Information, to observe the expansive and untethered uses and

---

[3] The SEC presumably did not attach the Form 1661 to its Motion likely because of the Form's applicability only to regulated entities and inapplicability here. Vuuzle has provided the Form 1661 for reference at Exhibit 1.

disclosures of documents and information, many of which go well beyond anything that logically or reasonably could be contemplated or permitted in civil litigation discovery. Read carefully, allowing the SEC to use civil litigation discovery as it proposes "pursuant to the 'Routine Uses of Information' section of SEC Forms 1661 or 1662" would permit the SEC such freedom as to give discovery to non-parties for their unrestricted own use, for SEC use in other unrelated proceedings, help the SEC decide whether to hire or retain employees or enter contracts, give to local or professional licensing boards, share with international agencies that conceptually may not afford any due process or equal protection rights, produce summary descriptive statistics and analytical studies for agency manpower studies and reporting to Congress, provide to any persons during the course of <u>any</u> SEC inquiry or examination, hand off to agency interns and contractors helping the SEC perform recordkeeping services, use in SEC studies and other reports, give to SEC advisory committees to enable them to perform their advisory functions, deliver to Congressional offices, hand to "the press [] and the public in response to inquiries," and respond to compulsory process in other proceedings. This partially inclusive and non-exhaustive list is no exaggeration; all the Court need do is read all 22 items that comprise Section H of Exhibit 2 and span nearly one and one-half pages. The two time-tested technical phrases that best describe the link between the Form 1662 Section H "Routine Uses of Information" and Fed. R. Civ. P. 26(b)(1) are "you must

6

be kidding" and "you can't say that with a straight face" when applied to federal court litigation under the Federal Rules of Civil Procedure.

Vuuzle reluctantly proposes and agrees to the following language for Paragraph 6 of the Protective Order:

> As provided in Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), the Commission may transmit such evidence as may be available concerning such acts or practices as may constitute a violation of any provision of the Exchange Act or the rules or regulations thereunder to the Attorney General (the United States Department of Justice). Further, as provided in Section 20(b) of the Securities Act of 1933 ("Securities Act"), the Commission may transmit such evidence as may be available concerning such acts or practices as may constitute a violation of any provision of the Securities Act or the rules or regulations thereunder to the Attorney General (the United States Department of Justice).

This proposed language, rather than a creative compilation of SEC staff non-litigation related uses and license for unrestricted discretionary media communications, expressly tracks relevant Exchange Act and Securities Act statutory provisions. Vuuzle proposes this language "reluctantly," because and knowing full well that the SEC and Department of Justice are working closely given the parallel investigations conducted and indictment by the Department of Justice of co-defendant Ronnie Shane Flynn. (ECF 41-5, SEC Ex. 3). Moreover, much as Vuuzle, through counsel, believes that ultimate discovery regarding communications between the SEC and DOJ is warranted to determine whether DOJ either used or is using the SEC to advance its criminal investigation, or vice versa,

7

and thereby to ascertain whether any of the Government's evidence against Vuuzle may be tainted, Vuuzle realizes the Court may not permit such discovery.[4]

Rather than abide by the Federal Rules of Civil Procedure that govern all parties in civil litigation, the SEC's proposed language attempts to manipulate the Protective Order so that the SEC may continue to use litigation-sourced discovery from its own a la carte menu of "Routine Uses," all invariably to the detriment of the Defendants and their ability to defend against the SEC's allegations. The Exchange Act and Securities Act permit the SEC to share information with the Attorney General, and that is the limited expansive use to which the Court should permit the SEC for any discovery in the instant case.[5] 15 U.S.C. §§ 77t(b), 78u(d). Inclusion of Vuuzle's proposed language relating to permitted disclosures under the Protective Order adequately defers to the established statutory disclosures, while reasonably tying the SEC to the same Federal Rules of Civil Procedure that govern

---

[4] Discovery should permit determining whether evidence gathered using federal grand jury process has found its way into the foundation for the instant civil allegations against Vuuzle.

[5] Vuuzle acknowledges the statute, notwithstanding that applying a fundamental fairness standard to the appropriate scope of discovery use under the Protective Order should be limited strictly to Plaintiff-SEC's use. Merely because defendants typically do not object to the SEC circumventing the standard Federal Rules of Civil Procedure and doing whatever it wants with discovery does not mean that the Form 1661 and 1662 "Routine Use" language is proper, or that it does not effectively curtail defendants' abilities to defend against claims brought by the SEC.

the Defendants, rather than the SEC self-constructs and expansive "Routine Uses" for investigative procedures and purposes, not litigation.

The SEC's anticipated reply brief likely will include that the language the SEC seeks appears in every SEC litigation Protective Order in this District and others, and that alone is dispositive of its propriety. In fact, it is dispositive of nothing, as counsel has found not one reported case in any District which challenged this broad issue of the broad range of "Routine Uses" satisfying Fed. R. Civ. P. 26(b)(1). Merely because other defendants in other litigation against the SEC have not sought to challenge the irrelevant and overbroad use of dropped in "Routine Uses" language in protective orders does not constitute justification. Fairness and the Federal Rules of Civil Procedure themselves dictate that the SEC's use of discovery should be limited to Fed. R. Civ. P. 26(b)(1). Much as Vuuzle would prefer even to prohibit the transfer of any discovery to the Department of Justice, Vuuzle believes it is constrained by the language of the two referenced statutes. There is a fundamental lack of fairness and denial of equal protection attendant to enabling the SEC to advance the work of DOJ, where DOJ is desperately trying to shore up a criminal case against someone not even in its custody but against whom it made public a returned indictment for the apparent purpose of circuitously disparaging the Defendant company in the SEC's civil proceeding.

The Form 1661 and 1662 "Routine Uses" ceased being applicable when the investigation ended. When the SEC filed the civil litigation against Vuuzle (and others), it elected to exit the investigative framework which falls under the purview of SEC Forms 1661 and 1662, and intentionally shifted to litigation where the Federal Rules of Civil Procedure control, not agency preference and practice. It is for these reasons that Vuuzle respectfully requests that the Court enter the Vuuzle Proposed Protective Order in the form submitted with this motion, attached as Ex. 4.

Dated: July 27, 2021

DICKINSON WRIGHT PLLC

s/ Melissa A. Alcantara
Jacob S. Frenkel (admitted *pro hac vice*)
Seth B. Waxman (admitted *pro hac vice*)
Melissa A. Alcantara (NJ Attorney ID: 014002004)
Dickinson Wright PLLC
1825 I St., N.W., Suite 900
Washington, DC  20006
Phone (direct): (202) 466-5953
E-Mail: jfrenkel@dickinsonwright.com
swaxman@dickinsonwright.com
malcantara@dickinsonwright.com

Aimee R. Gibbs (admitted *pro hac vice*)
Dickinson Wright PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI  48104
Phone: (734) 623-1653
E-Mail: agibbs@dickinsonwright.com

*Attorneys for Defendant Vuuzle Media Corp.*

10

## CERTIFICATE OF SERVICE

I hereby certify that, on July 27, 2021, a copy of the within Brief Of Vuuzle Media Corp. In Opposition To Plaintiff's Motion For Entry Of Protective Order, will be sent by email to counsel for all parties by operation of the Court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated:  July 27, 2021               By:   s/ Melissa A. Alcantara
                                                Melissa A. Alcantara