# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff*,<br><br>vs.<br><br>**VUUZLE MEDIA CORP., RONALD SHANE FLYNN, AND RICHARD MARCHITTO,**<br><br>*Defendants*. | Civil Action No. 2:21-cv-1226 (KSH) (CLW)<br><br>Return Date: August 16, 2021 |

## REPLY BRIEF IN SUPPORT OF THE PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Devon Leppink Staren
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-5346 (Staren)
StarenD@SEC.gov

*Counsel for Plaintiff*

# **TABLE OF AUTHORITIES**

**CASES**

*SEC v. AA Capital Partners, Inc.*,
No. 06-cv-51049, 2009 WL 3735880 (E.D. Mich., Nov. 3, 2009) ...........................3

**STATUTES**

15 U.S.C. § 77t(b) ..................................................................................................2

15 U.S.C. § 78u(d) .................................................................................................2

15 U.S.C. § 78x(c) ...............................................................................................1,2

**RULES**

Fed. R. Civ. P. 26(b)(1) ..........................................................................................1

Vuuzle's opposition to the protective order proposed by the SEC appears to rest on a faulty interpretation of Federal Rule of Civil Procedure 26(b)(1).  This rule essentially limits the scope of discovery in litigation to "relevant" documents and information.  However, the SEC does not seek to expand the scope of its discovery beyond what is permitted in this rule.  Rather, the SEC seeks a provision in the protective order that recognizes that the SEC, to further its mission of investor protection, regularly and appropriately shares information and documents with other regulators and law enforcement agencies, as described in the SEC's Forms 1661 and 1662.  Federal Rule of Civil Procedure 26(b)(1) does not address, in any way, how a party may use the information obtained in discovery.  The supposed basis of Vuuzle's opposition is, simply, inapposite.

Vuuzle also appears to misinterpret the purposes of SEC Forms 1661 and 1662.  Vuuzle is correct that these forms provide disclosure about how the SEC uses and shares documents and information obtained in investigations.  However, these forms are not the source of the SEC's authority.  That authority comes directly from federal statutes, which codify Congress's recognition of the important public interests served by the SEC's sharing of information.  *See, e.g.,* Securities Exchange Act of 1934 ("Exchange Act") § 24(c) [15 U.S.C. § 78x(c)],[1]

---

[1]     "The Commission may, in its discretion and upon a showing that such information is needed, provide all "records" (as defined in subsection (a)) and

Securities Act of 1933 Section 20(b) [15 U.S.C. § 77t(b)]², and Exchange Act Section 21(d) [15 U.S.C. § 78u(d)].³ These statutes impose no limitation on the source of the information to be shared – whether from an investigation, civil discovery, or some other process.

Pursuant to this statutory authority, the SEC can – and should – share information with state, federal, and foreign criminal and regulatory authorities, organizations that are registered with the SEC, and state licensing and oversight authorities. Vuuzle's proposed protective order language would undermine the SEC's Congressionally-mandated purpose and have the bizarre result of prohibiting the SEC from sharing information with other regulatory bodies, such as the CFTC or FINRA, foreign regulatory authorities with whom we have international treaties under which we are obligated to provide information, or state criminal authorities trying to protect their own citizens.

---

other information in its possession to such persons, both domestic and foreign, as the Commission by rule deems appropriate if the person receiving such records or information provides such assurances of confidentiality as the Commission deems appropriate.

²   "The Commission may transmit such evidence as may be available concerning such acts or practices as may constitute a violation of any provision of this chapter or the rules or regulations thereunder to the Attorney General, who may, in his discretion, institute the necessary criminal proceedings under this chapter."

³   Containing identical language as 15 U.S.C. § 77t(b).

The unusual nature of Vuuzle's request is underscored by the fact that it does not cite to a single case supporting its position. As Vuuzle acknowledges, the SEC's proposed language is routinely included in its protective orders. And courts have addressed and rejected the idea that the SEC should be prohibited from sharing information. For instance, in *SEC v. AA Capital Partners, Inc.*, No. 06-cv-51049, 2009 WL 3735880 at *3 (E.D. Mich., Nov. 3, 2009), the defendant sought a protective order that would limit the SEC's sharing of information. In denying the defendant's motion, the court found that the proposed order "would impede the SEC's law enforcement function," including "shar[ing] information with law enforcement agencies, including United States Attorneys and state prosecutors." *Id.*

The SEC respectfully requests that the Court enter the protective order in the form submitted with its Motion for Entry of Protective Order.

Dated: July 29, 2021

Respectfully submitted,

/s/ Devon Staren
_____
Devon L. Staren
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-5346 (Staren)
StarenD@SEC.gov
*Counsel for Plaintiff*

3

Case 2:21-cv-01226-KSH-CLW   Document 44   Filed 07/29/21   Page 6 of 6 PageID: 629

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2021, I served a copy of the foregoing upon all counsel of record using this Court's ECF system, and upon Defendant Flynn using the email rflynn48@gmail.com.

/s/ Devon Staren
_____
Counsel for Plaintiff