

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**DIVISION OF**
**ENFORCEMENT**

Devon Leppink Staren
Trial Counsel
Direct Dial: (202) 551-5346
Email: starend@sec.gov

September 23, 2021

**VIA ECF**

The Honorable Katharine S. Hayden
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

      Re:    <u>SEC v. Vuuzle Media Corp., et al.; Case No. 2:21-cv-01226 (D.N.J.)</u>

Dear Judge Hayden:

      We write in response to Defendant Vuuzle Media Corp.'s request for an emergency conference with the Court to adjourn the return date on the Motion for Preliminary Injunction ("PI Motion"), filed by the U.S. Securities and Exchange Commission ("SEC"). (Dkt. Nos. 50 to 50.3.)

      The SEC filed its PI Motion along with a Motion to Amend the Complaint on September 15, 2021. (Dkt. Nos. 45 to 49.2.) Although the timing of the two motions is somewhat unusual, it does not require that the PI Motion hearing be delayed. The two motions can be heard together and the Preliminary Injunction can be entered.[1] The PI Motion should not be delayed, as it presents detailed and specific evidence that Defendants are perpetrating an egregious and ongoing securities fraud that should be halted as soon as possible.

      Moreover, the two additional parties named in the SEC's Amended Complaint – proposed Defendant Vuuzle Media Corp. Limited and proposed Relief Defendant Vumu Music LLC – are operated and controlled by the same individuals that control current Defendant Vuuzle Media Corp., including Defendants Ronald Shane Flynn and Richard Marchitto.[2] Defendants are merely using these new entities to continue to raise investor funds in violation of the securities laws, notwithstanding the filing of the SEC's Complaint in January of this year. (Dkt. No. 1.) Thus, a

---

[1]     The entry of a preliminary injunction does not need to be based on a complaint. FRCP 65.1 permits a preliminary injunction to be entered upon a complaint *or* "by affidavit or other document complying with 28 U.S.C. § 1746."

[2]     Contrary to Vuuzle's claims, there is little risk that the proposed Defendant and Relief Defendant would not know of the motions pending before the Court.

delay on hearing the SEC's PI Motion would serve only to allow the Defendants more time to continue to harvest new investor funds from victims.

In support of its request, Vuuzle complains that the SEC did not provide notice of its intent to file the PI Motion.[3]  In fact, the SEC sent emails in July to all three Defendants notifying them of what appeared to be ongoing misconduct and specifically "reserve[d] our right to bring this to the Court's attention."  The SEC received no response to the emails from Defendants Flynn or Marchitto.  Counsel for Vuuzle eventually responded that the ongoing misconduct was *outside the scope of his firm's representation*. These email communications are attached as **Exhibits 1 and 2**.

Based on the foregoing, the SEC respectfully requests that the Court reject Vuuzle's request and maintain the current schedule for hearing the SEC's PI Motion and Motion to Amend the Complaint.


Respectfully Submitted,


  /s/ Devon Staren
Devon Leppink Staren
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
202-551-5346
202-772-9244 (facsimile)
starend@sec.gov


cc:    Honorable Judge Cathy L. Waldor, U.S.M.J.

---

[3]    Vuuzle separately complains that they did not receive production of documents received by the SEC under FRCP 45.  The SEC served notice of its Rule 45 subpoenas on all Defendants, as required.  Yet, to date, no Defendant, including Vuuzle, has served any request for production of documents on the SEC.  At the same time, no Defendant has produced any documents in response to the SEC's requests for production, which were served on July 20, 2021.   Nonetheless, as Vuuzle and Marchitto have indicated a desire for those documents, the SEC is willing to produce all materials received in response to its Rule 45 subpoenas.

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, I served a copy of the foregoing upon all counsel of record using this Court's ECF system, and upon Defendant Flynn using the email rflynn48@gmail.com.

*/s/ Devon Staren*
Counsel for Plaintiff