# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# NEWARK DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff*,<br><br>vs.<br><br>**VUUZLE MEDIA CORP., RONALD SHANE FLYNN, AND RICHARD MARCHITTO,**<br><br>*Defendants*. | Civil Action No. 2:21-cv-1226 (KSH) (CLW) |

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Devon L. Staren
Gregory N. Miller
100 F Street, N.E.
Washington, D.C., 20549
(202) 551-5346 (Staren)
starend@sec.gov
(202) 551-4469 (Miller)
millergn@sec.gov
*Counsel for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

BACKGROUND .....................................................................................................1

ARGUMENT ...........................................................................................................3

    I.   Federal Statute Authorizes the Commission to Delegate its Authority ...........3

    II.  SEC has Delegated Authority to Share Information to SEC employees .........3

    III. Courts Have Upheld the SEC's Delegation of Authority to Share Information……………………………………………………………….5

CONCLUSION ........................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases**

*First Multifund Advisory Corp. v. Williams*, 1987 WL 1624 (S.D.N.Y. 1981) ........5

*Lucia v. SEC*, 138 S. Ct. 2044 (2018)...................................................................6

*SEC v. Arthur Young & Co.*, 584 F.2d 1018 (D.C. Cir. 1978) ................................5

*SEC v. Horowitz & Ullman, P.C.*, No. C80-590A, 1982 WL 1576
(N.D. Ga. Mar. 4, 1982)...........................................................................................7

*SEC v. Ripple Labs, Inc.*, No. 20-cv-10832, 2021 WL 1814771
(S.D.N.Y. May 6, 2021)........................................................................................5, 6

*U.S. v. Fields*, 592 F.2d 638 (2d Cir. 1978).........................................................6, 7

**Statutes**

15 U.S.C. § 77s(d)....................................................................................................2

15 U.S.C. § 77t(b) ....................................................................................................2

15 U.S.C. § 78d-1(a) ................................................................................................3

15 U.S.C. § 78q(b) ...................................................................................................2

15 U.S.C. § 78u(d) ...................................................................................................2

15 U.S.C. § 78x(d) ...................................................................................................4

15 U.S.C. § 78x(g)(2)...............................................................................................2

15 U.S.C. §78x(c) ....................................................................................................1

15 U.S.C. §80a-41(d) ........................................................................................................2

15 U.S.C. §80b-9(d) .........................................................................................................2

**Rules**

17 C.F.R. § 200.19b .........................................................................................................4

17 C.F.R. § 200.24c-1 ......................................................................................................4

17 C.F.R. § 200.30-1 ........................................................................................................4

17 C.F.R. § 200.30-11 ......................................................................................................4

17 C.F.R. § 200.30-13 ......................................................................................................4

17 C.F.R. § 200.30-14 ......................................................................................................4

17 C.F.R. § 200.30-15 ......................................................................................................4

17 C.F.R. § 200.30-17 ......................................................................................................4

17 C.F.R. § 200.30-18 ......................................................................................................4

17 C.F.R. § 200.30-3 ........................................................................................................4

17 C.F.R. § 200.30-3a ......................................................................................................4

17 C.F.R. § 200.30-4 ........................................................................................................4

17 C.F.R. § 200.30-5 ........................................................................................................4

17 C.F.R. § 200.30-6 ........................................................................................................4

17 C.F.R. § 200.30-7 ........................................................................................................4

Plaintiff U.S. Securities and Exchange Commission (the "Commission" or "SEC") respectfully submits this supplemental brief in further support of the SEC's Motion for Protective Order.

## BACKGROUND

On January 27, 2021, the SEC filed its Complaint in this matter, alleging that Defendants Ronald Shane Flynn and Vuuzle Media Corp. ("Vuuzle") engaged in a $14 million securities offering fraud, which was aided and abetted by Richard Marchitto. (Dkt. No. 1.) On July 16, 2021, the SEC filed a motion for entry of a protective order, which was opposed by Vuuzle on July 27, 2021, and the SEC filed its reply on July 29, 2021. (Dkt. Nos. 41, 43, 44.) The only dispute relates to the provision proposed by the SEC that would confirm that the SEC may share information it receives in discovery with other federal and state agencies and other persons, as it is statutorily authorized to do. Neither Marchitto nor Flynn have filed an opposition to any aspect of the SEC's proposed version of the protective order.

On October 12, 2021, the Court held oral argument during which the parties acknowledged that several federal statutes[1] authorize the SEC's sharing of

---

[1] The statutes discussed in the hearing include Section 24(c) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78x(c)], which provides for sharing by the Commission "in its discretion," as well as specific authorization to share information with the Department of Justice ("DOJ"), which appears in

information and records obtained by the SEC in the agency's investigations and litigation.  However, it was observed that the language of those statutes confer authorization to share on the "Commission."  The Court now asks the parties to brief the question of who at the "Commission" is permitted to share information outside the SEC, and whether the decision to share information has been delegated to the staff of the Enforcement Division.

The SEC respectfully submits that decisions to share information outside the agency do not need to be made by the body of five individuals that make up the "Commission."  Instead, federal law authorizes the Commission to delegate various functions and, pursuant to that authority, the SEC has appropriately

---

Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], Exchange Act Section 21(d) [15 U.S.C. § 78u(d)], Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §80b-9(d)], and Section 42(d) of the Investment Company Act of 1940 (Investment Company Act") [15 U.S.C. §80a-41(d)], each of which contains identical language.

The federal securities statutes also provide for more specific sharing of information by the Commission for purposes including, but not limited to, cooperation with state securities regulators (Securities Act Section 19(d) [15 U.S.C. § 77s(d)]) and cooperation with other agencies (Exchange Act Section 17(b) [15 U.S.C. § 78q(b)]).

Moreover, certain statutes mandate the SEC to share information in specific circumstances; for instance, in response to a request from Congress (Exchange Act Section 24(g)(1) [15 U.S.C. § 78x(g)(2)]).

delegated to SEC's Enforcement Division staff and other agency staff, the function of sharing information.

## ARGUMENT

**I.      Federal Statute Authorizes the Commission to Delegate its Authority**

Section 4(a) of Securities Exchange Act of 1934 ("Exchange Act") provides that the Commission:

> [s]hall have the authority to delegate, by published order or rule, any of its functions to a division of the Commission, an individual Commissioner, an administrative law judge, or an employee or employee board, including functions with respect to hearing, determining, ordering, certifying, reporting, or otherwise acting as to any work, business, or matter. [15 U.S.C. § 78d-1(a)] [2]

**II.     SEC has Delegated Authority to Share Information to SEC employees**

Pursuant to this statutory authority conferred by Congress, the SEC has published rules, which provide for the delegation of functions to various offices and divisions within the SEC.  These rules provide for Commission functions to be carried out by various heads of the SEC's divisions and offices or by SEC employees under the direction of those heads.

Among these rules is Exchange Act Rule 30-4, which specifically delegates functions to the Director of the Division of Enforcement "to be performed by him

---

[2]     The statute provides certain functions may not be delegated, including the Commission's rule-making obligations and certain functions relating to the administrative courts, which are not applicable here.

3

or *under his direction by such other person or persons as may be designated from time to time by the Chairman of the Commission.*" [17 C.F.R. § 200.30-4 (emphasis added)]. Expressly included among the delegated functions is the sharing of information outside the agency pursuant to Exchange Act Rule 24(c)-1[3] and Exchange Act Section 24(d) [15 U.S.C. § 78x(d)]. Exchange Act Rule 19(b) [17 C.F.R. § 200.19b], also expressly delegates to the Enforcement Director authority to grant access to nonpublic information in the Commission's enforcement files under Exchange Act Rule 24(c)-1.[4]

---

[3]   Exchange Act Rule 24(c)-1 is the rule pursuant to which the SEC shares "confidential" information as it is statutorily authorized to do under Exchange Act Section 24(c), which provides that:

> The Commission may, in it is discretion and upon a showing that such information is needed, provide all "records" …and other information in it is possession to such persons, both domestic and foreign, as the Commission by rule deems appropriate if the person receiving such records or information provides such assurances of confidentiality as the Commission deems appropriate.  [17 C.F.R. § 200.24c-1].

[4]   These rules provide that decisions to share information must be made "with the concurrence of the head of the Commission division or office responsible for such information or the files containing such information."  As with the enforcement director, the heads of other Commission divisions and offices also may sub-delegate functions to "such person or persons as may be designated from time to time by the Chairman of the Commission."  Exchange Act Rules 30-1, 30-3, 30-3a, 30-5, 30-6, 30-7, 30-11, 30-13, 30-14, 30-15, 30-17, and 30-18 [17 C.F.R. §§  200.30-1, 30-3, 30-3a, 30-5, 30-6, 30-7, 30-11, 30-13, 30-14, 30-15, 30-17, and 30-18].

Consistent with federal statutes and rules, the Commission has sub-delegated authority to share information outside the agency from the Enforcement Director to other enforcement supervisors and staff. Some of these processes are described in the SEC's Enforcement Manual, the relevant excerpt of which is attached as **Exhibit A**. Section 5.1 the Enforcement Manual explains that "[t]he SEC's rules permit the staff, by delegated authority, to grant access to nonpublic information to domestic and foreign governmental authorities, SROs, and other persons specified in Section 24(c) of the Exchange Act and Rule 24c-1 thereunder."

### III. Courts Have Upheld the SEC's Delegation of Authority to Share Information

Federal courts have long ago settled the question of whether that the SEC is authorized to delegate various functions to agency employees. *See, e.g., SEC v. Arthur Young & Co.*, 584 F.2d 1018, 1027 (D.C. Cir. 1978) (finding that the SEC properly delegated authority to issue subpoenas to SEC staff and noting that "Congress anticipated that the Commission's members would function more nearly at the level of policy determination, and might permissibly assign the planning and execution of particular projects to the staff"); *First Multifund Advisory Corp. v. Williams*, 1987 WL 1624 at *3 (S.D.N.Y. 1981) (observing that "Congress fully anticipated significant delegation of authority within the Commission," including authority to conduct investigations and hold hearings); *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832, 2021 WL 1814771 at *3 n. 2 (S.D.N.Y. May 6, 2021) (noting

5

that "the SEC also has statutory authority to delegate 'functions' to the staff"). More recently, the Supreme Court has noted that, pursuant to federal statute, "the Commission [] may, and typically does, delegate" certain tasks. *Lucia v. SEC*, 138 S. Ct. 2044, 2049 (2018).[5]

Among the delegated authority specifically upheld by courts is the SEC's sharing of information outside the agency. For instance, in *U.S. v. Fields*, 592 F.2d 638, 644-646 (2d Cir. 1978), the Second Circuit found the transmittal of evidence to the United States Attorney's Office by an SEC Branch Chief [6] and staff attorney to be a "commendable example of inter-agency cooperation." There – in an argument nearly identical to Vuuzle's – defendants claimed that "the statutes authorize only the 'Commission' to transmit evidence to the Attorney General for criminal proceedings." *Id*. at 644. The Second Circuit easily found the argument "totally without merit" and held that "the Commission is authorized by statute to

---

[5] Although the Supreme Court in *Lucia* ultimately rejected the authority of SEC administrative law judges, the decision was unrelated to the delegation of authority statute; but rather, turned on the holding that SEC administrative law judges were "Officers of the United States" who had not been properly appointed under the Appointments Clause (Article II, § 2, cl. 2) of the United States Constitution. *Lucia*, 138 S. Ct. at 2056.

[6] A "Branch Chief" was, historically, a supervisory attorney below an Assistant Director on the SEC's organizational chart. Any information sharing in this case would be at the direction of an Assistant Director or Supervisory Trial Counsel (the title given to Assistant Directors in the SEC's Washington, DC-based Trial Unit). The Branch Chief position no longer exists in the Division of Enforcement.

delegate 'any of its functions' to an employee." *Id*. at 644, 645-46. And, the court found that the Commission did delegate "its authority to act to Directors of Divisions and Regional Administrators, and further has empowered these officials to redelegate such authority to designated members of their respective staffs." *Id*.

Similarly, the court in *SEC v. Horowitz & Ullman, P.C.*, No. C80-590A, 1982 WL 1576 at *6, 7 (N.D. Ga. Mar. 4, 1982), in ordering defendants to comply with an SEC subpoena, found that the SEC staff had appropriately shared information with DOJ as authorized by federal law and the SEC's internal guidelines and processes. The court further held that, even if the SEC had not followed its own internal processes for sharing information outside the agency, defendants did not have a basis to quash the subpoena, absent a separate showing of bad faith. *Id*. at *7.

Accordingly, given the extant regulations and well-settled law, there is no reason to deny the Commission's motion for protective order, including the provision expressly recognizing the agency's statutory authorization to share the information and material it obtains in discovery.

## CONCLUSION

For the foregoing reasons, the SEC respectfully submits that the SEC can and has appropriately delegated authority to its staff for sharing information outside the agency. Accordingly, the SEC requests that the Court enter the

7

protective order as proposed by the SEC. For the Court's convenience, a proposed order, which includes the modified language discussed with the Court during the October 12, 2021 oral argument, is filed herewith as **Exhibit B**.

Dated: October 20, 2021                                    Respectfully submitted,

*/s/ Devon Staren*_____
Devon Staren
Gregory N. Miller
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-5346 (Staren)
starend@sec.gov
(202) 551-4469 (Miller)
millergn@sec.gov
*Counsel for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021, I served a copy of the foregoing upon all counsel of record using this Court's ECF system, and upon Defendant Flynn using the email rflynn48@gmail.com.

*/s/ Devon Staren*
Counsel for Plaintiff
