Jacob S. Frenkel, Esq.
Seth B. Waxman, Esq.
Melissa A. Alcantara, Esq. (NJ
Attorney ID No.: 014002004)
**DICKINSON WRIGHT, PLLC**
1825 I Street, Suite 900
Washington, DC 20006
Tel. (direct): (202) 466-5953
Email: jfrenkel@dickinsonwright.com
swaxman@dickinsonwright.com
malcantara@dickinsonwright.com
*Attorneys for Defendant Vuuzle Media Corp.*

Aimee R. Gibbs, Esq.
**DICKINSON WRIGHT, PLLC**
350 S. Main Street, Suite 300
Ann Arbor, MI  48104
Tel.: (734) 623-1653
Email:  agibbs@dickinsonwright.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff,* | |
| vs. | Civil Action No. 2:21-cv-1226 (KSH) (CLW) |
| VUUZLE MEDIA CORP., RONALD SHANE FLYNN, AND RICHARD MARCHITTO, | |
| *Defendants.* | |

## SUPPLEMENTAL MEMORANDUM OF VUUZLE MEDIA CORP. IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

# TABLE OF CONTENTS

**PAGE**

I.  PROCEDURAL BACKGROUND ................................................................3

II.  ARGUMENT ........................................................................................4

    A.  The Plain Language of the Relevant Statute Requires that the Commission Decide Whether to Disclose Nonpublic Information. ............................................................................4

    B.  The SEC's Cited Cases Relate to Investigations and Do Not Inform the SEC's Delegation of Authority Position. ....................8

    C.  Courts Have Struck Similar Language in SEC Proposed Protective Orders. ..................................................................9

    D.  The SEC Must Follow the Federal Rules of Civil Procedure. ............................................................................9

III.  CONCLUSION ...................................................................................10

# TABLE OF AUTHORITIES

**PAGE**

## Cases

*Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001).............................................5

*Alston v. Countrywide Fin. Corp.,* 2009 WL 3448264 (3d Cir. Oct. 28, 2009)........4

*In re Armstrong*, 432 F.3d 507 (3rd Cir. 2005) ......................................................5, 7

*Lamie v. United States* Tr., 540 U.S. 526 (2004)........................................................4

*SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403 (S.D.N.Y. 2009).........................9

*SEC v. Garber,* 2014 WL 407079 (S.D.N.Y., Jan. 30, 2014) ...................................9

*SEC v. Horowitz & Ullman, P.C.*, 1982 WL 1576 (N.D. Ga. Mar. 4, 1982)...........8

*SEC v. Merkin*, 283 F.R.D. 689 (S.D. Fla. 2012) ......................................................9

*SEC v. Pulier*, 2020 WL 553571 (C.D. Cal. Jan. 30, 2020) .....................................9

*SEC v. Volkswagen Aktiengesellschaft, et al.,* No. 19-cv-01391-CRB (JSC),
    Order Re: Protective Order Discovery Dispute, Dkt. No. 69 (N.D. Cal.
    Sept. 23, 2021) ....................................................................................................9

*United States v. Fields,* 592 F.2d 638 (2d Cir. 1978) ................................................8

*United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009) ...............................................4

*United States v. Diallo*, 575 F.3d 252 (3d Cir. 2009).................................................4

*United States v. Crop Growers Corp.*, 954 F. Supp. 335 (D.D.C. 1997).................6

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976)................................9

## Federal Rules of Civil Procedure

Fed. R. Civ. P 26(b)(1).......................................................................... passim

**Statutes**

15 U.S.C. § 77t(b) (Section 20(b) of the Securities Act of 1933) .............................3

15 U.S.C. § 78u(d) (Section 21(d) of the Securities Exchange Act of 1934) ...........3

15 U.S.C. § 78x(d) (Section 22(d) of the Securities Exchange Act of 1934) .......5, 6

**Rules**

17 C.F.R. § 200.30-4 ........................................................................................ 2, 7, 8

17 C.F.R. § 200.30-4(a)(1) ......................................................................................8

17 C.F.R. § 200.30-4(a)(18) ................................................................................2, 3

17 C.F.R. § 240.24c-1 .........................................................................................5, 6

The "Commission" means the "Commission". The SEC's supplemental filing is nothing more than painting its desired abuse of Fed. R. Civ. P 26(b)(1) with a different brush and color with the added feature of usurping a nondelegable function of the five Commissioners appointed by the President, confirmed by the Senate, and who comprise "the Commission." Restated, the SEC's Motion is yet another formulation of its proposition that Fed. R. Civ. P 26(b)(1) does not apply to the SEC's Division of Enforcement ("Division") in federal court litigation. Nowhere in any of the authority that the SEC cites does a federal statute or regulation exempt the SEC from the Federal Rules of Civil Procedure once the Division <u>completes</u> its investigation and files a civil enforcement action. The SEC necessarily fudges that critical distinction because the agency's wanton discretionary use of information gathered under its administrative investigative authority is broader than when the agency first becomes subject to rules other than its own – the Federal Rules of Civil Procedure – and judicial oversight. The SEC moved on from its investigation without seeking any information from Vuuzle Media Corp. ("Vuuzle"); Vuuzle should not be penalized now for that hasty and preemptive administrative decision that, *ab initio*, required a formal decision by and authorization of none other than the Commission.

The issue before this Court is whether to acknowledge the absence of express delegated authority or turn the SEC's use of Fed. R. Civ. P 26(b)(1) into

1

the unaccountable free-for-all that the Staff of the Division ("Staff") desires. There are two straight-forward and simple questions that this Court may ask the SEC to answer and will be highly informative. One is can the Director of the Division ("Director"), or a member of the Staff, file a civil enforcement action seeking permanent injunctive and other equitable relief in Federal Court <u>without</u> <u>first</u> obtaining Commission approval? The second is can the Staff agree to the terms of, accept and bind the Commission to a settlement of a filed civil injunctive proceeding <u>without</u> <u>first</u> obtaining Commission approval? The answers are no. These functions are non-delegable, no different than many others, because of their programmatic significance to the Commission and their non-ministerial and impactful consequences.

This brings us to the express and limiting language of the regulation delegating authority to the Director of the Division of Enforcement, 17 C.F.R. § 200.30-4. The regulation expressly identifies only two "functions [delegated] to the Director of the Division of Enforcement to be performed by him or under his direction by such other person or persons as may be designated from time to time by the Chairman of the Commission" that are relevant to <u>enforcement proceedings</u> in federal court. 17 C.F.R. § 200.30-4. One is the authority to dismiss claims against defunct entities or those without material assets. 17 C.F.R. § 200.30-4(a)(18)(i). The second is to dismiss certain types of claims as set forth in 17

2

C.F.R. § 200.30-4(a)(18)(ii). There is no "(iii)" authorizing unrestrained use of civil discovery under Fed. R. Civ. P 26(b)(1). This Court should deny the SEC's request and impose the narrower language for the Protective Order that Defendants request.[1]

## I.   PROCEDURAL BACKGROUND

Vuuzle reluctantly proposed and offered to agree to the following language (excerpted) for Paragraph 6 of the Protective Order:

> As provided in Section 21(d)(1) of the … Exchange Act, the Commission may transmit such evidence … to the Attorney General (the United States Department of Justice). Further, as provided in Section 20(b) of the Securities Act …, the Commission may transmit such evidence … to the Attorney General (the United States Department of Justice).

This proposed language tracks relevant Securities Exchange Act of 1934 ("Exchange Act") and Securities Act of 1933 ("Securities Act") statutory provisions. Vuuzle proposed this language "reluctantly," because Congress created a statute permitting such transmittal. Rather than give the Staff its desired unfettered discretion, Vuuzle's proposed language for Paragraph 6 requires that the Commission approve the transmittal of evidence, as this authority too is not a delegated function to the Division. Vuuzle's text tracks the Exchange Act and

---

[1] The SEC did not brief, so Vuuzle also does not but preserves for any possible appeal, whether delegation of authority to the Staff of a function that Congress intended for the Commission itself may implicate the issue of whether an inferior officer may be taking official action that only the Commission can take. *Lucia v. SEC*, 138 S. Ct. 2044 (2018).

Securities Act (15 U.S.C. §§ 77t(b), 78u(d)), and that is the limited expansive use to which the Court should permit the SEC for discovery in the instant case as would otherwise exceed the permissible uses of discovery under Fed. R. Civ. P 26(b)(1). Vuuzle's proposed language appropriately balances the plain language of the two statutes with obligating the SEC to the same Federal Rules of Civil Procedure that govern the Defendants.

## II.    ARGUMENT

### A.    The Plain Language of the Relevant Statute Requires that the Commission Decide Whether to Disclose Nonpublic Information.

SEC disclosure of nonpublic information by delegated authority is contrary to statute and Congressional intent. "The role of the courts in interpreting a statute is to give effect to Congress's intent." *Alston v. Countrywide Fin. Corp.,* 2009 WL 3448264, *4 (3d Cir. Oct. 28, 2009) (quoting *United States v. Diallo*, 575 F.3d 252, 256 (3d Cir. 2009)).  The necessary starting point in any attempt to discern congressional intent is the language of the statute itself. *United States v. Abbott*, 574 F.3d 203, 206 (3d Cir. 2009) ("[I]n all cases of statutory interpretation, our inquiry begins with the language of the statute and focuses on Congress' intent.") (internal citations omitted).

"Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute." *Alston, supra*, at *4

4

(internal citations omitted)); *see also Lamie v. United States* Tr., 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms."). This plain meaning rule dictates that the court need not conduct further inquiry where the meaning of the relevant statutory language is clear. *In re Armstrong*, 432 F.3d 507, 512; (3rd Cir. 2005); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc) (where the statutory language "admits of no more than one meaning the duty of interpretation does not arise and the rules which are to aid doubtful meanings need no discussion") (internal quotation and citation omitted).

Here, the relevant statute is Section 24(d) of the Exchange Act which reads:

> ***The Commission may***, in ***its*** discretion and upon a showing that such information is needed, provide all "records" … as ***the Commission*** by rule deems appropriate if the person receiving such records or information provides such assurances of confidentiality as ***the Commission deems*** appropriate.

15 U.S.C. 78x(d). To implement this statute, the SEC adopted Exchange Act Rule 24(c)-1 which permits the Commission to disclose certain information and places further restrictions on who are proper potential recipients of such nonpublic information reiterating the statutory lexicon of "**[t]he *Commission may***, in ***its*** discretion and upon a showing that such information is needed, provide nonpublic information in its possession … if the person receiving such nonpublic information

provides such assurances of confidentiality as ***the Commission*** deems appropriate." (emphasis added) 17 C.F.R. 240.24c-1(b).[2]

The applicable Regulation, 17 C.F.R. 240.24c-1(b), makes no reference to delegated authority. The Court should not lose sight of how a federal regulation comes into existence – the agency publishes the regulation for comment, and following the proscribed process, the regulation then comes into effect. If the SEC had wanted to include delegated authority within 17 C.F.R. 240.24c-1, then the SEC could have done so. As Hon. Gladys Kessler so aptly wrote in addressing an aggressive effort to extend applicability of the SEC's disclosure regime, "the SEC clearly knows how to write specific disclosure requirements into its regulations.…" *United States v. Crop Growers Corp.*, 954 F. Supp. 335, 346 (D.D.C. 1997).[3] Here, as litigated in *Crop Growers*, the SEC did not include such language or authority.

The plain and unambiguous statutory language of 15 U.S.C. 78x(d), which mirrors the language in the other securities statutes that the Commission cited, evidences Congress' intent for the Commission itself, that is the five Presidentially-appointed and Senate-confirmed Commissioners, and not various agency staff, to determine when and if disclosure of nonpublic information is

---

[2] That language is clear in that the recipient, not the SEC acting in its discretion, must not only "need" the information but also provide "assurances of confidentiality." Those permitted to demonstrate to the Commission their such need are federal, state, local or foreign government agencies, and industry self-regulatory organizations. 17 C.F.R. 240.24c-1(b)(1) and (2).

[3] The context was an attempt to require disclosure of uncharged criminal conduct.

proper. Notwithstanding the SEC's attempts to demonstrate that the Commission is specifically empowered to delegate the function of sharing information to Division staff contrary to the plain language of the relevant statute, the SEC cannot cobble a morass of other statutes and rules in defense of the Division's investigations disclosure practices and to support its desire to not have to go to the Commission for disclosure approval.  Here, the plain meaning of the relevant statutory language is clear and no further inquiry is required.  *See, e.g., In re Armstrong*, *supra* at 512.

Directly relevant is the SEC Regulation delegating authority to the Director of the Division of Enforcement, 17 C.F.R. § 200.30-4. Two points noted above warrant brief repetition. This is a Regulation that the SEC wrote, so it reflects the Commissioners' intent. And, the Regulation expressly identifies only two delegated functions to the Director of the Division that are relevant to <u>enforcement proceedings</u> in federal court, and both relate to dismissal of claims. 17 C.F.R. § 200.30-4. Out of 21 enumerated delegated functions, none delegates the authority that the Staff seeks from this Court. Put differently none of the 21 enumerated delegated functions permit any of the 22 "Routine Uses" in Forms 1661 and 1662, such as giving discovery to non-parties for their unrestricted own use, for the SEC to use in other unrelated proceedings, help the SEC decide whether to hire or retain employees or enter contracts, produce summary descriptive statistics and analytical studies for agency manpower studies and reporting to Congress, provide to any

persons during the course of <u>any</u> SEC inquiry or examination, use in SEC studies and other reports, give to SEC advisory committees to enable them to perform their advisory functions, deliver to Congressional offices, hand to "the press [] and the public in response to inquiries," and respond to compulsory process in other proceedings without any opportunity for a defendant to assert rights to protect the information.  In adopting 17 C.F.R. § 200.30-4, the Commission was not so brazen as to include eviscerating compliance with Fed. R. Civ. P 26(b)(1).

>    **B.    The SEC's Cited Cases Relate to Investigations and Do Not Inform the SEC's Delegation of Authority Position.**

The SEC cites two inapposite cases in support of its argument that the Commission may delegate authority to SEC staff to determine whether to disclose nonpublic information. One, a criminal case (*U.S. v. Fields*, 592 F.2d 638 (2d Cir. 1978)), focused on the distinction between an informal (or preliminary investigation) and a formal investigation. The second case (*SEC v. Horowitz & Ullman, P.C.*, No. C80-590A, 1982 WL 1576 (N.D. Ga. Mar. 4, 1982)) dealt with a SEC investigative subpoena. For conducting the investigation, whether informal or formal, 17 C.F.R. § 200.30-4(a)(1) expressly provides for delegated authority. Moreover, the Federal Rules of Civil Procedure do not apply during SEC investigations and only come into play in Federal Court litigation.

### C. Courts Have Struck Similar Language in SEC Proposed Protective Orders.

Contrary to the SEC's position, other courts have sided with the position asserted by Vuzzle. The Staff's mistakenly and repeatedly attempts to persuade the Court that cases in which a defendant assented to the broad language the SEC desires is persuasive; it is of zero precedential value. This Court should not allow the SEC to circumvent Fed. R. Civ. P 26(b)(1) and should restrain the SEC from distributing Vuzzle's confidential materials to other authorities simply because the SEC has sued Vuzzle in court. As noted in argument before this Court, other courts recently rejected the SEC's effort to obtain materially similar provisions in other proposed protective orders. *SEC v. Pulier*, 2020 WL 553571, at *1, 3 (C.D. Cal. Jan. 30, 2020); *SEC v. Garber,* 2014 WL 407079, at *1 (S.D.N.Y., Jan. 30, 2014); *SEC v. Volkswagen Aktiengesellschaft, et al.,* No. 19-cv-01391-CRB (JSC), Order Re: Protective Order Discovery Dispute, Dkt. No. 69 (N.D. Cal. Sept. 23, 2021).

### D. The SEC Must Follow the Federal Rules of Civil Procedure.

This Court should see through the SEC's smoke screen and decline the SEC's demand for exemption from Fed. R. Civ. P 26(b)(1). Plaintiff's status as a government agency does "not entitle [it] to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action." *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009). See also, *SEC v. Pulier, supra*, at *2; *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 952 (9th Cir.

9

1976) ("[H]aving become a party to litigation, the EEOC must be bound by the court's rules. It cannot litigate on its own terms."); *SEC v. Merkin*, 283 F.R.D. 689, 696 (S.D. Fla. 2012) ("[G]overnment agencies embroiled in litigation are subject to the same discovery rules as private litigants").

## III.   CONCLUSION

The allegations in the SEC's Complaint and other pleadings reflect the agency's goal of euthanizing Vuuzle. Granting the SEC its repackaged request for carte blanche authority to disclose nonpublic information will only further disrupt and potentially kill Vuuzle's business. Vuuzle's fundamental position is that the proscribed uses of discovery in Federal Court litigation under Fed. R. Civ. P. 26(b)(1) applies to the SEC no differently than to other parties. The limited exception is the clear statutory authority to share information with the Department of Justice, with the onus on the Commission itself to make the determination. This Court should enable Vuuzle, no different than any defendant, to assert its legal rights and protect its interests against the foreseeable impermissible desired uses of civil litigation discovery.  For the foregoing reasons, Vuuzle respectfully requests that this Court enter a Protective Order in the form that Vuuzle proposes.

[signature block on following page]

10

Dated: October 27, 2021                    Respectfully Submitted,

                                           DICKINSON WRIGHT PLLC

                                           ___s/ Melissa A. Alcantara___
                                           Jacob S. Frenkel (admitted *pro hac vice*)
                                           Melissa A. Alcantara (NJ Attorney ID:
                                           014002004)
                                           Dickinson Wright PLLC
                                           1825 I St., N.W., Suite 900
                                           Washington, DC  20006
                                           Phone (direct): (202) 466-5953
                                           E-Mail: jfrenkel@dickinsonwright.com
                                                      malcantara@dickinsonwright.com

                                           Aimee R. Gibbs (admitted *pro hac vice*)
                                           Dickinson Wright PLLC
                                           350 S. Main Street, Suite 300
                                           Ann Arbor, MI  48104
                                           Phone: (734) 623-1653
                                           E-Mail: agibbs@dickinsonwright.com

                                           *Attorneys for Defendant Vuuzle Media Corp.*

11

## CERTIFICATE OF SERVICE

I hereby certify that, on October 27, 2021, a copy of the within Supplemental Brief of Vuuzle Media Corp. In Opposition to Plaintiff's Motion For Entry Of Protective Order, will be sent by email to counsel for all parties by operation of the Court's electronic filing system or by email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: October 27, 2021                          By:   s/ Melissa A. Alcantara
                                                       Melissa A. Alcantara