## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

U.S. SECURITIES AND
EXCHANGE COMMISSION,

*Plaintiff*,

vs.

VUUZLE MEDIA CORP., *et al*.

Civil Action No. 2:21-cv-1226 (KSH)
(CLW)

### REPLY BRIEF IN FURTHER SUPPORT OF
### PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Devon Staren
Gregory N. Miller
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-4469 (Miller)
(202) 551-5346 (Staren)
millergn@sec.gov
starend@sec.gov
*Counsel for Plaintiff*

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Lucia v. SEC*, 138 S. Ct. 2044 (2018)........................................................................1

*SEC v. Arthur Young & Co.*, 584 F.2d 1018 (D.C. Cir. 1978) ..................................2

*SEC v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C. Cir. 1980) ............................4

*SEC v. Horowitz & Ullman, P.C.*, No. C80-590A, 1982 WL 1576 (N.D. Ga. Mar.

4, 1982) ..................................................................................................................3

*SEC v. Pulier*, No. CV 17-07124, 2020 WL 553571 (C.D. Cal. Jan. 30, 2020) .......4

*SEC v. Volkswagen Aktiengesellschaft, et al.,* No. 19-cv-01391, Order Re:

Protective Order Discovery Dispute, Dkt. No. 70 (N.D. Cal. Sept. 23, 2021).......4

*U.S. v. Fields*, 592 F.2d 638 (2d Cir. 1978)..............................................................3

*U.S. v. Harris*, No 1:09-cr-0406-TCB-JFK, 2010 WL 4962981 (N.D. Ga. Oct, 22,

2010) ....................................................................................................................5

**STATUTES**

15 U.S.C. § 78d-1(a) ..................................................................................................2

15 U.S.C. § 78x(d) .....................................................................................................2

**RULES**

17 C.F.R. § 200.24c-1 ................................................................................................3

17 C.F.R. § 200.30-4(7) ............................................................................................2

Fed. R. Civ. P. 26 ...............................................................................................4, 5

Once again, Vuuzle continues to misstate irrelevant law, while completely ignoring relevant law, in an attempt to cloud a legal issue that has been settled for decades.  At the October 12, 2021 oral argument, Vuuzle (through counsel) acknowledged that federal statutes expressly permit the SEC to share information outside the agency.  These statutes permit the SEC to share information regardless of whether that information is received in an investigation, litigation, or some other manner.  The only question still at issue was whether "the Commission" had to approve the sharing of information outside the agency, or whether the SEC staff could share information pursuant to delegated authority.

Despite Vuuzle's misleading statements to the contrary, there is express statutory and regulatory authority to delegate functions of "the Commission" to SEC staff members.  One function expressly delegated to SEC staff members is the sharing of information outside the agency.  Federal courts, including the Supreme Court of the United States, have acknowledged the SEC's authority to delegate. *See, e.g., Lucia v. SEC*, 138 S. Ct. 2044, 2049 (2018) (noting that "the Commission [] may, and typically does, delegate" certain tasks).

Vuuzle's primary argument is that the "plain language" of federal statutes provide for "the Commission" (and not SEC staff) to share information.[1]  Yet –

---

[1]    By this logic, the five members of "the Commission" would be expected to personally carry out all the functions of the SEC on their own, as nearly all the federal securities laws designate authority to "the Commission."  Courts have

conveniently – Vuuzle fails to mention the "plain language" of Section 4(a) of

Securities Exchange Act of 1934 ("Exchange Act"), which expressly authorizes the

Commission to delegate its functions.[2]  Similarly, Vuuzle ignores the "plain

language" of Exchange Act Rule 30.4(7),[3] which expressly provides that the

Enforcement Director (or an SEC staff member under his or her direction) may

administer the sharing of information outside the agency pursuant to Exchange Act

Rule 24(c)-1.[4]  Despite Vuuzle's claim that the delegated authority authorized here

---

found this result to be patently ridiculous.  *See, e.g., SEC v. Arthur Young & Co.*, 584 F.2d 1018, 1027 (D.C. Cir. 1978) (noting that "provision to a small group of administrators of a sizeable supporting staff is utterly inconsistent with the idea that the administrators themselves are to conduct their business without subdelegation").

[2]    This statute provides that the Commission: "[s]hall have the authority to delegate, by published order or rule, any of its functions to a division of the Commission, an individual Commissioner, an administrative law judge, or an employee or employee board, including functions with respect to hearing, determining, ordering, certifying, reporting, or otherwise acting as to any work, business, or matter."  [15 U.S.C. § 78d-1(a)]

[3]    This Rule, in relevant part, authorizes the Enforcement Director (or SEC staff member under his or her direction) "[t]o administer the provisions of § 240.24c–1 of this chapter."  [17 C.F.R. § 200.30-4(7)].

[4]    Exchange Act Rule 24(c)-1 is the rule pursuant to which the SEC shares "confidential" information as it is statutorily authorized to do under Exchange Act Section 24(c), which provides that:

The Commission may, in it is discretion and upon a showing that such

2

is somehow limited to investigations (and does not apply to litigations), the rule's "plain language" contains no such limitation.

Vuuzle also attempts to revive the previously rebutted and irrelevant distinction between investigations and litigations in urging the Court to disregard cases that clearly uphold the SEC staff's sharing of information by delegated authority. *See, e.g., U.S. v. Fields*, 592 F.2d 638, 644-646 (2d Cir. 1978) (finding the argument that only "the Commission" can share information to be "totally without merit"); *SEC v. Horowitz & Ullman, P.C.*, No. C80-590A, 1982 WL 1576 at *6, 7 (N.D. Ga. Mar. 4, 1982) (upholding the sharing of information between the staff of the SEC and Department of Justice). These decisions were based on statutes and regulations authorizing the SEC to share information and delegate authority in "plain language" that make no distinction between investigations and litigations.[5] Courts have upheld the sharing of information outside the agency by

---

information is needed, provide all "records" …and other information in it is possession to such persons, both domestic and foreign, as the Commission by rule deems appropriate if the person receiving such records or information provides such assurances of confidentiality as the Commission deems appropriate. [17 C.F.R. § 200.24c-1].

[5]   The SEC acknowledges that a limited number of courts have imposed limitations on the SEC's ability to share information under very specific and distinguishable circumstances. *SEC v. Garber*, No. 12 Civ. 9339, 2014 WL 407079 (S.D.N.Y., Jan. 30, 2014) involved an extremely limited protective order

SEC staff in litigated contexts as well. *See, e.g., U.S. v. Harris*, No 1:09-cr-0406-TCB-JFK, 2010 WL 4962981 at *8-14 (N.D. Ga. Oct, 22, 2010) (denying a motion to suppress statements made in an SEC deposition, which were shared with Assistant U.S. Attorneys by the SEC trial attorney pursuant to the SEC's access request process).

And finally, Vuuzle repeats its erroneous claim that Fed. R. Civ. P. 26 limits a party's use of discovery materials. It does not. In contrast to SEC investigative proceedings – which are nonpublic – litigated proceedings are public. And absent

---

covering only the tax returns of three individuals. *SEC v. Pulier*, No. 17-cv-07124, 2020 WL 553571 (C.D. Cal. Jan. 30, 2020) involved an individual defendant that had been criminally charged both by DOJ and Australian authorities. Thus, there were significant constitutional concerns in that case that do not apply to Vuuzle – an unindicted entity with no fifth-amendment rights. *SEC v. Volkswagen Aktiengesellschaft, et al.,* No. 19-cv-01391, Order Re: Protective Order Discovery Dispute, Dkt. No. 70 (N.D. Cal. Sept. 23, 2021), involved a very unique set of facts where the defendant was subject to multiple civil and criminal charges around the world, including its home country of Germany. The court there was particularly concerned with the SEC's sharing of documents with foreign prosecutors, and the very real potential that German prosecutors might use the SEC to circumvent otherwise extremely restrictive German discovery rules. In contrast, there are no special circumstances that apply to Vuuzle, an American entity, that would warrant a departure from the general policy favoring the SEC's sharing of information. *See, e.g., SEC v. Dresser Industries, Inc*., 628 F.2d 1368, 1385 (D.C. Cir. 1980) (en banc decision rejecting the panel's imposition of a protective order providing "the SEC may not provide the Justice Department with the fruits of the Commission's civil discovery").

a protective order, there are no limits on use or sharing of discovery materials by parties in litigation.[6]  Thus, Fed. R. Civ. P. 26 is not implicated in any way by the SEC's requested protective order language – which does nothing more than preserve the SEC's well-settled statutory authority to share information outside the agency.  In sum, Vuuzle's entire argument appears to be little more than an effort to delay – again – its compliance with the SEC's written discovery requests.[7]

The SEC respectfully requests that the Court enter the protective order in the form submitted as Exhibit B to its Memorandum of Law in Further Support of Entry of Protective Order (Dkt. No. 69-2).

November 1, 2021

*/s/ Devon L. Staren*
Devon L. Staren
Gregory N. Miller
Counsel for Plaintiff
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
(202) 551-5346 (Staren)
starend@sec.gov
(202) 551-4469 (Miller)
millergn@sec.gov

---

[6]    If the Federal Rules of Civil Procedure already imposed limits on how parties in litigation may use discovery materials, we would not be taking the Court's time in asking for this protective order.

[7]    It again bears noting that Marchitto has not filed an objection to any term in the proposed protective order.

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2021, I served a copy of the foregoing

upon all counsel of record using this Court's ECF system, and upon Defendant

Flynn using the email rflynn48@gmail.com.

_/s/ Devon Staren_____
Counsel for Plaintiff