

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**DIVISION OF**
**ENFORCEMENT**

**Devon Leppink Staren**
**Trial Counsel**
**Direct Dial:** (202) 551-5346
**Email:** starend@sec.gov

January 24, 2022

**VIA ECF**

The Honorable Cathy L. Waldor
United States Magistrate Judge
United States District Court
District of New Jersey
Martin Luther King Building Courthouse
50 Walnut Street, Room 4040, Courtroom 4C
Newark, NJ 07101

    Re:    <u>SEC v. Vuuzle Media Corp., et al.; Case No. 2:21-cv-01226 (D.N.J.)</u>

Dear Judge Waldor:

    We write in response to Defendant Vuuzle Media Corp.'s ("Vuuzle") letter, filed on January 19, 2022. (Dkt. No. 79.) In it, Vuuzle proposes a list of five possible requirements to be imposed on the United States Securities and Exchange Commission ("SEC") if the SEC wishes to share discovery materials deemed "confidential" pursuant to the SEC's proposed protective order. These restrictions constitute additional protective order measures for which Fed. R. Civ. P. 26(c) would require a finding of "good cause." The SEC respectfully submits that Vuuzle has not demonstrated good cause for the imposition of these restrictions.

    Vuuzle's proposed restrictions would impose significant unnecessary and unwarranted burdens on the SEC – and on this Court – in direct contravention of the legal structure created by Congress and upheld by courts across the country. As this Court has recognized – and Vuuzle acknowledged – Congress expressly authorized the SEC to share information with others, and to do so "in its discretion." *See, e.g.,* Section 24(c) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78x(c)]. And Congress did so because the SEC's ability to efficiently and confidentially share information serves the legitimate goals of protecting the investing public and holding wrongdoers accountable.

    However, that discretion is not unfettered. While Vuuzle may portray the SEC's sharing of information as some limitless free-for-all, it is not. The SEC is a federal agency entrusted by Congress to maintain fair and efficient markets and to protect American investors. As such, the SEC is already bound by federal statutes and rules that restrict the agency and its employees from misusing SEC materials for any purpose outside the scope of the agency's mission. *See, e.g.,* Exchange Act Section 24(b) [15 U.S.C. § 78x(b)] (barring any Commission member, employee, or

officer from disclosing Commission information outside the agency "in contravention of the rules and regulations of the Commission" or using such information for "personal benefit").

Vuuzle has presented no fact or unique circumstance that would warrant a departure from this Congressionally authorized process. And Vuuzle has identified no specific harm that would result from the SEC's sharing of information. The mere existence of a parallel criminal case does not, without more, raise any particular constitutional concerns. *See, e.g., SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1374 (D.C. Circ. 1980) (finding that "such parallel proceedings are unobjectionable under our jurisprudence"). And Vuuzle has presented no evidence, or even an allegation, that the SEC or its staff has misused or is likely to misuse discovery materials.

The SEC has alleged that defendants have defrauded American investors out of more than $22 million. Each of Vuuzle's five proposed requirements serve no purpose but to impede the SEC's ability to efficiently and confidentially transfer discovery materials to other agencies and authorities in order to protect investors, including those that may have been victimized by the defendants in this case. These restrictions would contravene clear Congressional intent that the SEC make its own independent determinations on when and how to share information in furtherance of the public mandate that Congress has granted to it.

First, Vuuzle proposes to "[r]equire notice to the Court of an intended disclosure of discovery and a specific reason for the need to disclose." This proposal would impose the additional and unreasonable burden of having to approach the Court each time another agency or authority wishes to obtain confidential discovery materials from the SEC. Moreover, the proposal is duplicative in that Exchange Act Section 24(c) already requires that there be a "showing that such information is needed" before the SEC shares the materials. This restriction has been incorporated into the rules promulgated pursuant to this statute, which have the force and effect of law, as well as the processes developed within the SEC to share information. *See, e.g.,* 17 C.F.R. 240.24c-1(b); SEC Enforcement Manual, section 5. And finally, Vuuzle can point to no specific basis to impose this additional burden on the SEC or on the Court.

Second, Vuuzle proposes that the "Court should require the SEC Staff filing the request to certify expressly that the Staff member did not inform the requesting agency about the information or substance of the information requested, and that the requesting agency initiated the request for the information without being invited or induced to do so by the SEC." This proposal is entirely inconsistent with federal law, as well as Supreme Court precedent, which holds that federal agencies, like the SEC, *can and should* refer information to other agencies and authorities. *See, e.g., U.S. v. Kordel*, 397 U.S. 1, 11 (1970) (finding that "prompt action" is required by federal agencies, like the FDA, and upholding the FDA's recommendation to the DOJ to institute a criminal proceedings). Moreover, this language would directly undermine the SEC's ability to protect investors by sharing discovery materials related to Vuuzle's alleged investment fraud with other agencies and authorities that may not be aware of the fraud.

Third, Vuuzle proposes that "[t]he Director of the Division of Enforcement, consistent with Delegated Authority #7 (17 CFR §200.30-4(a)(7)), certify that he concurs with the request to provide confidential information obtained in discovery." This proposal also would impose an additional unreasonable burden on the SEC and, in particular, the Enforcement Director, who oversees thousands of investigations and cases, and does not routinely review decisions to share

2

information in specific instances.  This function has been lawfully and appropriately sub-delegated to Associate Directors and Associate Regional Directors.  *See, e.g.*, *U.S. v. Fields*, 592 F.2d 638, 646 (2d Cir. 1978) (specifically describing this sub-delegation process and finding that sharing under the process was a "commendable example of inter-agency cooperation").  Vuuzle can point to no specific basis to impose this additional burden or to disrupt the routine internal operations of the SEC.

Fourth, Vuuzle proposes that "[a] representative of the agency making the request should be required to provide a sworn Declaration or Affidavit that the agency will maintain the confidentiality of the information, that the request is for its own investigative purposes, and will not make public in any fashion the information obtained."  This also would be an unreasonable and unnecessary burden on agencies requesting materials from the SEC.  It is duplicative in that Exchange Act Rule 24c-1(b) already requires that requesting agencies provide "assurances of confidentiality" to the SEC.  SEC internal procedures require that these assurances of confidentiality are made in writing and by a person within that agency with sufficient seniority to make those assurances.  Once again, Vuuzle presents no evidence or basis to believe that other agencies have misused or will misuse information in a way that would warrant the imposition of this additional requirement.

Fifth, Vuuzle proposes that the "Court would give Defendants ten days to file an objection, which the Parties (SEC and Defendant) would brief for the Court before the Court rules."  This proposal is the most problematic.  Congress expressly granted authority to the SEC "in its discretion" to share materials and information, consistent with federal law, and in furtherance of its federal mandate to ensure fair and efficient markets and to protect investors.  *See* Exchange Act Section 24(c).  Vuuzle's proposal would negate clear Congressional intent by constraining that discretion and giving defendants a say in the internal decisions of a federal agency.  No basis exists to give defendants input in whether the SEC shares evidence of defendants' misconduct with other agencies.  Vuuzle has provided no evidence that the SEC has done anything that would warrant the imposition of this limitation on the SEC's Congressionally-authorized discretion.

For the reasons described herein, the SEC respectfully submits that Vuuzle cannot establish good cause under Fed. R. Civ. P. 26(c) to impose Vuuzle's proposed restrictions on the SEC.

Respectfully Submitted,

 */s/ Devon Staren*  
Devon Leppink Staren  
U.S. Securities and Exchange Commission  
100 F Street, NE  
Washington, DC 20549  
202-551-5346  
starend@sec.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022, I served a copy of the foregoing upon all counsel of record using this Court's ECF system, and upon Defendant Flynn using the email rflynn48@gmail.com.

                                                     /s/ Devon Staren
                                                     Counsel for Plaintiff