# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff*, | |
| vs. | |
| VUUZLE MEDIA CORP., RONALD SHANE FLYNN, RICHARD MARCHITTO, and VUUZLE MEDIA CORP LIMITED, | Civil Action No. 2:21-cv-1226 (KSH) (CLW) |
| *Defendants*, | |
| and | |
| VUMU MUSIC LLC, | |
| *Relief Defendant.* | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO VUUZLE MEDIA CORP.'S APPEAL OF MAGISTRATE JUDGE'S OPINION AND ORDER (ECF NO. 82)

## **TABLE OF CONTENTS**

PROCEDURAL BACKGROUND.............................................................................1

ARGUMENT ....................................................................................................4

    I. Legal Standard..........................................................................................5

    II. Vuuzle Has Not Established Good Cause for Its Proposed Restrictions
    and Thus Cannot Show Clear Error................................................................7

    III. The Magistrate Judge's Decision Appropriately Permits the SEC to
    Exercise Its Statutory Authority to Share Information.................................10

        A. Congress Has Granted the SEC Statutory Authority to Share
        Information Received in Both Investigations and Litigations ............10

        B. Congress Has Granted the SEC Statutory Authority to Delegate to
        SEC Staff the Function of Sharing Information Received in Both
        Investigations and Litigations .............................................................13

        C. The SEC's Sharing of Information Does Not Violate the Federal
        Rules of Civil Procedure ....................................................................16

CONCLUSION .............................................................................................17

i

# TABLE OF AUTHORITIES

**Cases**

*Baxter v. Palmigiano*, 425 U.S. 308 (1976)..............................................9

*Cipollone v. Liggett Group, Inc.*, 785 F. 2d 1108 (3d Cir. 1986).........................5, 6

*Cooper v. Medimetriks Pharmaceuticals, Inc.*, 2:18-cv-11987-BRM-JAD,

2020 WL 3542429 (D.N.J. June 30, 2020)..............................................5

*Gregory v. Gregory*, No. 2:15-cv-0320, 2016 WL 6122456, at *3

(D.N.J. Oct. 18, 2016)..................................................5

*Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354

(D. Conn. Nov. 7, 2006) ..................................................5, 6

*Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995).......................9

*Pansy v. Borough of Stroudsburg*, 23 F. 3d 772 (3d Cir. 1994)...............................6

*Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984)...............................6

*SEC v. AA Capital Partners, Inc.*, No. 06-cv-51049, 2009 WL 3735880

(E.D. Mich., Nov. 3, 2009) ..................................................13

*SEC v. Ahmed*, 308 F. Supp. 3d 628 (D. Conn. 2018)...............................................9

*SEC v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C. Cir. 1980) ...................... 9, 12

*SEC v. Gilbert,* 79 F.R.D. 683 (S.D.N.Y. 1978).......................................................7

*SEC v. Leon G. Cooperman, et. al.*, 2:16-cv-5043-JS, Dkt. No. 35, pg. 3

(February, 13, 2017 E.D.Pa.) ..................................................9

*SEC v. Oleksandr Ieremenko,e t. al.*, 19-cv-00505-MCA-LDW,

    Dkt. No. 71, para. 17 (November 5, 2019 D.N.J.)..................................................9

*SEC v. R.J. Reynolds Tobacco Holdings*, Inc., No. MISC.A.03-1651, 2004 WL

    3168281 (D.D.C. June 29, 2004) ...........................................................................7

*SEC v. Vuuzle Media Corp.*, No. 2:21-cv-01226-KSH-CLW, 2022 WL 577968

    (February 14, 2022) ..................................................................................... passim

*Seiter v. Yokohama Tire Corp.*, No. 8-5578-FDB, 2009 WL 2461000

    (W.D. Wa., Aug. 10, 2009)...................................................................................15

*U.S. v. Fields*, 592 F.2d 638 (2d Cir. 1978)..............................................................15

*U.S. v. Harris*, 2010 WL 4962981 (N.D. Ga. Oct. 22, 2010)........................... 13, 15

*U.S. v. Kordel*, 397 U.S. 1 (1970).............................................................................10

*U.S. v. Proudfoot*, 3:15-cr-427-SI, 2018 WL 6198274

    (D. Or., Nov. 28, 2018)........................................................................................13

*U.S. v. Teyibo*, 877 F. Supp. 846 (S.D.N.Y. 1995)..................................................13

*United States v. Waterman*, 755 F.3d 171 (3d Cir. 2014) .........................................9

**Statutes**

15 U.S.C. §78d...........................................................................................................11

Exchange Act Section 21(d) [15 U.S.C. § 78u(d)]....................................................11

Exchange Act Section 24(b) [15 U.S.C. § 78x(b)]......................................................8

Section 20(b) of the Securities Act of 1933 [15 U.S.C. § 77t(b)] ........................11

Section 24(c) of the Securities Exchange Act of 1934

   [15 U.S.C. § 78x(c)]........................................................... 3, 11, 12, 16

Section 4(a) of Exchange Act [15 U.S.C. § 78d-1(a)]............................................14

## Rules

Fed. R. Civ. P. 26 ........................................................................ 4, 16, 17

Fed. R. Civ. P. 72(a)........................................................................5

L. Civ. R. 72.1 ...............................................................................5

## Regulations

17 C.F.R. § 200.30-4.......................................................................14

17 C.F.R. § 203.2 ...........................................................................15

Exchange Act Rule 24(c)-1 ...................................................... 3, 14, 16

Exchange Act Rule 30.4(a)(7) ..............................................................14

Plaintiff U.S. Securities and Exchange Commission (the "SEC") respectfully submits this memorandum of law in opposition to the appeal by Defendant Vuuzle Media Corp. ("Vuuzle") of the Opinion of United States Magistrate Judge Cathy Waldor (Dkt. No. 89, the "Appeal") issued on February 14, 2022 (Dkt. No. 82). Because Vuuzle has not met its heavy burden to establish that Judge Waldor's opinion was clearly erroneous or contrary to law, the Appeal should be denied.

## PROCEDURAL BACKGROUND

On January 27, 2021, the SEC filed its Complaint in this matter, alleging that Defendants Ronald Shane Flynn and Vuuzle engaged in a $14 million securities offering fraud, which was aided and abetted by Richard Marchitto.  (Dkt. No. 1.)  On September 15, 2021, the SEC filed a Motion to Amend the Complaint and a Motion for Preliminary Injunction, on the basis of newly discovered information that, among other things, Defendants had raised another nearly $9 million in investor funds and were continuing to solicit investors.  (Dkt. Nos. 45, 46.)  On February 14, 2022, Judge Waldor granted the SEC's Motion to Amend the Complaint.  (Dkt. No. 83.)   On February 17, 2022, the SEC filed its Amended Complaint, which updated the factual allegations, amended the charges against Marchitto to include direct liability, and added two new parties: Defendant Vuuzle Media Corp. Limited ("Vuuzle UAE") and Relief Defendant Vumu Music LLC.

(Dkt. No. 86.)  The SEC's Motion for Preliminary Injunction remains pending before this Court.

On July 16, 2021, the SEC filed a Motion for Entry of a Protective Order. (Dkt. No. 41.)  Vuuzle filed an opposition on July 27, 2021, objecting to language that would allow the SEC to share information received in discovery with other regulatory and law enforcement bodies.  (Dkt. No. 43.)  Neither Defendant Marchitto nor Flynn have opposed any aspect of the SEC's proposed protective order.[1]  The SEC filed its reply to Vuuzle's opposition on July 29, 2021.  (Dkt. No. 44.)

On October 12, 2021, Judge Waldor held oral argument, during which both the SEC and Vuuzle acknowledged that the SEC is authorized by federal statute to share information outside the agency.  *See SEC v. Vuuzle Media Corp.*, 2:21-cv-01226-KSH-CLW, 2022 WL 577968, at *3 (February 14, 2022).

Judge Waldor then ordered another round of briefing to address the question of whether the SEC is permitted to delegate to SEC staff members that authority to share information outside the agency.  The SEC filed its brief on October 20, 2021, Vuuzle responded on October 27, and the SEC filed its reply on November 1.

---

[1]     The two parties added in the Amended Complaint have not responded. Defendant Vuuzle UAE has not yet been served with the Amended Complaint, and Relief Defendant Vumu Music LLC was served on March 8, 2022 (Dkt. No. 98), but has not yet entered an appearance.

(Dkt. Nos. 69, 72, 73.)  On January 19, 2022, Judge Waldor held a second oral argument, during which Vuuzle, for the first time, proposed a list of five restrictions to be imposed on the SEC's sharing of information.  That same day, Vuuzle filed a letter with its proposed list of restrictions (Dkt. No. 79.)  The SEC opposed Vuuzle's request on January 24, 2022.  (Dkt. No. 80.)

On February 14, 2022, Judge Waldor issued an Opinion and an Order granting in part and denying in part the SEC's Motion for Entry of a Protective Order.  (Dkt. Nos. 82, 83.)  At the same time, Judge Waldor issued a protective order with language preserving the SEC's ability to share materials to the extent authorized by federal law, and to delegate that function in accordance with federal statutes and regulations.  (Dkt. No. 84.)  Judge Waldor declined to adopt any of Vuuzle's proposed restrictions, except that she imposed a requirement, tracking the language of Section 24(c) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 24c-1, thereunder, requiring the SEC to obtain "assurances of confidentiality as the SEC deems appropriate."  Vuuzle now appeals that Opinion and Order, and the protective order itself.[2]

---

[2]     Vuuzle also argues that Judge Waldor should have included in the protective order language that the SEC had previously agreed to.  On March 10, 2022, Judge Waldor issued a revised protective order that now contains this language.  (Dkt. No. 100.)

## **ARGUMENT**

Vuuzle's Appeal misstates relevant law and facts in arguing that Judge Waldor "should have" imposed additional requirements on the SEC's ability to share information obtained in this litigation.  At the same time, Vuuzle fails to address the relevant legal standards governing this Court's review of Judge Waldor's decision.  While Vuuzle raises a myriad of complaints, its argument appears to rest primarily on a purported distinction between SEC investigations and litigation.  Vuuzle argues that: 1) the SEC's statutory authorization to share information does not extend to information and materials obtained in litigation; 2) while the SEC may delegate to SEC staff the decision to share investigative materials, litigation materials may only be shared by "the Commission" itself; and 3) the SEC's sharing of information violates Fed. R. Civ. P. 26(b)(1).

Judge Waldor's opinion is correct.  Congress granted to the SEC the discretion to share both investigative and litigation materials with others, as it is the federal agency responsible for overseeing the United States securities markets.  Congress also expressly authorized the SEC to delegate this sharing function to its staff.  Vuuzle's appeal is entirely without merit, as it fails to identify even one specific harm or risk that would warrant a departure from this statutory framework.  In truth, this Appeal is simply another attempt to impede the progress of this case, and, therefore, should be rejected.

4

## I.      Legal Standard

In deciding an appeal of a non-dispositive matter under Fed. R. Civ. P. 72(a) and L. Civ. R. 72.1(c)(1)(A), "a district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law." *Cipollone v. Liggett Group, Inc.*, 785 F. 2d 1108, 1118 (3d Cir. 1986) (finding that the district court erred in exercising "plenary review over the magistrate's order when the 'clearly erroneous' standard was required"). "The burden of showing that a decision is clearly erroneous or contrary to law rests with the party filing the appeal." *Cooper v. Medimetriks Pharmaceuticals, Inc.*, 2:18-cv-11987-BRM-JAD, 2020 WL 3542429, at *2 (D.N.J. June 30, 2020) (internal quotations omitted).

In this case, Vuuzle's burden is particularly high, because courts have "broad discretion regarding whether to issue a protective order under Rule 26(c)." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. Nov. 7, 2006) (internal citations omitted). And that discretion extends to the magistrate judge. *Id.* at 357 (noting that the magistrate judge's protective order is "not a recommended ruling" but rather "an order of the court"). *See also Gregory v. Gregory*, No. 2:15-cv-0320, 2016 WL 6122456, at *3 (D.N.J. Oct. 18, 2016) (citation omitted) (noting that courts have the "sound discretion" to issue a protective order under Rule 26). Vuuzle argues that Judge Waldor "should have"

5

imposed a host of additional limitations on the SEC.  Yet nowhere does Vuuzle

demonstrate – or even argue – that any part of Judge Waldor's Opinion is "clearly

erroneous or contrary to law."

In the context of a protective order and Vuuzle's request that the Court

impose certain restrictions on the SEC's statutory authority to share information,

the Court must first find that Vuuzle has established good cause for those

restrictions.  *See Cipollone v. Liggett Group, Inc.*, 785 F. 2d at 1120-1121 (3d Cir.

1986) (noting that the district court would need to evaluate "good cause" in

reviewing the magistrate judge's protective order); *SEC v. Vuuzle Media Corp.*,

2022 WL 577968 at *1 (discussing Fed. R. Civ. P. 26(c)).

Good cause requires a fact-specific analysis and a finding of "a clearly

defined and serious injury" to the party seeking to prevent disclosure.  *Publicker*

*Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (internal citation

omitted).  "Broad allegations of harm, unsubstantiated by specific examples or

articulated reasoning," are not sufficient to support a finding of good cause.

*Cipollone v. Liggett Group, Inc.,* 785 F.2d at 1121.  Instead, "courts require a

particular and specific demonstration of fact, as distinguished from stereotyped and

conclusory statements."  *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354,

356 (D. Conn. Nov. 7, 2006); *see also Pansy v. Borough of Stroudsburg*, 23 F. 3d

6

772, 787-788 (3d Cir. 1994) (finding that good cause requires a "balancing test" of the facts presented).

## II.   Vuuzle Has Not Established Good Cause for Its Proposed Restrictions and Thus Cannot Show Clear Error

Vuuzle nowhere contends that it has established "good cause" for its proposed restrictions.  While Vuuzle makes much of the fact that the SEC's ability to share information has been limited *in other cases* (Appeal at 10, 11, 12-13),[3] it does not present any facts to support a finding of good cause to limit the SEC's ability to share *in this case*.  Vuuzle fails to articulate, and offers no evidence of, any "clearly defined and serious injury" that would result from the SEC sharing of information.  Moreover, Vuuzle has not identified any specific commercially sensitive information or document that would cause injury if shared.

---

[3]     Vuuzle's argument that Judge Waldor did not address such cases (Appeal at 10), none of which directly discuss the SEC's statutory powers, is incorrect.  Judge Waldor did address them, and correctly found them to be distinguishable on their facts.  *SEC v. Vuuzle Media Corp.*, 2022 WL 577968 at *7, fn. 9.  Judge Waldor even went further, conducting her own research to uncover an additional case not identified by Vuuzle and distinguished that case on its facts.  *Id.* at *9 (discussing *SEC v. R.J. Reynolds Tobacco Holdings*, Inc., 2004 WL 3168281, at *10 (D.D.C. June 29, 2004)).  Although Judge Waldor did not directly address the decision of *SEC v. Gilbert,* 79 F.R.D. 683, 687 (S.D.N.Y. 1978), which Vuuzle cites for the first time on appeal (Appeal at 13-14), this is merely another example in which another court exercised its discretion to impose a restriction on the SEC's ability to share information.  Like the other cases Vuuzle cites, *Gilbert* does not address the SEC's statutory powers and can be distinguished in that it involved an individual SEC defendant who had been informed he was the target of a criminal investigation.  *Id.*  In contrast, Vuuzle is a company with no Fifth Amendment right and has not been identified as the target of any criminal investigation.

Instead, Vuuzle makes broad references to "a potential for an abuse of discretion" by the SEC. (Motion at 18.)  Yet, it does not actually allege that the SEC has or is likely to misuse information obtained in discovery.  Indeed, unlike private litigants, the SEC and its employees are bound by federal statutes and rules that restrict the agency and its employees from misusing SEC materials for any purpose outside the scope of the agency's mission.  *See, e.g.*, Exchange Act Section 24(b) [15 U.S.C. § 78x(b)] (barring any Commission member, employee, or officer from disclosing Commission information outside the agency "in contravention of the rules and regulations of the Commission" or using such information for "personal benefit").

Vuuzle also makes nonspecific references to the constitutional rights of others, including nonparties and Defendants who have not objected to the protective order.  (Appeal at 2, 12, 17, 21.)  Vuuzle's repeated references to the Fifth Amendment (Appeal at 2, 12, 17) are not relevant here.  As Vuuzle admits, it does not have a Fifth Amendment right.  (Appeal at 2.)  Indeed, Vuuzle has not been indicted.

At bottom, Vuuzle appears to suggest that there is a possibility of harm simply because there is a parallel criminal case that has been filed against one of the defendants in this case.  Notably, that defendant – Defendant Flynn – has not objected to the protective order.  However, courts have repeatedly held that "such

parallel proceedings are unobjectionable under our jurisprudence." *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980).[4]   As a result, courts can and do enter protective orders that preserve the SEC's discretion to share information with others, even when there is a parallel criminal case. *See, e.g., SEC v. Oleksandr Ieremenko, et. al.*, 19-cv-00505-MCA-LDW, Dkt. No. 71, para. 17 (November 5, 2019 D.N.J.)); *SEC v. Leon G. Cooperman, et. al.*, 2:16-cv-5043-JS, Dkt. No. 35, pg. 3 (February, 13, 2017 E.D.Pa.)).

Vuuzle has utterly failed to assert any facts that come close to establishing good cause for its requested restrictions; thus, Vuuzle cannot meet its burden to show that Judge Waldor's decision not to impose additional restrictions on the SEC was clearly erroneous.[5]

---

[4]   Even parties that do have a Fifth Amendment right are free to assert that right in response to civil discovery, and it is not unconstitutional to impose an adverse inference against them for doing so. *See, e.g. Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)); *SEC v. Ahmed*, 308 F. Supp. 3d 628, 648-49 (D. Conn. 2018) ("It is Defendant's right to assert this privilege in a civil proceeding. . . . However, a court may draw an adverse inference against a party who asserts his Fifth Amendment privilege in a civil matter . . .") (citations and quotation omitted).

[5]   Even if Vuuzle had articulated a factual basis for good cause, it would still need to establish that Judge Waldor's findings were clearly erroneous.  "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (internal quotations omitted).

III.   **The Magistrate Judge's Decision Appropriately Permits the SEC to Exercise Its Statutory Authority to Share Information**

Vuuzle has not and cannot show that Judge Waldor's decision was clearly erroneous or that good cause exists for any of the restrictions it has proposed. Instead, Vuuzle expresses vague concerns about "hypothetical potential exposure to actions by other domestic agencies" and "foreign regulators." (Appeal at 17.) What Vuuzle actually seeks is to impede the SEC's ability to efficiently and confidentially share information about its fraud with other regulatory and law enforcement agencies. But as courts have repeatedly found, and as Judge Waldor appropriately recognized, the SEC's ability to share such information serves the legitimate goals of protecting the investing public and holding wrongdoers accountable. *See, e.g.*, *U.S. v. Kordel*, 397 U.S. 1, 11 (1970) (finding that "[i]t would stultify enforcement of federal law to require a governmental agency such as the FDA invariably to choose either to forgo recommendation of a criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial"); *SEC v. Vuuzle Media Corp.*, 2022 WL 577968 at *3.

A.   **Congress Has Granted the SEC Statutory Authority to Share Information Received in Both Investigations and Litigations.**

Vuuzle's primary argument is that the SEC may share information related to investigations, but not litigations. (Appeal at 1, 6, 10, 11-14). As Judge Waldor

10

correctly found, this argument has no support in the federal statutes, regulations, or case law.

The SEC is an independent agency established by federal law with an express mandate to protect investors, maintain fair, orderly, and efficient markets, and facilitate capital formation. *See* 15 U.S.C. §78d.  As such, Congress granted the SEC express statutory authority to share information with other parties, and to do so "in its discretion." *See, e.g.*, Section 24(c) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78x(c)] ("[t]he Commission may, in its discretion and upon a showing that such information is needed, provide all 'records' . . .  and other information in its possession to such persons, both domestic and foreign, as the Commission by rule deems appropriate . . ."); Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Exchange Act Section 21(d) [15 U.S.C. § 78u(d)] (both providing that "[t]he Commission may transmit such evidence as may be available concerning such acts or practices to the Attorney General who may, in his discretion, institute the necessary criminal proceedings under this subchapter").

Notwithstanding Vuuzle's arguments to the contrary, these statutes impose no limitation on the source of the information to be shared – whether from an investigation, civil discovery, or some other process.  As Judge Waldor correctly notes, Exchange Act Section 24(c) "very broadly defines the records the SEC may

disclose as including 'documents filed with or otherwise obtained by the Commission pursuant to this chapter or otherwise.'" *See SEC v. Vuuzle Media Corp.*, 2022 WL 577968 at *4. Similarly, Judge Waldor correctly notes that the titles of other statutes authorizing the SEC to share information expressly contemplate information received in litigated cases. *Id.* at *4 (noting that "Section 20 of the Securities Act is entitled 'Injunctions *and prosecution* of offenses" and that "similarly, Section 21(d) of the Exchange Act is called "Investigations *and actions*'") (emphasis added in Judge Waldor's Opinion).

Moreover, courts have upheld the SEC's sharing of information in both investigative and litigated contexts. *See, e.g., SEC v. Dresser Industries, Inc.*, 628 F.2d at 1377, 1385-87 (*en banc*) (approving the sharing of information from an SEC investigation and reversing a panel decision to impose a protective order limiting the SEC's ability to share civil discovery with DOJ and noting that "[e]ffective enforcement of the securities laws requires that the SEC and Justice be able to investigate possible violations simultaneously") (internal citations omitted); *SEC v. AA Capital Partners, Inc.*, No. 06-cv-51049, 2009 WL 3735880 at *3 (E.D. Mich. Nov. 3, 2009) (rejecting a proposed protective order and finding that "[i]f the documents requested in the subpoena are relevant to a criminal investigation, the proposed protective order would stymie the SEC in providing that information to the appropriate law enforcement agencies"); *U.S. v. Teyibo*, 877 F. Supp. 846,

855 (S.D.N.Y. 1995) (holding that, unless a defendant's right to due process has otherwise been violated, "[t]he prosecution may use evidence acquired in a civil action in a subsequent criminal proceeding"); *United States v. Proudfoot*, 3:15-cr-427, 2018 WL 6198274, at *4 (D. Or. Nov. 28, 2018) (denying a defendant's motion to exclude from criminal trial statements he made in a deposition in a parallel case brought by the SEC).

As Judge Waldor correctly found, "[i]t is thus clear that 'with respect to the investigation *and prosecution* of potential violations of S.E.C. regulations and laws ... the sharing of information between agencies is authorized by statute." *SEC v. Vuuzle Media Corp.*, 2022 WL 577968 at *4 (quoting *U.S. v. Harris*, 2010 WL 4962981, at *12 (N.D. Ga. Oct. 22, 2010)) (emphasis added in Judge Waldor's opinion).

**B.    Congress Has Granted the SEC Statutory Authority to Delegate to SEC Staff the Function of Sharing Information Received in Both Investigations and Litigations.**

Vuuzle further argues that "there is no provision for delegation of authority in the context of sharing information <u>obtained in litigation</u> anywhere in the Commission's regulations."  (Appeal at 18 (emphasis in original).)  According to Vuuzle, Judge Waldor should have required the SEC to specifically delegate authority to SEC staff to share information obtained in litigation.  As Judge Waldor

correctly held, this argument too is unsupported by federal statutes, regulations, or case law.

Congress granted the SEC express statutory authority to delegate its functions to staff members within the agency. *See* Section 4(a) of Exchange Act [15 U.S.C. § 78d-1(a)]. Pursuant to this statutory authority, Exchange Act Rule 30-4 specifically delegates functions to the Director of the Division of Enforcement "to be performed by him or under his direction by such other person or persons as may be designated from time to time by the Chairman of the Commission." [17 C.F.R. § 200.30-4]. Expressly included among the delegated functions is the sharing of information outside the agency pursuant to Exchange Act Rule 24(c)-1. *See* Exchange Act Rule 30.4(a)(7) (which provides that the Enforcement Director (or an SEC staff member under his or her direction) may administer the sharing of information outside the agency pursuant to Exchange Act Rule 24(c)-1).

Apart from Vuuzle's own bald assertion, there is nothing in the relevant statute or rules that would indicate Congress intended to limit the SEC's authority to delegate the sharing of information only to investigatory materials. As Judge Waldor correctly held, the Second Circuit upheld the SEC's delegation of the sharing function decades ago and expressly found the argument that only the Commission itself may share information outside the agency as "totally without

merit." *See SEC v. Vuuzle Media Corp.*, 2:21-cv-01226-KSH-CLW, 2022 WL

577968 at *5-6 (discussing *United States v. Fields*, 592 F.2d 638, 644-646 (2d Cir.

1978)).  While *Fields* happened to address delegation of authority in the context of

an investigation,[6] courts have also upheld the SEC's sharing of information by

delegated authority in litigated contexts.  *See, e.g., U.S. v. Harris*, 2010 WL

4962981 at *8-14 (N.D. Ga. Oct, 22, 2010) (denying a motion to suppress

statements made in an SEC deposition, which were shared with Assistant U.S.

Attorneys by the SEC trial attorney pursuant to the SEC's established process).

Thus Judge Waldor appropriately preserve the SEC's authority to share

information obtained in this litigation and to do so via delegated authority.[7]  To the

extent that Vuuzle objects, Judge Waldor aptly notes that its "quarrel is with the

---

[6]    Incidentally, it makes sense that cases addressing the SEC's statutory
authority to share materials and information frequently occur in the context of
investigations rather than litigation.  Materials and documents received in SEC
investigations are generally non-public.  *See, e.g.*, 17 C.F.R. § 203.2.  In contrast,
"it is well established that the fruits of pre-trial discovery are, in the absence of a
court order to the contrary, presumptively public."  *Seiter v. Yokohama Tire Corp.*,
No. 8-5578-FDB, 2009 WL 2461000, at *1 (W.D. Wa., Aug. 10, 2009) (internal
quotations omitted).

[7]    For the same reason, Vuuzle's complaint that Judge Waldor should have
imposed additional requirements to ensure confidentiality by third parties receiving
information from the SEC (Appeal at 14) is without merit.  Judge Waldor's order
includes a requirement that the SEC obtain assurances of confidentiality "as the
SEC deems appropriate" that tracks directly the language of Exchange Act Section
24(c) and Rule 24c-1, thereunder.  Vuuzle presents no basis to disrupt the statutory
framework allowing the SEC the discretion to obtain assurances of confidentiality.

legislation imbuing considerable oversight authority in the SEC." *SEC v. Vuuzle Media Corp.*, 2022 WL 577968 at *8. And Judge Waldor appropriately holds that "[t]o augment the statutory scheme without a specific showing of good cause would be to undermine the Congressional confidence placed in the Commission." *Id*.

### C.     The SEC's Sharing of Information Does Not Violate the Federal Rules of Civil Procedure.

Throughout its Appeal, Vuuzle references Fed. R. Civ. P. 26(b)(1) as part of an argument that Judge Waldor has, somehow, "allow[ed] the SEC to circumvent" the federal rules. (Appeal at 1, 10, 11, 21). However, as Judge Waldor correctly states, Fed. R. Civ. P. 26(b)(1) "governs the scope of information a party may obtain in discovery, not how a party uses it." *SEC v. Vuuzle Media Corp.*, 2022 WL 577968 at *4. It is simply not relevant. The SEC has never sought the right to obtain non-relevant information in violation of Fed. R. Civ. P. 26(b)(1). Indeed, the SEC agrees that it is bound by the Federal Rules of Civil Procedure and it does not seek an exemption. Rather, the SEC seeks only to preserve in the protective order that it has requested pursuant to Fed. R. Civ. P. 26(c) its statutory authority to share relevant information that it does receive in discovery.

## **CONCLUSION**

For the foregoing reasons, the SEC respectfully requests that the Court deny

Defendant Vuuzle's Appeal and affirm the ruling of Magistrate Judge Waldor.


Dated: March 21, 2022        Respectfully submitted,


        */s/ Devon L. Staren*
        Devon L. Staren
        Daniel J. Maher
        U.S. Securities and Exchange Commission
        100 F Street, N.E.
        Washington, DC 20549
        Tel: (202) 551-5346 (Staren)
        Tel: (202) 551-4737 (Maher)
        StarenD@SEC.gov
        MaherD@SEC.gov
        *Counsel for Plaintiff*


Of Counsel:

Drew Isler Grossman
U.S. Securities and Exchange Commission
100 F. Street N.E.
Washington DC 20549

17

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, I served a copy of the foregoing upon all counsel of record using this Court's ECF system, and upon Defendant Flynn using the email rflynn48@gmail.com.


*/s/ Devon L. Staren*
Counsel for Plaintiff