UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>vs.<br><br>VUUZLE MEDIA CORP., VUUZLE MEDIA CORP. LIMITED, RONALD SHANE FLYNN, and RICHARD MARCHITTO,<br><br>*Defendants*,<br><br>-and-<br><br>VUMU MUSIC LLC,<br><br>*Relief Defendant*. | Civil Action No. 2:21-cv-1226 (KSH) (CLW) |

## MEMORANDUM IN SUPPORT OF THE PLAINTIFF'S SECOND MOTION FOR ALTERNATIVE SERVICE

Daniel J. Maher
Devon Leppink Staren
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-4737 (Maher)
Tel: (202) 551-5346 (Staren)
MaherD@SEC.gov
StarenD@SEC.gov

*Counsel for Plaintiff*

# **TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................1

PROCEDURAL BACKGROUND......................................................................................2

FACTS .................................................................................................................................3

ARGUMENT .......................................................................................................................5

CONCLUSION....................................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420 (1st Cir. 2015) ..........................7
*Associations Inc. v. Associa Menasa, Inc.*,
  2017 WL 7512936 (N.D. Tex. June 9, 2017) ......................................................8
*Noble Security, Inc. v. Ingamar Co., Ltd.*, 2021 WL 2012508 (E.D.N.Y. May 20,
  2021) ....................................................................................................................7
*SEC v. Dubovoy*, 2016 WL 7217607 (D.N.J. Dec. 3, 2016) ....................................5
*SEC v. One or More Unknown Traders in Sec. of Fortress Inv. Grp.*,
  2018 WL 4676043 (D.N.J. Sept. 27, 2018) .........................................................6
*SEC v. Vuuzle Media Corp., et al.*, 2021 WL 1731947
  (D.N.J. May 3, 2021) .................................................................................. 5, 6, 8
*Vanderhoef v. China Auto Logistics, Inc.*, 2019 WL 6337908
  (D.N.J. Nov. 26, 2019) ........................................................................................5

**Rules**

Fed. R. Civ. P. 4 ................................................................................................ 1, 5, 6

# INTRODUCTION

Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, Plaintiff U.S. Securities and Exchange Commission (the "SEC") seeks an order authorizing it to serve by alternative means the Amended Complaint and Summons (Dkt. Nos. 86 and 91) upon Defendant Ronald Shane Flynn (the "Second Motion"). Flynn is the architect of the fraudulent offering at issue in this case and the control person of co-defendant Vuuzle Media Corp., which has appeared in this case and is represented by counsel. The Court previously granted the SEC's first Motion for Alternative Service on Flynn (Dkt. No. 33, the "First Motion") pursuant to which the SEC served Flynn with the Original Complaint. (Dkt. No. 36).

Many of the facts supporting the SEC's First Motion remain true. Flynn still lives abroad, moves around frequently, and continues to use the email address by which the SEC previously served him. Moreover, additional facts have recently emerged that provide even more compelling support for the Second Motion. Although he was served with the Original Complaint and with all subsequent pleadings and discovery papers in this case and remains in contact with Vuuzle's counsel, Flynn has refused to appear personally. Nevertheless, Flynn is shadow-litigating this case. He has continued to raise funds from investors through his ongoing fraud while using those funds to pay for Vuuzle's legal defense. Flynn has also contacted at least one potential SEC witness shortly after being served

with notice of the SEC subpoena directed to that witness. Additional delay will only play into Flynn's hands; in light of his ongoing fraud, time is of the essence. For all these reasons, the Court should grant the SEC's Second Motion and avoid a cat-and-mouse service game that Flynn would be delighted to play.

## PROCEDURAL BACKGROUND

The SEC filed its Original Complaint in this matter on January 27, 2021. (Dkt. No. 1.) The SEC served the Complaint and Summons on Defendants Vuuzle Media Corp. and Richard Marchitto, both located in the United States. (Dkt. Nos. 4, 5, and 7.) On February 16, 2021, the SEC moved for permission to serve Flynn through alternative means. (Dkt. No. 9). After requesting additional information, the Court granted the SEC's motion. (Dkt. No. 33). The SEC promptly served the Original Complaint on Flynn. (Dkt. No. 36).

On September 15, 2021, the SEC sought leave to file an Amended Complaint. (Dkt. No. 45). The Amended Complaint added one entity defendant and one entity relief defendant and alleged that defendants raised an additional nearly $9 million by continuing to defraud investors. (Dkt. No. 86). At the same time, the SEC also filed a motion for preliminary injunction, seeking to halt that conduct. (Dkt. No. 46). On February 14, 2022, the Court granted the SEC's motion to file an amended complaint. (Dkt. No. 83). The SEC filed the Amended Complaint three days later. (Dkt. No. 86).

While defendants Vuuzle and Marchitto have responded to the Original Complaint (Dkt. Nos. 17, 19), Flynn has not appeared in this action.

## FACTS

As described in the SEC's first Motion for Alternative Service, Flynn lives entirely overseas. (Dkt. No. 9-2 at ¶¶ 4-11). Flynn, who faces not only this lawsuit but a criminal indictment, based on the same conduct, in the Central District of California, has avoided the United States since at least 2016, and has at times sought to acquire a second passport as well as citizenship in Saint Kitts and other foreign countries. (*Id*.). New evidence indicates he has now, in fact, obtained a second passport in Dominica. (March 24, 2022 Declaration of Drew Grossman ("Grossman Decl.") at ¶ 4). His location repeatedly shifts. Records indicate extended stays over the past several years in Vietnam, Indonesia, Singapore, the Philippines, and the United Arab Emirates ("UAE"), as well as trips to Romania and Turkey, among others. (Dkt. No. 9-2 at ¶¶ 6, 8, 10). Flynn also operates his companies in a manner that eliminates the need for his physical presence. (*Id*. at ¶ 7).

The SEC previously sought to contact Flynn directly, and has continued to serve him with papers via email. (Dkt. Nos. 9-2 at ¶4; 104-1 at ¶ 4). Flynn is fully aware of the SEC's action against him. (Dkt. No. 104-1 at ¶¶ 2-10). In a press release published on February 3, 2021, Flynn is quoted as saying that he has

"read[] the S.E.C. complaint against him" and that he denies many of the allegations. (*Id*. at ¶ 4). Subsequent press releases, ostensibly issued by Vuuzle, repeatedly attack the SEC, its allegations, and its counsel, while in some cases quoting Flynn. (*Id*. at ¶¶ 5-8). Vuuzle also maintains a website that often posts Vuuzle's filings in this matter. (*Id*. at ¶ 5).

Indeed, while continuing to defraud investors[1], Flynn is shadow-litigating this case. Between January and April 2021, a bank account that Flynn controls paid Dickinson Wright, which represents Vuuzle in this matter, approximately $127,000. (*Id*. at ¶¶ 12-17). Later, on the same day that the SEC filed its motion for a preliminary injunction, Marchitto – who, the SEC has alleged, routinely funnels investor money to Flynn or for his benefit – paid Dickinson Wright another $46,000 from investor funds. (*Id*. at ¶ 17). Despite being paid by Flynn, Vuuzle's counsel has nonetheless refused to accept service on his behalf – even while joining Flynn in at least one call to a potential witness the SEC had just supboenaed, where Flynn introduced Vuuzle's counsel as "my lawyer." (Dkt. Nos. 104-10; 104-1 at ¶¶ 9-10).

As Vuuzle recently admitted in its response to the SEC's Requests for Admission dated February 28, 2022, Flynn continues to use the email address

---

[1] Since July 15, 2021, accounts controlled by Flynn and Marchitto have received at least over $1.7 million in investor funds. (Dkt. No. 104-1 at ¶ 17).

4

rflynn48@gmail.com to communicate with others. (Grossman Decl. at ¶ 9). In one communication, Flynn does list a personal address in the UAE. (*Id*. at ¶¶ 5-6). However, it remains unclear whether that is Flynn's actual physical address. (*Id*.). Moreover, it appears the lease on that address will expire in June 2022. (*Id*.).

## ARGUMENT

This Court has previously authorized the SEC to serve Flynn by email pursuant to Fed. R. Civ. P. 4(f)(3). *SEC v. Vuuzle Media Corp., et al.*, No. 2:21-cv-1226, 2021 WL 1731947 (D.N.J. May 3, 2021). In so ruling, the Court found that service on rflynn48@gmail.com was likely to "apprise Flynn of the pendency of the action and afford him an opportunity to present his objections." *Id*. at *3 (quoting *Vanderhoef v. China Auto Logistics, Inc*., 2019 WL 6337908, at *2 (D.N.J. Nov. 26, 2019)). The Court reasoned further that due process was satisfied because "Flynn appears to have notice of this lawsuit." *Id*. (citing *SEC v. Dubovoy*, 2016 WL 7217607, at *3 (D.N.J. Dec. 3, 2016)).

Under the circumstances, the Court also did not require the SEC to exhaust all possible attempts at serving Flynn overseas. *Vuuzle Media Corp.,* 2021 WL 1731947 at *4 ("The Court will not require [the] SEC to expend further resources trying to effectuate service at distant locales where, especially considering Flynn's itinerance, he may or may not be."). As the Court explained, the SEC is not required "to make a showing that service through ordinary channels would be

5

futile . . . to be granted permission to effectuate service under Rule 4(f)(3)." *Id*. at *2 (quoting *SEC v. One or More Unknown Traders in Sec. of Fortress Inv. Grp.*, 2018 WL 4676043, at *7 (D.N.J. Sept. 27, 2018)).

Further, in granting the SEC's request, the Court emphasized that service was time-sensitive. Not only would service by traditional means be "time-consuming and expensive," but the SEC alleged that "Flynn and Vuuzle actively continue to solicit and receive funds from investors." *Vuuzle Media Corp.*, 2021 WL 1731947 at *4. Such allegations "further support allowing alternative service so that this matter does not remain dormant." *Id*.

The Court's logic applies even more forcefully to the current record. At this point, Flynn is indisputably aware of this proceeding; Vuuzle has repeatedly issued press releases, often quoting Flynn, that attack the SEC and its case. Further, bank records show that, as recently as September 15, 2021, Flynn has been funding Vuuzle's representation and contacting potential SEC witnesses. Flynn also continues to use rflynn48@gmail.com to conduct his business, legal, and personal affairs. Under the circumstances, there is no reason to engage in a lengthy and potentially futile attempt to serve Flynn at a foreign physical address.[2]

---

[2] Because Flynn is the undisputed founder and control person of Vuuzle UAE, service on Flynn would also constitute service on Vuuzle UAE. Fed. R. Civ. P. 4(h)(2).

Indeed, time is of the essence. The evidence that Flynn is still defrauding investors continues to accumulate.[3] (Dkt. No. 46-1 at 16-17, describing defendant's use of the "VUCO security token" to scam investors; *see also* Dkt. No. 104-1 at ¶¶ 13-15, showing that investor funds continue to flow into accounts defendants control). The Court should not indulge Flynn's litigation strategy – refusing to cooperate with SEC efforts to serve him personally, while paying counsel for Vuuzle to take positions that consistently delay the proceedings, thus allowing his fraud to continue. *See, e.g., AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015) (affirming district court's grant of alternative service by email where plaintiff sought preliminary injunction against "an elusive international defendant, striving to evade service of process") (citation and internal quotation omitted); *Noble Security, Inc. v. Ingamar Co., Ltd.*, No. 21-cv-1372, 2021 WL 2012508, at *5 (E.D.N.Y. May 20, 2021) (defendant's attempts to evade service and plaintiff's request for preliminary injunction support decision to allow alternative service by email).

In sum, the factors that supported the Court's decision to grant alternative service on Flynn have only strengthened. Flynn is aware of, and indirectly participating in, this lawsuit; he still uses rflynn48@gmail.com as his primary

---

[3] As part of its Motion for a Preliminary Injunction, which is still pending, the SEC moved for alternative service for precisely the reasons set forth in this paragraph. (Dkt. No. 46 at 2).

7

means of communication; and time is of the essence because, while Flynn continues to defraud investors, he is trying to thwart the SEC's prosecution of its case.

Finally, the fact that the SEC has identified a possible physical address for Flynn does not diminish the need for prompt service by email. Even if Flynn did actually reside there, the process of serving him could take months, while the lease on that address expires in June 2022.[4] Nor is there any requirement that the SEC first attempt physical service. *Vuuzle Media Corp.,* 2021 WL 1739147 at *2 (explaining that "courts can grant Rule 4(f)(3) requests even where a plaintiff does not show that the other means are unduly burdensome or impossible") (citation and quotation omitted). In this situation, the SEC respectfully requests that the Court use its discretion and not require a cumbersome, lengthy, and potentially futile

---

[4] The SEC's understanding is that there is no established method to effect international service in the UAE, as it is not a party to the Hague Convention and it does not currently accept letters rogatory. *See, e.g., Associations Inc. v. Associa Menasa, Inc.,* No. 3:16-cv-3480, 2017 WL 7512936, at *1 (N.D. Tex. June 9, 2017) (noting that the UAE is not a party to the Hague convention and that its rules for service appear to have changed in 2014, and finding that the court "cannot adequately determine" if service was proper under UAE law). Accordingly, effecting service in the UAE may require that the SEC retain counsel in the UAE to advise and assist the SEC in effecting service on the Dubai address that we have. Moreover, there is no guarantee that we would be successful in serving, as it is possible that attempting service through local counsel could take months, allowing Flynn to change locations.

effort to serve Flynn at a foreign physical address. The case against Flynn, who continues to defraud investors, should proceed as briskly as possible.

## CONCLUSION

For the foregoing reasons, and those set forth in the accompanying declaration and exhibits, the SEC respectfully requests that the Court grant the Second Motion in the form of the order submitted with this motion.

Dated: March 24, 2022                Respectfully submitted,

*/s/Daniel J. Maher*
Devon L. Staren
Daniel J. Maher
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-5346 (Staren)
Tel: (202) 551-4737 (Maher)
StarenD@SEC.gov
MaherD@SEC.gov
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2022, I served a copy of the foregoing upon all counsel of record using this Court's ECF system, and upon Defendant Flynn using the email rflynn48@gmail.com.

*/s/ Devon L. Staren*
Counsel for Plaintiff
