## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**CHAMBERS OF
CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE**

**MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862**

## ORDER

Re:   *U.S. Securities and Exchange Commission v. Vuuzle Media Corp., et al.*
      Case No. 2:21-cv-1226-KSH-CLW

Counsel:

This order shall address the unopposed motion of plaintiff U.S. Securities and Exchange Commission (the "SEC") seeking an order under FED. R. CIV. P. 4(f)(3) authorizing service of the summons and amended complaint by alternative means (*i.e.*, email) upon defendant Ronald Shane Flynn ("Flynn"). ECF No. 106. The SEC's motion is **GRANTED**.

As the parties are aware, the Court granted the same relief requested herein in connection with the original complaint in this matter. ECF No. 33. Upon its review of the present record, the Court finds that the factors underlying its prior decision continue to apply with at least equal force.

Alternative service is regularly permitted where "(a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) [plaintiff has] made a good faith effort to locate and serve defendants by traditional means." *Vanderhoef v. China Auto Logistics Inc.*, 2019 U.S. Dist. LEXIS 205798, at *6 (D.N.J. Nov. 26, 2019) (citing *Celgene Corp. v. Blanche Ltd.*, 2017 U.S. Dist. LEXIS 35126, at *6 (D.N.J. Mar. 9, 2017)).

Concerning the first enumerated factor, the SEC identifies a potential physical address for Flynn in the UAE. As previously observed, "to the degree Flynn may live in UAE, international agreement does not bar email service there." ECF No. 33 at 6.

As to the second factor, the SEC has demonstrated that Flynn both is aware of this lawsuit and actively uses the subject email address, citing one communication as recent as November 2021. Vuuzle's discovery responses similarly confirm that the subject email address is Flynn's email. Service via email thus is likely to "apprise [Flynn] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Vanderhoef*, 2019 U.S. Dist. LEXIS 205798, at *6.

Finally, the fact that Flynn has a physical address does not mean the SEC is not acting in good faith to serve him by traditional means. *See, e.g.*, ECF no. 33 at 3 ("SEC is 'not required to make a showing that service through ordinary channels would be futile . . . to be granted permission to effectuate service under Rule 4[(f)](3).'") (quoting *United States Sec. & Exch. Comm'n v. One or More Unknown Traders in Sec. of Fortress Inv. Grp., LLC*, 2018 U.S. Dist. LEXIS 167164, at

1

*18 (D.N.J. Sept. 27, 2018)). This conclusion is bolstered by the SEC's representation that Flynn generally does not maintain a permanent residence for more than one year at a time. The Court also notes that the SEC has presented evidence indicating that bank accounts controlled by Flynn continue to receive funds from investors, rendering time of the essence in serving Flynn with the amended complaint.

For the reasons stated, the SEC's motion for alternative service of the summons and amended complaint (ECF No. 106) is **GRANTED.** Within seven (7) days of this Order, the SEC shall serve the summons and amended complaint upon defendant Ronald Flynn, along with a copy of this Order, by email at rflynn48@gmail.com, whereupon service of the summons and amended complaint shall be deemed complete.

Dated: April 8, 2022

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.