UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## ORDER

Re:   *U.S. Securities and Exchange Commission v. Vuuzle Media Corp., et al.*
      Case No. 2:21-cv-1226-KSH-CLW

Counsel:

This order shall address defendant Vuuzle Media Corp.'s ("Vuuzle") motion for a stay of this matter pending resolution of Vuuzle's appeal of the Court's February 14, 2022 Opinion and March 10, 2022 Order. ECF No. 108. The crux of Vuuzle's argument is that the Court's

> Order relating to the parties' protective order deals with the scope of discovery and the SEC's ability to disclose discovery documents to third-parties. Once disclosed, there is no mechanism that would allow the SEC to claw-back and/or undo the disclosure of sensitive documents to third-parties. In other words, once the cat is out of the bag, there is nothing the parties or the Court can do to unwind the third-party disclosures.

ECF No. 108-1 at 2-3. The SEC objects in large part on the ground that the Court should not permit Vuuzle to delay the prosecution of this case, which already has been drawn out since its inception over one year ago, and throughout which Defendants have continued to engage in the alleged conduct which underlies this matter. *See generally* ECF No. 104. The Court views these as these valid concerns.

The Court will resolve the issue by returning to the above passage from Vuuzle's brief. The Court agrees with these statements, with one significant exception — the disputed portion of the Court's March 10, 2022 Order does *not* concern the scope of discovery. To the contrary, it is limited to the SEC's ability to disclose information to third parties. *See* ECF No. 100 at ¶ 6 (addressing the SEC's "ability to share documents and information outside the agency"); *see also* ECF no. 82 at 7 (FED. R. CIV. P. 26(b)(1), which "governs the scope of information a party may obtain in discovery," irrelevant to SEC's protective order motion).

In view of the foregoing considerations, the Court rules as follows. This case shall not be stayed during the pendency of Vuuzle's appeal. However, any material or information furnished in discovery during this time shall not be disclosed to third parties. The eventual disclosure of such

1

information shall be governed by Judge Hayden's forthcoming ruling on Vuuzle's appeal.

Dated: April 8, 2022

                                                                                                         */s/ Cathy L. Waldor*
                                                                                                         Cathy L. Waldor, U.S.M.J.