UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, *Plaintiff*, vs. VUUZLE MEDIA CORP., RONALD SHANE FLYNN, AND RICHARD MARCHITTO, *Defendants*. | Case No. 2:21-cv-1226-KSH-CLW  Hon. Katherine S. Hayden  Magistrate J. Cathy L. Waldor  **MOTION DAY: April 18, 2022** |

**REPLY BRIEF IN SUPPORT OF VUUZLE MEDIA CORP.'S APPEAL NOTICE OF MAGISTRATE JUDGE'S OPINION AND ORDER TO DISTRICT COURT UNDER L.CIV.R 72.1(c)(1)(A)**

The Securities and Exchange Commission ("SEC") spends much of its Memorandum Of Law In Opposition To Vuuzle Media Corp.'s Appeal Of Magistrate Judge's Opinion And Order ("Response Brief") (Dkt. 103) asserting that Vuuzle cannot establish "good cause" for its proposed restrictions to the protective order setting reasonable boundaries on the SEC's disclosure of Vuuzle's business and proprietary information. Notwithstanding that Vuuzle is proposing the exact or similar reasonable boundaries that have been supported and adopted by other Courts in cases that have properly limited the SEC's ability to share information it obtains in litigation to avoid the "clearly defined and serious injury" that would result from

1

the SEC's unfettered sharing of information in this case, the SEC argues that no "good cause" exists.

The SEC is incorrect, and this Court should impose on the SEC a reasonable requirement of "confidentiality" in terms of disclosure and collateral agency use, and require that the Commission (or the Director of the Division of Enforcement) actually and formally delegate authority to respond to a collateral agency request. Doing so also will ensure accountability to the Court and the parties. As detailed in Vuuzle's Appeal, this issue is critical; and, unfettered disclosure would cause a "serious injury" to Vuuzle's officers, directors and employees, who may choose to invoke their "act of production privilege" under the Fifth Amendment and refuse to state whether they even have documents requested. *United States v. Hubbell*, 530 U.S. 27, 36–37 (2000). For that reason, confidentiality and the handling of discovery is paramount to Vuuzle's ability to participate in the litigation.

Contrary to the SEC's position and not specifically addressed in the SEC's Response, numerous other courts have sided with Vuuzle's position that the SEC must abide by Fed. R. Civ. P 26(b)(1) and should not be permitted to distribute Vuuzle's confidential materials to other authorities simply because the SEC has sued Vuuzle in court. The SEC does not adequately refute this argument in its Response Brief and fails specifically to distinguish the other cases Vuuzle sets forth in the Appeal and that recently have rejected SEC efforts to obtain materially similar

provisions in other proposed protective orders. *SEC v. Pulier*, 2020 WL 553571, at *1, 3 (C.D. Cal. Jan. 30, 2020); *SEC v. Garber,* 2014 WL 407079, at *1 (S.D.N.Y., Jan. 30, 2014); *SEC v. Volkswagen Aktiengesellschaft, et al.,* No. 19-cv-01391-CRB (JSC), Order Re: Protective Order Discovery Dispute, Dkt. No. 69 (N.D. Cal. Sept. 23, 2021). The SEC's refrain that its broad Protective Order language appears in most agreed Protective Orders is unavailing.

The issue here turns on the distinction between information gathered during investigations versus in litigation. Vuuzle does not dispute that the SEC can share information obtained during an investigation with other agencies, as authorized by statutes and regulations. However, Plaintiff's status as a government agency does "not entitle [it] to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action." *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009). Moreover, the SEC fails to address or cite to any case that stands for the proposition that the SEC is exempt from the normal rules and practices of civil discovery; nevertheless, that is the effect of the Court's ruling. Again, as noted in *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1385 (D.C. Cir. 1980) the Court and the SEC discuss only the SEC's use of materials obtained through SEC investigations rather than through civil discovery in litigation that the SEC initiated as relevant to this case.

Vuuzle's fundamental position is that the proscribed uses of discovery in Federal Court litigation under Fed. R. Civ. P. 26(b)(1) applies to the SEC no differently than to other parties. Essentially, the SEC's position is that it enjoys an exemption from Fed. R. Civ. P. 26(b)(1). The limited exception is the clear statutory authority to share information with the Department of Justice, with the onus on the Commission itself to make the determination. This Court should enable Vuuzle, no different than any defendant, to assert its legal rights and protect its interests against the SEC staff's foreseeable impermissible desired uses of civil litigation discovery. Courts routinely enter protective orders to bar the use of disclosed confidential information for non-litigation purposes, including where a federal agency is the Plaintiff. *See, e.g.*, *Sitton v. LVMPD*, No. 17-cv-00111, 2020 WL 5545281, at *2 (D. Nev. Sept. 16, 2020) ("It is well-settled that the Court has the authority to shield proprietary information related to the ongoing operations of a business from public review."); *EEOC v. ABM Indus. Inc.*, 2010 WL 785819, at *6-7 (E.D. Cal. Mar. 4, 2010) (confidential information could be used "only in connection with the instant litigation"). And, that is precisely what Vuuzle is requesting this Court do in this case.

April 11, 2022

Respectfully submitted,

**DICKINSON WRIGHT, PLLC**

/s/ *Melissa A. Alcantara*
Melissa A. Alcantara, Esq.

4

(NJ Attorney ID No. 014002004)
Jacob S. Frenkel, Esq.
Aimee R. Gibbs, Esq.
1825 I Street, Suite 900
Washington, DC 20006
Tel. (202) 466-5953
malcantara@dickinsonwright.com
jfrenkel@dickinsonwright.com
agibbs@dickinsonwright.com
*Attorneys for Vuuzle Media Corp.*

## CERTIFICATE OF SERVICE

I certify that on April 11, 2022, I filed the foregoing Reply Brief in Support of Vuuzle Media Corp.'s Appeal Notice of Magistrate Judge's Opinion and Order to District Court Under L. CIV. R 72.1(c)(1)(A) using this Court's ECF filing system, which caused notice to be issued to all counsel of record.

/s/ *Melissa A. Alcantara*
Melissa A. Alcantara, Esq.
  (NJ Attorney ID No. 014002004)
Jacob S. Frenkel, Esq.
Aimee R. Gibbs, Esq.
1825 I Street, Suite 900
Washington, DC 20006
