<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, *Plaintiff*, v. VUUZLE MEDIA CORP., RONALD SHANE FLYNN, AND RICHARD MARCHITTO, *Defendants*. | Civil No.: 21-cv-1226 (KSH) (CLW) <br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.     Introduction**

This matter comes before the Court on the appeal (D.E. 107) filed by defendant Vuuzle Media Corp. ("Vuuzle") from the opinion and order (D.E. 82, 83) of Magistrate Judge Cathy L. Waldor granting in part and denying in part the U.S. Securities and Exchange Commission's ("SEC") motion for entry of a protective order, which was issued as amended on March 10, 2022 (D.E. 100).[1]  For the reasons set forth below, Judge Waldor's opinion and protective order are affirmed.

**II.    Background**

    **a.  Relevant Factual Background and Procedural History**

In this offering fraud action, the SEC alleges that beginning in September 2016, Vuuzle and its co-defendants engaged in a scheme to defraud investors through the offer and sale of more than $22.8 million of Vuuzle stock. (D.E. 86, Amend. Compl. ¶ 2.)  According to the

---

[1] The protective order was first issued on February 14, 2022 (D.E. 84) but was later amended to include certain undisputed provisions that had been inadvertently omitted. (*See* D.E. 97.)

amended complaint, Vuuzle is "little more than a front for a Philippines-based boiler room" controlled by co-defendant Ronald Shane Flynn, and the recruited funds were secretly diverted to Flynn and co-defendant Richard Marchitto to finance their personal and business interests. (*Id.* ¶¶ 3, 5.)

The SEC sued defendants in this Court on January 27, 2021 alleging violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 15(a)(1) of the Exchange Act of 1934 (the "Exchange Act"). (*See* D.E. 1.) In anticipation of discovery, the parties agreed to the terms of a protective order governing the disclosure of confidential information. They could not reach agreement as to the SEC's right to disclose such information to third parties—in particular, criminal authorities such as the Department of Justice. The SEC moved before Judge Waldor for entry of the protective order (D.E. 41) that contained the following disputed language:

> Notwithstanding any other provisions contained herein, nothing in this Protective Order shall be construed to limit or otherwise abrogate the SEC's ability to make its files available pursuant to the "Routine Uses of Information" section of SEC Forms 1661 or 1662, or to comply with any other statutory or international obligation.

(D.E. 41-9, Initial Proposed Order ¶ 6.) Vuuzle opposed (D.E. 43), arguing that the SEC's proposed language directly contravened Fed. R. Civ. P. 26(1).

Judge Waldor held oral argument and directed the parties to file supplemental briefing on the SEC's right to share information and delegate its authority pursuant to federal statute. (D.E. 68, 69, 72, 73.) The SEC filed an amended proposed protective order with the following changes to Paragraph 6:

> Notwithstanding any other provisions contained herein, nothing in this Protective Order shall be construed to limit or otherwise abrogate the SEC's ability to ~~make its files available pursuant to the "Routine Uses of Information" section of SEC Forms 1661 or 1662~~ **share documents and information outside the agency as**

> **authorized by federal law, including, but not limited to, Securities Act of 1933 Sections 19(d) and 20(b) [15 U.S.C. §§ 77s(d), 77t(b)]; Securities Exchange Act of 1934 Sections 17(b), 21(d), and 24(c) [15 U.S.C. §§ 78q(b), 78u(d), 78x(c)]; Investment Advisers Act of 1940 Section 209(d) [15 U.S.C. §80b-9(d)]; and Investment Company Act of 1940 Section 42(d) [15 U.S.C. §80a-41(d)]**; or to comply with any other statutory or international obligation.

(*See* D.E. 69-2, Amend. Proposed Order ¶ 6.)

Judge Waldor again held oral argument on February 3, 2022 to discuss both the delegation issue and the amended proposed protective order, which resulted in another round of supplemental letter briefing to address the procedure for potential disclosures by the SEC. (D.E. 79, 80, 81.)

### b. Judge Waldor's Opinion and Protective Order

Having received three rounds of briefing and held two oral arguments, Judge Waldor issued a thorough written opinion (D.E. 82, Op.) on February 14, 2022 granting in part and denying in part the SEC's motion for entry of a protective order.[2] She first recognized that federal statutes and their regulations authorize the SEC to share information with third parties. She then rejected Vuuzle's argument that the authority permitting disclosure applies only to information obtained during investigations, and not information acquired during litigation discovery. Analyzing the plain text of both the Securities Act and the Exchange Act in conjunction with relevant case law, Judge Waldor found no indication that either the courts or the SEC had intended to "cabin the statutory grants of authority for the SEC to share information to the investigatory arena," and she declined to include limiting language to that effect in the protective order. (*Id.* at 9.)

---

[2] Judge Waldor also granted the SEC's motion to file an amended complaint. (*See* Op. at 21-34; *see also* D.E. 83.) That ruling has not been appealed.

3

Turning to the issue of delegated authority, Judge Waldor rejected Vuuzle's reliance on the *expressio unius* doctrine to support its position that the SEC's delegation authority is limited to information obtained under its investigative procedures. Instead, she recognized that the Exchange Act and its regulations provide "substantial authority permitting the SEC to delegate the sharing of information." (*Id.* at 13.) Given the "liberal approach toward the sharing of information and the delegation thereof" signaled by the larger statutory and regulatory scheme, Judge Waldor crafted delegation language without Vuuzle's suggested limitations. (*Id.* at 15.)

Finally, Judge Waldor addressed Vuuzle's proposed five-prong framework designed to protect against "the possible downstream release of confidential information transmitted by the SEC," which would require, among other things: (i) the SEC to notify the Court whenever it intends to share confidential information; (ii) defendants being given the opportunity to object to disclosure; and (iii) a representative of the recipient providing a sworn declaration or affidavit indicating that it will keep the information confidential. (*Id.* at 17-18.) Judge Waldor found that Vuuzle's framework was "unwarranted and would impose an unreasonable burden on the SEC (as well as the Court)," but agreed that "good cause [existed] for the protective order to include 'assurances of confidentiality' language" that tracks the language set forth in the Exchange Act and its regulations. (*Id.* at 18, 21.)

Consistent with the findings set forth in her opinion, Judge Waldor issued a protective order providing in pertinent part as follows:

> Notwithstanding any other provisions contained herein, nothing in this Protective Order shall be construed to limit or otherwise abrogate the U.S. Securities and Exchange Commission's (the "SEC") ability to share documents and information outside the agency (i) as authorized by federal law, including but not limited to 15 U.S.C. §§ 77s(d), 77t(b), 78q(b), 78u(d), 78x(c), 80b-9(d), or 80a 41(d); or (ii) to comply with any other statutory or international obligation. The SEC may delegate this function in accordance with, and to the extent permitted by, (i) 15 U.S.C. § 78d–1(a); (ii) 17 C.F.R. § 200.30-4; (iii) 17 C.F.R. § 240.24c-1; or (iv) any other

4

>relevant statutory or regulatory authority. Any disclosure under this provision shall require, as a precondition, that (i) the person; or (ii) a duly authorized agent, employee or representative of the entity receiving such evidence provides such assurances of confidentiality as the SEC deems appropriate.

(D.E. 100, Protective Order ¶ 6.)

Vuuzle now appeals (D.E. 107) from Judge Waldor's opinion and protective order, and the SEC has opposed (D.E. 103).

### III.    Standard of Review

"Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter." *See* L. Civ. R. 72.1(c)(1)(A). When considering such an appeal, the district court must determine whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (district judge to "modify or set aside any part of the order that is clearly erroneous or is contrary to law"); L. Civ. R. 72.1(a)(1), (c)(1)(A) (same). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (quoting *Cardona v. Gen. Motors Corp.*, 942 F.Supp. 968, 971 (D.N.J. 1996)).

A magistrate judge's decision is "clearly erroneous" if the district court is "left with the definite and firm conviction that a mistake has been committed." *Ezeani v. Anderson*, 2022 WL 1002097, at *2 (D.N.J. Apr. 1, 2022) (Martinotti, J.) (quoting *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990)). The decision is "contrary to law" if the magistrate judge "has misinterpreted or misapplied applicable law." *Wag Acquisition, LLC v. Gattyán Grp.*, 2020 WL 5105194, at *2 (D.N.J. Aug. 31, 2020) (McNulty, J.) (citation and internal quotation marks omitted). "While a magistrate judge's decision typically is entitled to deference, 'a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo.'" *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009), *as*

*amended* (July 6, 2009) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

## IV. Discussion

Vuuzle raises four issues with Judge Waldor's opinion and protective order, namely that they: (i) overlook applicable law (D.E. 107-1, Mov. Br. at 7-8); (ii) allow the SEC to circumvent the Federal Rules of Civil Procedure (*id.* at 8-11); (iii) fail to provide specific parameters for the delegation of authority (*id.* at 14-18); and (iv) provide inadequate protection for confidential disclosures to third parties (*id.* at 11-14). The Court will address each purported issue in turn.

### a. Judge Waldor did not overlook applicable law.

Vuuzle first contends that Judge Waldor's order fails to "address" that "other courts have sided with the position Vuuzle asserted" and have "recently rejected the SEC's effort to obtain materially similar provisions in other proposed protective orders." (*Id.* at 7.) Although Vuuzle's appellate briefing references three unpublished, out-of-circuit cases that Judge Waldor allegedly overlooked,[3] the record demonstrates that the cases were brought to Judge Waldor's attention in Vuuzle's initial briefing and were discussed during oral argument. (*See* D.E. 72, 81.) Recognizing Vuuzle's reliance on them, Judge Waldor explicitly cited all three cases in her opinion and explained how the language she crafted was consistent with or distinguishable from the protective order language at issue in those cases. (*See* Op. at 17, n. 9.) Judge Waldor sufficiently and explicitly "addressed" Vuuzle's authority, and its argument to the contrary is not supported by the record.

---

[3] The cases cited in Vuuzle's appellate briefs are *SEC v. Pulier*, 2020 WL 553571 (C.D. Cal. Jan. 30, 2020) (Oliver, M.J.); *SEC v. Garber,* 2014 WL 407079 (S.D.N.Y., Jan. 30, 2014) (Francis, M.J.); and *SEC v. Volkswagen Aktiengesellschaft, et al.,* No. 19-cv-01391-CRB (JSC), Order Re: Protective Order Discovery Dispute, Dkt. No. 69 (N.D. Cal. Sept. 23, 2021) (Corley, J.). (*See* Mov. Br. at 7; *see also* D.E. 120, Reply Br. at 3.)

6

To the extent Vuuzle implies that Judge Waldor misapplied those cases because she failed to distinguish between evidence gathered during investigations (which is subject to disclosure) and information obtained during litigation discovery (which purportedly is not), that argument also fails. (*See* Reply Br. at 3.) As explained in Sections IV(b) and (c) *infra*, Judge Waldor analyzed that distinction at length in her opinion and recognized that Vuuzle's cited cases arguably could provide support for its inclusion in her protective order. She then carefully examined Vuuzle's cases and crafted language that did not run afoul of their holdings. (*See* Op. at 17, n. 9 (recognizing that protective order complied with that in *Pulier* because it does not encompass disclosed confidential material provided in Form 1662, and distinguishing relevant facts in *Garber*, which involved the SEC's vague request to use individual tax returns "to regulate, administer and enforce the federal securities laws," and *Volkswagen Aktiengesellschagt*, which involved the potential disclosure of confidential information to foreign governments).) The Court sees no clear error in Judge Waldor's application of Vuuzle's cited authority, and its appeal on that basis is denied.

    **b. The protective order does not allow the SEC to circumvent the Federal Rules of Civil Procedure.**

Vuuzle next contends that Judge Waldor's opinion and protective order effectively "exempt" the SEC "from the normal rules and practices of civil discovery"; specifically, the "shackles" of Fed. R. Civ. P. 26(b)(1). (Mov. Br. at 8, 10.) The Court agrees with the SEC that this argument is "simply not relevant." (D.E. 103, Opp. Br. at 16.) As Judge Waldor correctly noted in her opinion, Rule 26(b)(1) is irrelevant to the instant dispute because it "governs the scope of information a party may obtain in discovery, not how a party uses it." (Op. at 7.) The SEC has never sought an exemption from Rule 26(b)(1) to obtain non-relevant information during the scope of litigation discovery, and the protective order does not provide for one.

7

Generously construing Vuuzle's arguments, the argument appears to be that the SEC has not demonstrated "good cause" under Rule 26(c) for entry of a protective order that extends to information obtained during litigation discovery—an argument that Judge Waldor analyzed at length and ultimately rejected in her opinion. (*See* Op. at 8-10.) The Court sees no clear error in that rejection. Judge Waldor reviewed both the Exchange Act and the Securities Act and made findings as to their form and substance, first applying the "titles and headings canon" as set forth in *Fulton v. City of Phila.*, 141 S. Ct. 1868, 1928 (2021), and then interpreting their substantive language. Although she found that her "review of the statutory authority . . . refute[d] the notion that the SEC's right to share information is limited to the investigatory arena," she acknowledged that several cases cited by Vuuzle "involved the disclosure of information obtained through SEC investigations," and not litigation discovery. (*Id.* at 8.) She noted those cases did not signal an intent to limit their holdings to investigations, and she likewise declined to do so. While Vuuzle may disagree with Judge Waldor's refusal to "cabin the statutory grants of authority for the SEC to share information to the investigatory arena," the Court finds that her ruling was the product of careful analysis and not clear error. (*Id.* at 9.)

    **c.  The protective order places adequate limitations on delegation.**

Vuuzle next takes issue with the protective order's delegation provision, which provides that "[t]he SEC may delegate this function in accordance with, and to the extent permitted by, (i) 15 U.S.C. § 78d–1(a); (ii) 17 C.F.R. § 200.30-4; (iii) 17 C.F.R. § 240.24c-1; or (iv) any other relevant statutory or regulatory authority." (Protective Order ¶ 6.) Again operating on the faulty assumption that Judge Waldor erred by failing to distinguish between information obtained during an investigation and that discovered in litigation, Vuuzle argues that she should have, at a minimum, "circumscribed who can make the transfer of information decision by requiring a

8

specific delegation of authority from the Director of the Division [of Enforcement]." (Mov. Br. at 16.)

Vuuzle presents no compelling authority requiring such a "specific delegation," and instead claims in a barebones fashion that Judge Waldor's delegation language "impl[ies] a potential for an abuse of discretion." (Mov. Br. 15.) But the language is appropriate in light of the SEC's significant statutory and regulatory authority to delegate the sharing of information. *See U.S. v. Fields*, 592 F.2d 638, 645-46 (2d Cir. 1978) (recognizing that the Commission is "authorized by statute to delegate 'any of its functions' to an employee, among others," and that in its Manual of Administrative Regulations it "has delegated its authority to act to Directors of Divisions and Regional Administrators, and further has empowered these officials to redelegate such authority to designated members of their respective staffs"). The delegation provision in this protective order does not give the SEC unbridled discretion to delegate its functions; instead, it requires that delegation be done "in accordance with, and to the extent permitted by . . . relevant statutory or regulatory authority," both of which impose restrictions on the SEC's ability to delegate. *See, e.g.*, 17 C.F.R. § 200.30-4 (providing for the delegation of certain functions to the Director of the Division of Enforcement "to be performed by him or under his direction by such other person or persons as may be designated from time to time by the Chairman of the Commission"); *see also id.* § 200.30-4(a)(7) (conditioning that authority and providing that "access to nonpublic information . . . shall be provided only with the concurrence of the head of the Commission division or office responsible for such information or the files containing such information").

Accordingly, the Court sees no clear error in the protective order's delegation provision, and instead finds that it strikes an appropriate balance.

### d. The protective order provides adequate confidentiality assurances.

Finally, Vuuzle takes issue with the protective order's provision governing third-party disclosures, which provides that "[a]ny disclosure under this provision shall require, as a precondition, that (i) the person; or (ii) a duly authorized agent, employee or representative of the entity receiving such evidence provides such assurances of confidentiality as the SEC deems appropriate." (Protective Order ¶ 6.) Specifically, Vuuzle claims that Judge Waldor committed clear error by "leaving confidentiality entirely to the discretion of the SEC," and by failing to limit information sharing "to requests from other independent agencies initiated entirely by those agencies" because the protective order as written serves as a "tool for the SEC to shop information to see if it can stoke interest within and among other agencies." (Mov. Br. at 14).

Both arguments lack merit. As to the former, the protective order's discretionary language directly tracks the language of the Exchange Act and Rule 24c-1. *See* 15 U.S.C. § 78x(c) (SEC may transmit records "in its discretion" upon receiving "assurances of confidentiality as the [SEC] deems appropriate"). And the latter similarly ignores the protections against misuse provided by law, including those which prohibit the disclosure or use of information "for personal benefit," 15 U.S.C. § 78x(b), or otherwise provide safeguards for accessing nonpublic information, 17 C.F.R. §§ 200.19b and 200.30-4(a)(7). (*See* Op. at 18-19.) The Court agrees with Judge Waldor that Congress "contemplated the SEC's disclosure of sensitive information and [] set forth rules to address the potential for fallout." (*Id.* at 19.) Vuuzle's additional proposed safeguards are unnecessary and would pose an undue burden on both the SEC and this Court. Their exclusion from the protective order demonstrates sound discretion, not clear error.

## V. Conclusion

For the foregoing reasons, Vuuzle's appeal (D.E. 107) is denied, and Judge Waldor's opinion (D.E. 82) and protective order (D.E. 100) are affirmed. An appropriate order will issue.

Date: April 19, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.