UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br> vs.<br>VUUZLE MEDIA CORP., VUUZLE MEDIA CORP. LIMITED, RONALD SHANE FLYNN, and RICHARD MARCHITTO,<br><br>    *Defendants*,<br> -and-<br>VUMU MUSIC LLC,<br>    *Relief Defendant.* | Civil Action No. 2:21-cv-1226 (KSH) (CLW) |

### SUPPLEMENTAL BRIEF ON PERSONAL JURISDICTION

Daniel J. Maher
Devon Staren
100 F Street, N.E.
Washington, D.C., 20549
(202) 551-5346 (Staren)
starend@sec.gov
(202) 551-4737 (Maher)
maherd@sec.gov
*Counsel for Plaintiff U.S. Securities and Exchange Commission*

Of Counsel:
Drew Isler Grossman
U.S. Securities and Exchange Commission
100 F. Street N.E.
Washington DC 20549

# **TABLE OF CONTENTS**

BACKGROUND ..........................................................................................................................................1
ARGUMENT .............................................................................................................................................1
CONCLUSION ..........................................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340 (S.D.N.Y. 2019) ................................................ 5

*Barrett v. Tri-Coast Pharmacy, Inc.,* 518 F. Supp. 3d 810 (D.N.J. 2021)....................................... 3

*In re Magnetic Audiotape Antitrust Litig.*, 334 F. 3d 204 (2d Cir. 2003)....................................... 4

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F. 3d 161 (2d Cir. 2013) ...................... 5

*Metcalfe v. Renaissance Marine, Inc.*, 566 F. 3d 324 (3d Cir. 2009)............................................. 3

*Pinker v. Roche Holdings, Ltd.,* 292 F. 3d 361 (3d Cir. 2002) ................................................ 1, 2, 4

*SEC v. Ieremenko*, No. 19-505, 2021 WL 9827275 (D.N.J. July 29, 2021).................................. 2

*SEC v. One or More Unknown Traders,* No. 2:17-cv-01287,

   2018 WL 4676043 (D.N.J. Sept. 27, 2018)............................................................................. 2, 4

*SEC v. PlexCorps*, 2018 WL 4299983 (E.D.N.Y. Aug. 9, 2018).................................................... 5

*SEC v. Queri*, No. 08-cv-1367, 2009 WL 186017 (W.D. Pa. Jan. 26, 2009) ................................ 3

*SEC v. Straub*, No. 11-cv-9645, 2016 WL 5793398 (S.D.N.Y. Sept. 30, 2016)............................ 6

*Vanguard Energy Partners LLC v. The Hanover Ins. Co.*, No. 18-cv-13124 (D.N.J.) .................. 3

*World-Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980) ......................................................... 5

**Statutes**

15 U.S.C. § 77................................................................................................................................ 2

15 U.S.C. § 77v(a) ......................................................................................................................... 3

15 U.S.C. § 78................................................................................................................................ 2

15 U.S.C. § 78aa ........................................................................................................................ 2, 3

28 U.S.C. § 1332(a) ....................................................................................................................... 3

In response to the Court's June 2, 2023 Order (ECF No. 152) concerning the SEC's Motion for Default Judgment (ECF No. 144), Plaintiff U.S. Securities and Exchange Commission ("SEC") submits this supplemental brief addressing the issue of the Court's personal jurisdiction over Defendants Ronald Shane Flynn, Vuuzle Media Corp. ("Vuuzle U.S."), Vuuzle Media Corp. Limited ("Vuuzle UAE"), and and Relief Defendant Vumu Music LLC ("Vumu").

## BACKGROUND

The SEC filed an Amended Complaint in this action on February 17, 2022. (ECF No. 86). As described in its Motion for Default Judgment, the SEC properly served each Defendant and Relief Defendant Vumu Music LLC. (ECF No. 144 at 1-2). Only Vuuzle U.S. filed an answer, and the clerk entered a default against the other three Defendants on May 19, 2022. Further, because Vuuzle U.S. did not meet a Court-required deadline to retain counsel, the Court permitted the SEC to file a motion for default against it as well. (*Id*. at 2).

On June 2, 2023, the Court ordered the SEC to file a supplemental brief addressing its personal jurisdiction over the Defendants and Vumu. (ECF No. 152). The Court noted that the SEC did not explicitly address personal jurisdiction in its motion for default. The Court explained that before the Court may enter default, the SEC must establish personal jurisdiction.

## ARGUMENT

To satisfy personal jurisdiction, a defendant must have "constitutionally sufficient minimum contacts with the forum." *Pinker v. Roche Holdings, Ltd.,* 292 F. 3d 361, 369 (3d Cir. 2002) (citations and quotations omitted). The issue is whether a defendant has "availed himself of the privileges of American law and the extent to which he could reasonably anticipate being involved in litigation in the United States." *Id*. at 370. A defendant that takes action "purposefully

directed" toward the forum has "availed itself" of the forum's laws. *Id*. Subjecting the defendant to a court's jurisdiction must also "comport[] with traditional notions of fair play and substantial justice." *Id*. The inquiry there focuses on the "plaintiff's interest in obtaining convenient and effective relief," as well as "the national interest in furthering the policies of the law(s) under which the plaintiff is suing," among other factors. *Id*. at 370-71.

Critically, where a "plaintiff's claim is based on a federal statute authorizing nationwide service of process," as the SEC's claims are here, the "relevant forum for analyzing the extent of the defendant's contacts is the United States as a whole." *Id*. In other words, where "Congress has spoken by authorizing nationwide service of process, . . . as it has in the Securities Act, the jurisdiction of a federal court need not be confined by the defendant's contacts with the state in which the federal court sits." *Id*. The Third Circuit has thus made clear that, consistent with opinions in "several of our sister courts of appeals," a federal court's personal jurisdiction "may be assessed on the basis of the defendant's *national* contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process." *Id*. (emphasis added).

The statutory basis for the SEC's claims makes this a "national contacts" case. The SEC's claims in this action arise from the Securities Act, 15 U.S.C. § 77, and the Exchange Act, 15 U.S.C. § 78. The Third Circuit has already explicitly held that the Securities Act provides for nationwide service of process. *Pinker*, 292 F. 3d at 369. The Exchange Act also explicitly provides for nationwide service of process. 15 U.S.C. § 78aa. Accordingly, courts in the Third Circuit to consider the issue since *Pinker* have found that, in SEC actions, the court's jurisdiction is assessed based on national contacts. *See, e.g., SEC v. Ieremenko*, No. 19-505, 2021 WL 9827275, at *2 n. 4 (D.N.J. July 29, 2021); *SEC v. One or More Unknown Traders,* No. 2:17-cv-01287, 2018 WL 4676043, at **4, 6 (D.N.J. Sept. 27, 2018); *SEC v. Queri*, No. 08-cv-1367, 2009 WL 186017, at

2

*5-6 (W.D. Pa. Jan. 26, 2009). With regard to personal jurisdiction, then, the issue is whether Flynn, Vuuzle U.S., Vuuzle UAE, and Vumu purposefully directed their activity towards the United States.

Respectfully, the cases cited by the Court in its Order do not govern whether the Court has personal jurisdiction over Defendants and Vumu. In *Metcalfe v. Renaissance Marine, Inc.*, 566 F. 3d 324, 330 (3d Cir. 2009), the Third Circuit addressed personal jurisdiction for a "district court sitting in diversity." In that situation, as explained in *Barrett v. Tri-Coast Pharmacy, Inc.,* 518 F. Supp. 3d 810, 820-21 (D.N.J. 2021), another diversity case, the issue is whether a defendant has sufficient contacts with the forum *state* – New Jersey. The plaintiff in *Vanguard Energy Partners LLC v. The Hanover Ins. Co.*, No. 18-cv-13124 (D.N.J.) (ECF No. 1), also brought its claim under 28 U.S.C. § 1332(a), the diversity statute, which is why the Court's opinion focuses on the fact that the defaulting defendant lives in Michigan, not New Jersey. *Vanguard Energy*, 2021 WL 767608 at *2.

This is not a diversity case. It was brought pursuant to federal statutes that, as explained above, provide for nationwide service of process and empowers the SEC to bring its claim in any federal court. 15 U.S.C. §§ 77v(a), 78aa.1 The Court's personal jurisdiction therefore depends on whether the SEC has alleged that Flynn, Vuuzle U.S., Vuuzle UAE, and Vumu have sufficient contacts with the United States.

The clearly do. As an initial matter, Vuuzle U.S. and Vumu are domestic entities (Amended Complaint, ECF No. 86, ("AC") at ¶¶ 17-19, 23), and have, therefore, availed

---

1 Venue under those provisions is equally broad, extending to a federal court in any jurisdiction where a defendant is found, resides or conducts business, or where any act or violation constituting the transaction occurred. 15 U.S.C. §§ 77v(a), 78aa.

themselves of United States laws.2  The SEC has also alleged the following facts:

- The majority of Defendants' investor victims "are located throughout the United States, including in New Jersey," (AC ¶¶ 2, 53, 65), and, unsurprisingly, Flynn ensures that agents who communicate with investors have mastered English (AC ¶ 46);

- Flynn controlled Vuuzle U.S., which has used offices, employees, and bank accounts in New York and other United States locations to perpetrate this fraud, and has made numerous misrepresentations in furtherance of the fraud, (AC ¶¶ 25-38, 53-61, 69-72, 85-98, 113-121);

- Because most of their vicitms are in the United States, Defendants have established multiple United States-based bank accounts and corporate entities to receive United States investor funds and to deceive and lull those investors by creating the false impression that Defendants have a significant United States presence, (AC ¶¶ 4, 18, 22, 23, 53-61, 64);

- Defendants have filed documents with the SEC concerning certain of their securities offerings (AC ¶¶ 122-123).

This misconduct clearly establishes personal jurisdiction.  Defendants have purposefully directed most of their misrepresentations and deceptive conduct towards United States investors. *See, e.g., Pinker*, 292 F. 3d at 371 ("personal jurisdiction [is] appropriate where a foreign corporation has directly solicited investments from the American market"); *In re Magnetic Audiotape Antitrust Litig.*, 334 F. 3d 204, 208 (2d Cir. 2003) (citing Supreme Court authority that

---

2    As domestic entities, Vuuzle U.S. and Vumu had continuous contacts with the forum state, or a form of personal jurisdiction sometimes referred to as "general jurisdiction."  *One or More Unknown Traders*, 2018 WL 4670643 at *4.

a "court may exercise personal jurisdiction over a defendant consistent with due process when [the] defendant is a primary participant in intentional wrongdoing – albeit extraterritorially – expressly directed at forum"); *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 350 (S.D.N.Y. 2019) (holding that the court had personal jurisdiction over co-founders of a digital asset company when they "targeted the U.S. market in an effort to promote the sale of ATB coints, the very unregistered security at issue").

Defendants also availed themselves of United States laws by forming domestic corporations and by using bank accounts located in the United States to receive and divert investor funds. *See, e.g., Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F. 3d 161, 172 n. 7 (2d Cir. 2013) (citing authority from other circuits supporting the argument that use of forum banking system in connection with alleged wrongs constitutes purposeful availment); *SEC v. PlexCorps*, 2018 WL 4299983, at *10, 19 (E.D.N.Y. Aug. 9, 2018) (ruling that the court had personal jurisdiction where a defendant "utiliz[ed] United States-based payment services, and market[ed] their products to United States consumers via the Internet"). They used those same entities and accounts to create the false impression among United States investors that Defendants had substantial domestic operations.  In sum, the Amended Complaint largely describes a lucrative fraud specifically intended to victimize United States investors, from whom they took millions of dollars.  The Defendants therefore had more than sufficient contact with the United States.

Moreover, it is entirely fair and just for the Court to exercise personal jurisdiction over the Defendants.  Having intentionally targeted United States investors and repeatedly availed themselves of United States corporate and banking laws, Defendants cannot be surprised to be subject to an action brought in the United States by the SEC, based on this country's securities laws. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980) ("When a corporation

purposefully avails itself of the privilege of conducting activities within the forum State, it has clear notice that it is subject to suit there[.]"). Further, the United States has a strong national interest in protecting its investors and enforcing its securities laws. *SEC v. Straub*, No. 11-cv-9645, 2016 WL 5793398, at *10 (S.D.N.Y. Sept. 30, 2016).

## CONCLUSION

For the foregoing reasons, the Court should find that the SEC has sufficiently demonstrated personal jurisdiction over the Defendants, and should grant the SEC's Motion for Default Judgment.

June 9, 2023

        /s/ Daniel J. Maher
Daniel J. Maher
Devon Staren
100 F Street, N.E.
Washington, D.C., 20549
(202) 551-5346 (Staren)
starend@sec.gov
(202) 551-4737 (Maher)
maherd@sec.gov
*Counsel for Plaintiff U.S. Securities and Exchange Commission*

Of Counsel:
Drew Isler Grossman
U.S. Securities and Exchange Commission
100 F. Street N.E.
Washington DC 20549

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I served a copy of the foregoing using this Court's ECF system, upon Defendant Ronald Shane Flynn and the entities he controls, Defendant Vuuzle Media Corp. Limited and Relief Defendant Vumu Music LLC, by email at rflynn48@gmail.com and rflynn57@protonmail.com, upon Defendant Vuuzle Media Corp. by email at johnrobertlamb@protonmail.com, and upon Defendant Richard Marchitto at his address, 77 Fallen Timbers Trail, Rockaway, NJ 07866.

                                                                        */s/ Daniel J. Maher*
                                                                         Counsel for Plaintiff