UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>    *Plaintiff*,<br><br>v.<br><br>VUUZLE MEDIA CORP., VUUZLE MEDIA CORP. LIMITED, RONALD SHANE FLYNN, AND RICHARD MARCHITTO,<br><br>    *Defendants,*<br><br>and<br><br>VUMU MUSIC LLC,<br><br>    *Relief Defendant.* | Civil No.: 21-cv-1226 (KSH) (CLW)<br><br><u>**ORDER AND JUDGMENT**</u> |

**THIS MATTER** having come before the Court on the motion (D.E. 144) filed by the United States Securities and Exchange Commission (the "SEC" or "Commission") for entry of default against defendant Vuuzle Media Corp. ("Vuuzle US") and for default judgment against defendants Vuuzle US, Vuuzle Media Corp. Limited ("Vuuzle UAE"), Ronald Shane Flynn, and Richard Marchitto, as well as relief defendant Vumu Music LLC ("Vumu" and collectively, "defendants"); and the Court having considered the submissions filed by the SEC (D.E. 144, 150, 153) and Marchitto (D.E. 145, 147, 149, 151, 154); and for the reasons set forth in the opinion filed herewith,

**IT IS** on this 22nd day of June, 2023,

**ORDERED** that the motion (D.E. 144) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The SEC's motion for entry of default against Vuuzle US is **GRANTED,** and the Clerk is directed to enter default against it;

1

- The SEC's motion for entry of default judgment against all defendants is **GRANTED**; and

- The SEC's request for injunctive relief and damages is **GRANTED** except as to its request for a third-tier civil penalty against Marchitto, which is **DENIED**.

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Flynn, Vuuzle US, Vuuzle UAE, and Marchitto are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the above defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the above defendants, or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Flynn, Vuuzle US, Vuuzle UAE, and Marchitto are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the above defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the above defendants, or with anyone described in (a).

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Vuuzle US, Vuuzle UAE, and Flynn are permanently restrained and enjoined from violating Section 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means

3

or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) the above defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the above defendants, or with anyone described in (a).

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Flynn is permanently restrained and enjoined from violating Exchange Act Section 15(a) [15 U.S.C. § 78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission as a broker or dealer or associated with a broker or dealer registered with the Commission.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Flynn's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Flynn or with anyone described in (a).

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Marchitto is permanently restrained and enjoined from aiding and abetting any violation of Securities Act Section 5 [15 U.S.C. § 77e] by knowingly or recklessly providing substantial assistance to any one that uses of the mails or any means or instrumentality of interstate commerce to:

(a) unless a registration statement is in effect as to a security, sell such security through the use or medium of any prospectus or otherwise; or

(c) offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Marchitto's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Marchitto or with anyone described in (a).

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants are liable for disgorgement of their ill-gotten gains resulting from the conduct alleged

in the amended complaint and supported by the additional evidence that the SEC has submitted in support of its motion. Defendants are also liable for pre-judgment interest on the disgorgement:

   a. Flynn, Vuuzle US, and Vuuzle UAE, are jointly and severally liable for disgorgement of $25,807,490.73 and pre-judgment interest of $720,354.08;

   b. Vumu is jointly and severally liable with Flynn, Vuuzle US, and Vuuzle UAE for up to $2,619,655 of that disgorgment figure; and

   c. Marchitto is liable for disgorgement of $464,819 and pre-judgment interest of $12,974.31.

The Court further imposes civil penalties in the following amounts pursuant to Section 20(d) of the Securities [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]:

   a. Flynn is liable for a third-tier monetary penalty of $25,807,490.73;

   b. Marchitto is liable for a first-tier monetary penalty of $31,080;

   c. Vuuzle US is liable for a third-tier monetary penalty of $1,035,909; and

   d. Vuuzle UAE is liable for a third-tier monetary penalty of $1,035,909.

Defendants shall satisfy their obligation by paying the amounts owed to the SEC within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

   Enterprise Services Center
   Accounts Receivable Branch

>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; defendants' name as a defendant or relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendants.

The SEC shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The SEC may enforce the Court's judgment for disgorgement and pre-judgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendants shall pay post-judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.